1  KARIN M. COGBILL, Bar No. 244606
   kcogbill@littler.com
2  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
3  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
5  Fax No.:       415.399.8490

6  Attorneys for Defendant
   PPG INDUSTRIES, INC.

7

8  LAURA L. HO, Bar No. 173179
   lho@gbdhlegal.com
9  BYRON GOLDESTEIN, Bar No. 289306
   brgoldstein@gbdhlegal.com
10 WILLIAM JHAVERI-WEEKS, Bar No. 289984
   wjhaveriweeks@gbdhlegal.com
11 GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
12 Oakland, CA 94612
   Telephone:    (510) 763-9800
13 Fax No.:       (510) 835-1417

14 Attorneys for Plaintiffs and the Putative Class

15                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
16

17 | HECTOR GARCIA, ROBERT CAHIGAL, | Case No.  3:15-cv-00319-WHO
   | BRIAN HOLLIDAY AND TINA |
18 | DIEMER, on behalf of themselves and all | ASSIGNED FOR ALL PURPOSES TO
   | others similarly situated, | JUDGE WILLIAM H. ORRICK

19 | Plaintiffs, | **JOINT CASE MANAGEMENT
   | | STATEMENT**
20 | v. |
   | | Requested Date: April 14, 2015
21 | PPG INDUSTRIES, INC., | Time: 2:00 pm
   | | Courtroom: 2
22 | Defendant. |
   | | Complaint Filed: January 22, 2015
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:132706033.1 034801.2090                    Case No. 3:15-cv-00319-WHO

JOINT CASE MANAGEMENT STATEMENT

In accordance with Civil Local Rule ("L.R.") 16-9, the parties to the above-captioned action jointly submit this Case Management Statement addressing the topics in the July 2011 standing order for all judges of the Northern District of California. Except as otherwise stated herein, the parties are in agreement as to the provisions of this Order. Unless otherwise indicated, all time frames referenced herein refer to calendar days.

**JURISDICTION AND SERVICE**

1. <u>Jurisdiction and Service:</u> The Court has subject matter jurisdiction over Plaintiffs' claims in this action pursuant to the Fair Labor Standard Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and the Class Action Fairness Act, 28 U.S.C. §1332(d). Plaintiffs are aware of no issues regarding personal jurisdiction or venue. All parties have been served. Defendant's deadline to file its Answer is April 7, 2015.

**DESCRIPTION OF THE CASE**

2. <u>Facts:</u>

Plaintiffs are hourly, non-exempt employees of the Defendant and bring this action on behalf of themselves, and as a putative class and collective action, as well as a representative action. Plaintiffs allege that PPG Territory Managers were not paid all overtime wages because non-discretionary bonuses were not included in their regular rate of pay calculation for overtime. Plaintiffs allege that PPG did pay all wages due to terminated Territory Managers. Plaintiffs allege that it was necessary and reasonable for Territory Managers to use their home internet to fulfill their job duties, and that Defendant did not reimburse a reasonable percentage of their internet expenses. Plaintiffs allege that Defendant failed to furnish Plaintiffs and all non-exempt hourly employees of PPG in California with itemized wage statements that accurately showed gross wages earned, the employer's address, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

Defendant contends that Plaintiffs were properly compensated for all hours worked and that it paid all Territory Managers, including Plaintiffs, all sums of money to which they were entitled. More specifically, Defendant contends Plaintiffs were properly paid all overtime premiums

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:132706033.1 034801.2090

JOINT CASE MANAGEMENT STATEMENT

including the proper calculation of the regular rate of pay and overtime premium pay for non-discretionary bonuses. PPG further asserts that all of its actions with respect to the compensation of TMs have been made in good faith and in the absence of ill-will or reckless indifference to Plaintiffs' rights. Defendant contends that it was not necessary for Home Depot Territory Managers to use their personal home internet to fulfill their job duties. In addition, Defendant contends that its California wage statements are in compliance with the law.

The primary factual issues in dispute are whether PPG properly compensated Territory Managers in the calculation of the regular rate for purposes of calculating overtime compensation; whether it was necessary for Home Depot Territory Managers to use their personal home internet to fulfill their job duties; whether PPG paid all wages due to terminated Territory Managers; and whether Defendant's California Wage Statement is in compliance with the law.

3. <u>Legal Issues:</u> The principal legal issues are:

a. Whether PPG properly compensated Territory Managers in the calculation of the regular rate for purposes of calculating overtime compensation;

b. Whether a reasonable percentage of internet expenses incurred by some Home Depot Territory Managers is recoverable by Plaintiffs;

c. Whether PPG's California Wage Statement is in compliance with the law;

d. Whether or not PPG's compensation of Territory Managers willfully violated the FLSA or California law;

c. Whether the class alleged by Plaintiffs should be certified pursuant to Rule 23 and/or under section 216(b) of the Fair Labor Standards Act (conditionally or otherwise);

d. Whether Defendant violated the California Labor Code or Wage Orders; and

e. Whether Defendant's alleged violations of the California Labor Code or Wage Orders, if any, entitle Plaintiffs to recover penalties as "aggrieved employees" under the California Private Attorney General Act ("PAGA").

**ALTERNATIVE DISPUTE RESOLUTION**

4. The parties agree that mediation will be the preferred ADR process for this matter and have decided that Mark Rudy will serve as mediator. The Parties have scheduled mediation with

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:132706033.1 034801.2090

1    Mr. Rudy at his San Francisco office on July 16, 2015.

2    **PRIOR, PENDING AND ANTICIPATED MOTIONS**

3        5.    <u>Anticipated Motions:</u> Plaintiffs intend to file a Motion for Conditional Certification

4    pursuant to 29 U.S.C. § 216(b), as well as a motion to certify the California class under Rule 23(a)

5    and (b)(3).   Defendant intends to oppose such motions.   Defendant may move for summary

6    judgment or summary adjudication of issues.

7        6.    <u>Proposal for When a Motion for Class Certification Will Be Filed:</u> For all putative

8    collective action members, as described in Paragraph 32 of the Complaint, the parties agree that the

9    statute of limitations for FLSA claims is tolled from today until June 1, 2015. Prior to June 1st, the

10   parties will meet and confer regarding whether the tolling period will be extended beyond June 1,

11   2015. Plaintiffs shall file the Motion for Conditional Certification and Court-Facilitated Notice after

12   the tolling period expires.

13       The deadline for joining additional parties shall be dependent on the Court's ruling on

14   Plaintiffs' Motion for Conditional Certification and Court-Facilitated Notice.   If the Court grants

15   Plaintiffs' Motion, the deadline for joining additional parties shall be the deadline established by the

16   Court for filing written consents to join this action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

17   Plaintiffs request a 60-day opt-in period.  If the Court denies Plaintiffs' motion, then the deadline for

18   joining additional parties shall be 15 days after the Court's denial of Plaintiffs' Motion.

19       Plaintiffs propose that the parties should retain the right to seek leave to join additional

20   parties in the event that facts currently unknown but later learned in discovery reveal that joinder is

21   necessary or appropriate.  PPG does not oppose Plaintiffs' proposal.

22       Plaintiffs anticipate filing a Rule 23 motion for class certification approximately nine months

23   after the decision on the motion for conditional certification, allowing time for written discovery as

24   well as depositions.

25   **AMENDMENT OF PLEADINGS**

26       7.    Plaintiffs filed the Complaint on January 22, 2015. Plaintiffs do not intend to file

27   additional amendment of pleadings at this stage. Plaintiffs propose that the parties should retain the

28   right to seek leave to amend the pleadings pursuant to Fed.R.Civ.P. 15 in the event that facts

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:132706033.1 034801.2090                                    3.

currently unknown but later learned in discovery reveal that amendment is necessary or appropriate. PPG does not oppose Plaintiffs' proposal.

**DISCOVERY AND PRE-TRIAL DISCLOSURES**

The parties agree to the following plan and schedule for discovery and pre-trial disclosures:

8.      Evidence Preservation:

Defendant warrants that it has taken necessary steps to preserve all documents and other electronically-stored evidence in its possession relevant to the issues reasonably evident in this action, including the distribution of a litigation hold notice.

9.      Subjects on which fact discovery may be needed: The parties anticipate engaging in discovery on all matters relevant to the claims and defenses asserted in this action.

10.     Set forth suggested dates for the following:

a.      Initial Disclosures: The parties agree to extend the current deadline to file their initial disclosures set forth in the Court's scheduling order to April 30, 2015. As of this date, neither party has produced any documents in this matter.

b.      Discovery: The Parties agree that discovery period for fact discovery shall begin upon the entry of this Order. The parties agree that this Court should not establish a deadline for the completion of discovery until after Plaintiffs' Motion for Class Certification has been disposed of by the Court. The exact length of time necessary for discovery can be more accurately determined once the scope of this action is known. The parties agree that this Court should convene a scheduling conference at the appropriate time after the disposition of Plaintiffs' Motion for Class Certification in order to set deadlines for the completion of discovery and motions practice. The parties anticipate discovery in the form of written interrogatories, requests for admission, requests for production and depositions, including Rule 30(b)(6) depositions and depositions of representative plaintiffs.

c.      Other Deadlines: The parties request a Status Conference following the Court's ruling on Plaintiffs' Motion for Conditional Certification.  At the time, the parties will be prepared to discuss deadlines relating to Plaintiffs' Motion for Class Certification.  After a decision on that motion, the parties expect to have another Status Conference, at which time deadlines related to experts, motions for summary judgment, pretrial submissions as required in the Fed.R.Civ. P. 26(f)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1     Report of the Parties and the case management statement would be set.

2          11.    <u>Discovery Limitations:</u> The parties agree that the reasonable limits of discovery

3 cannot be fully assessed until after the Court decides Plaintiffs' motion for conditional certification

4 (and, if such motion is granted, until after the close of the "opt in" period) and Plaintiffs' motion for

5 class certification.

6          12.    <u>Electronically Stored Information:</u> The parties have discussed and will continue to

7 discuss the matters set forth in the Local Rule 26.2, pertaining to "Discovery of Electronically Stored

8 Information."   The parties have considered the need for special orders of court dealing with

9 electronic discovery and do not believe that such special orders are needed at this time.

10          a.      ESI. Both parties will seek the discovery of ESI in this case.

11          b.      Metadata. Both parties will identify the fields of metadata they expect to receive and

12 produce for various forms of ESI as discovery in the case progresses, and they will work together in

13 good faith to resolve disputes regarding fields of metadata that will be produced.   If the parties

14 cannot agree, they will submit the dispute to the Court for resolution.

15          c.      Format. The parties have initially agreed to produce ESI by producing standard TIFF

16 images along with a load file containing metadata properties to be agreed upon.   Native files, along

17 with all corresponding metadata, should be preserved. If either party can identify specific records for

18 which production in native form is necessary (e.g., an Excel spreadsheet for which formulas

19 embedded in cells, or an PowerPoint presentations (ppt, pptx files) are relevant), the parties will

20 work together in good faith regarding the production of the native version of these limited files.   If

21 such a production is made, the parties will also work together in good faith to agree upon a method

22 for using such native files at depositions, hearings, or at trial to deal with the shortcomings of such a

23 method of production (e.g., lack of bates stamps and confidentiality designations on each page of the

24 record).   Due to the challenges involved in producing and using native documents, the production of

25 records in native format should be limited to the limited number of documents for which a party can

26 articulate a reasonable and particularized need to obtain the documents in their native format.

27          d.      Clawback Agreement.   The parties are currently negotiating the terms of an

28 appropriate Clawback Agreement to address Inadvertent Production issues.   If the parties reach

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1  agreement on the scope of such a stipulated order in advance of the Rule 16 Conference, they will

2  jointly submit a copy of the proposed stipulated order for this Court's review.

3      e.    Search Terms.  The parties have initially agreed to explore the use of a variety of

4  methods to reduce the volume of ESI from both parties that must be reviewed in this case, including

5  filtering based upon search terms, date ranges, document types, and other filtering or culling

6  techniques. The exact filtering methods and parameters will vary depending upon the types of ESI

7  involved and the sources from which they are collected. The parties have also discussed the possible

8  use of sampling techniques to test the adequacy of filtering methods and parameters if the volume of

9  ESI at issue in the case is significant.  If these methods are used, the parties may require additional

10  time for discovery to conduct the sampling exercises and revised the search methods and parameters.

11      Due to the expected volume of ESI, neither party expects the other to be able to produce ESI

12  within the standard 30 days provided for in Fed.R.Civ.P. 33 and 34.  The deadlines for producing

13  responsive ESI will be negotiated by the parties after they understand the volumes of ESI to be

14  collected and reviewed from their respective clients. The parties will confer and agree upon dates

15  once an agreement for the collection and processing of ESI has been reached.

16      If, as the case progresses, the parties cannot agree on the use of a particular filtering or

17  searching methods or parameters or a timeline for production of ESI, they will involve the Court to

18  resolve the matter.

19      If the Court grants Plaintiffs' motion for conditional certification, it is possible that other

20  individuals will join this action as party plaintiffs, which will invariably impact the identification,

21  collection and production of potentially relevant ESI.

22      f.    Accessibility.  Defendant is investigating whether any specific sources of ESI are not

23  reasonably accessible, but the parties have not reached agreement on this point.  If, as the case

24  progresses, the parties cannot agree on the sources that will be deemed not reasonably accessible,

25  they will involve the Court to resolve the matter.

26      13.    Privilege Issues and Future Discovery Disputes.

27      Defendant shall submit to Plaintiffs in electronic form a privileged log for any documents

28  redacted or withheld at the time of the document production. Within 15 business days thereafter,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Firmwide:132706033.1 034801.2090                    6.

JOINT CASE MANAGEMENT STATEMENT

1  Plaintiffs shall submit to Defendant in electronic form a list of the documents produced by
2  Defendant as to which a claim of privilege is in dispute, including an indication of the basis of the
3  challenge. Within 10 business days, PPG shall respond to each of Plaintiffs' challenges and provide
4  in electronic form a revised version of the list provided by Plaintiffs with an indication as whether
5  each challenged document is being produced or withheld. All documents as to which the privilege
6  claim is being withdrawn shall be produced to Plaintiffs along with the responsive list. To the extent
7  that the Defendant's response does not satisfy Plaintiffs' challenges, Plaintiffs may seek additional
8  relief from the Court, including a request for the appointment of a Magistrate. Should the resolution
9  of these issues impact any Plaintiffs' ability to complete deposition discovery, the Court will
10 entertain a motion to extend the deadlines contained in this Order.  In the event Plaintiffs withhold
11 privileged documents, they must also submit a privilege log to Defendant pursuant to the
12 requirements of this paragraph.

13      All other discovery disputes arising in the course of this action will be submitted pursuant to
14 this Court's standing order.

15      14.  <u>Confidential Information:</u> Discovery and production of confidential information shall
16 be governed by the standard Protective Order in the Northern District of California, except that
17 Defendant shall draft a claw-back provision to include within the Order.

18      15.  <u>Service of Pleadings and Discovery on Other Parties.</u>

19      a. The parties designate the following individual(s) to receive service of all pleadings,
20 discovery requests and delivery of all correspondence in this matter (including a principal designate,
21 noted with an asterisk ("*")) below:

22      i.  For Plaintiffs:

| Laura L. Ho, Esq.* | lho@gbdhlegal.com | (510) 763-6800 |
| William Jhaveri-Weeks | wjhaveriweeks@gbdhlegal.com | (510) 763-9800 |
| Byron Goldstein, Esq. | brgoldstein@gbdhlegal.com | (510) 763-9800 |
| Bruce C. Fox, Esq.* | Bruce.fox@obermayer.com | (412) 288-2462 |
| Andrew Horowitz, Esq. | Andrew.horowitz@obermayer.com | (412) 288-2461 |

      ii.  For Defendant PPG:

| Karin M. Cogbill, Esq.* | kcogbill@littler.com | (408) 795-3490 |
| Robert W. Pritchard, Esq.* | rpritchard@littler.com | (412) 201-7628 |
| Christopher Michalski, Esq. | cmichalski@littler.com | (412) 201-7634 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Sophia Behnia, Esq.    sbehnia@littler.com    (415) 288-6663

b.    Plaintiffs and Defendant shall serve all pleadings and discovery requests, including Rule 45 subpoenas for documents, and shall deliver all correspondence on the other parties' by email. Plaintiffs and Defendant shall serve all pleadings in accordance with the Northern District of California's rules for Electronic Case Filing.

**RELATED CASE**

16.    This case is related to *Talamantes et. al. v. PPG Industries, Inc.*, Civil Action No.3:13-cv-04062. *See* Related Case Order, Dkt. No. 7.

**RELIEF SOUGHT/DAMAGE**

17.    <u>Relief Sought, Including How Damages Will be Calculated:</u>

Plaintiffs seek declaratory relief, monetary relief, injunctive relief, civil penalties, attorney's fees and costs.  Under the FLSA and/or California law, Plaintiffs seek unpaid overtime wages and liquidated damages, which will be calculated by adding non-discretionary bonuses to Plaintiffs' regular rate calculation and then calculating the correct overtime rate.  Also under the FLSA and California law, Plaintiffs seek interest, and attorneys' fees and costs.

California Plaintiffs seek waiting time penalties for Defendant's failure to pay all wages due to terminated Territory Managers.  For each day that the Defendant failed to pay wages due, the Defendant owes one day's compensation at the Plaintiffs' regular rate of pay for up to thirty days.  California Plaintiffs seek a reimbursement for necessary business expenses, which will be calculated as a reasonable percentage of Plaintiffs' internet expenses.

California Plaintiffs seek damages and/or penalties for Defendant's willful failure to furnish accurate itemized wage statements.  California Plaintiffs seek the greater of actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4,000.

California Plaintiffs also seek PAGA penalties, restitution under the California Unfair competition law, and attorney's fees and costs.  It is premature to estimate the total damages owed to the members of the putative collective action and class action because the number of Plaintiffs has

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1    not yet been determined.

2    **CONSENT TO MAGISTRATE JUDGE**

3        18.    The parties do not consent to a magistrate judge for all purposes, or for trial, at this

4    time.

5    **OTHER REFERENCES**

6        19.    The parties do not believe this case is suitable for referral to binding arbitration, a

7    special master, or the Judicial Panel on Multidistrict Litigation.

8    **TRIAL SCHEDULE**

9        20.    <u>Expedited Trial Procedure:</u> The parties do not believe that this case is appropriate for

10    the Expedited Trial Procedure of General Order No. 64.

11        21.    <u>Trial:</u> Plaintiffs anticipate that a jury trial of all of the claims in this case would last

12    for one week.

13    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

14        22.    Plaintiffs are unaware of any persons necessary to disclose at this time.

15    Dated: April 3, 2015

16

17                                      <u>*/s/ Sophia Behnia*</u>
                                        KARIN COGBILL

18                                        SOPHIA BEHNIA
                                       LITTLER MENDELSON, P.C.

19                                        Attorneys for Defendant
                                       PPG INDUSTRIES, INC.

20    Dated: April 3, 2015

21

22                                      <u>*/s/ Byron Goldstein*</u>
                                       LAURA L. HO

23                                        WILLIAM JHAVERI-WEEKS
                                       BYRON GOLDSTEIN

24                                        GOLDSTEIN, BORGEN, DARDARIAN &
                                       HO

25                                        Attorneys for Plaintiffs and the Putative Class

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940