1   Laura L. Ho (SBN 173179)
    lho@gbdhlegal.com
2   Byron R. Goldstein (SBN 289306)
    brgoldstein@gbdhlegal.com
3   William C. Jhaveri-Weeks (SBN 289984)
    wjhaveriweeks@gbdhlegal.com
4   GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
5   Oakland, CA  94612
    Tel:   (510) 763-9800
6   Fax:   (510) 835-1417

7   Bruce C. Fox, Esquire
    bruce.fox@obermayer.com
8   Andrew J. Horowitz
    andrew.horowitz@obermayer.com
9   OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
    BNY Mellon Center, Suite 5240
10  500 Grant Street
    Pittsburgh, PA 15219
11  Tel:   (412) 566-1500
    Fax:   (412) 566-1508
12
    Attorneys for Plaintiffs and the Proposed Class
13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16
    HECTOR GARCIA, ROBERT CAHIGAL, BRIAN      Case No.: C 15-00319 WHO
17  HOLLIDAY AND TINA DIEMER, on behalf of
    themselves and all others similarly situated,    **DECLARATION OF LAURA L. HO IN**
18                                                    **SUPPORT OF UNOPPOSED NOTICE OF**
                Plaintiffs,                           **MOTION AND MOTION FOR**
19                                                    **PRELIMINARY APPROVAL OF CLASS**
    vs.                                               **AND COLLECTIVE ACTION**
20                                                    **SETTLEMENT**
    PPG INDUSTRIES, INC.,
21                                                    Hon. William H. Orrick
                Defendants.
22                                                    Date:    April 20, 2016
                                                      Time:    2:00 p.m.
23                                                    Dept:    Courtroom 2, 17th Floor
                                                      Trial:   Not set
24

25

26

27

28

614857.3

I, Laura L. Ho, declare as follows:

1.     I am a member in good standing of the Bar of the State of California and a partner at the law firm of Goldstein, Borgen, Dardarian & Ho ("GBDH"), in Oakland, California.  I, along with Bruce Fox of Obermayer, Rebmann, Maxwell & Hippel, LLP ("Obermayer"), am counsel of record for the Plaintiffs in the above-captioned matter.  I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement.  I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

2.     I recommend approval of the proposed Settlement, which I consider to be an outstanding result for the Plaintiffs in light of the potential exposure.  In particular, the benefits provided by the Settlement will be in addition to the voluntary "retro" supplemental overtime payment that Defendant PPG made as a result of our filing of the instant case (*i.e.*, our case was the catalyst for this additional relief to the class).  I strongly believe that the Settlement is fair and appropriate, is in the best interests of the Settlement Class, and will result in prompt and reasonable financial benefit to the participating class members for their remaining claims.

**The Litigation Leading up to the Settlement.**

3.     The complaint was filed on January 22, 2015, and was related to a pending case before this Court, *Talamantes v. PPG Industries, Inc.*, 13-cv-4062-WHO, on February 4, 3015.  The named plaintiffs in this case – Robert Cahigal, Hector Garcia, Brian Holliday, and Tina Diemer – were also named plaintiffs in the *Talamantes* case.

4.     Plaintiffs filed this case to assert violations discovered in the course of the *Talamantes* case that, based on the scope of the violations and the stage of the *Talamantes* proceeding, were more appropriately asserted in a separate case.  The claims in this case consist of the following:

5.     *First*, on behalf of all non-exempt PPG employees in California, Plaintiffs allege that PPG failed to include the following mandatory information on its wage statements:  the inclusive dates of the period for which the employee was being paid; the total hours worked in that period; the legal name and address of the employer; and the hourly rate(s) in effect during the pay period along with the

number of hours worked at each rate.  In addition, Plaintiffs allege that PPG required its employees to receive their pay via direct deposit, which is impermissible under the Labor Code.

6.     *Second*, on behalf of all PPG employees who held the Territory Manager ("TM") position in PPG's Home Depot or Lowe's business lines, whether in California or nationwide, Plaintiffs allege that PPG incorrectly calculated the applicable overtime rate by failing to include non-discretionary bonuses in TMs' "regular rate of pay."  Shortly after Plaintiffs filed suit, PPG attempted to remedy this failure by making a "retro" supplemental overtime payment to TMs across the country. The supplemental payment was adequate to compensate some TMs, but was calculated incorrectly with respect to others, and therefore did not entirely remedy the prior underpayment.  As the catalyst for PPG's "retro" supplemental payment, this lawsuit obtained extensive benefits for class members that are not reflected in the settlement payment itself.  As explained below, for TMs whose "retro" supplemental payments were under-calculated, the Settlement obtains complete relief.

7.     And *third*, on behalf of all PPG employees who held the TM position in PPG's Home Depot business line in California, Plaintiffs allege that PPG failed to reimburse any portion of the home internet costs of TMs, who were required to have and to use home internet to perform their daily work for PPG.

8.     In addition, Plaintiffs seek penalties under the California Private Attorneys General Act of 2004, Cal. Labor Code § 2698 *et seq.* ("PAGA"), for the foregoing violations.

9.     Given the clear existence of liability and the relatively straightforward means of calculating Defendant's exposure, the parties agreed early in the case to engage in private mediation. PPG produced extensive records to allow Plaintiffs to determine the scope of the alleged wage statement violations, including records of the "retro" payments that PPG made shortly after the Complaint was filed.  As explained in an email to its TMs at the time, the "retro" payment was being made because PPG "recently discovered an error with respect to incentive compensation ….  Specifically, … the Company inadvertently did not include the incentive compensation in your overtime pay calculation."

10.     Plaintiffs prepared a detailed mediation statement briefing the merits of their claims and setting forth the (remaining) damages exposure.  On September 15, 2015, the Parties engaged in a

2

1  mediation with Mark Rudy of Rudy, Exelrod, Zieff & Lowe in San Francisco.  Mr. Rudy has a

2  reputation as one of the top wage-and-hour mediators in California.  The mediation resulted in a

3  Memorandum of Understanding.  The Parties negotiated at length over the details of the agreement,

4  and reached a comprehensive, fully executed settlement agreement on March 10, 2016.

5         **The Terms of the Settlement.**

6       11.    A true and correct copy of the Settlement Agreement is submitted herewith as Exhibit 1

7  ("SA").  The Settlement calls for Defendant to pay $500,000, which is almost entirely non-

8  reversionary.  The only exception to the non-reversionary nature of the settlement is that if any of the

9  122 non-California individuals who have not opted into the case decide not to file a Settlement Claim

10 Form, their unclaimed shares will revert to Defendant.  The full estimated amount to which these 122

11 individuals are entitled is only $34,341.51.  *See* Exhibit A-1 to the SA.  The remainder of the

12 Settlement, including the entire Rule 23 Settlement, is non-reversionary.  Thus, if anything reverts to

13 the Defendants, it is likely to be only a small portion of the $34,341.51 reflecting any eligible non-

14 California TMs who choose not to opt into the settlement, and who thus will not be releasing their

15 claims.

16      12.    From the $500,000 common fund, the settlement provides for:  payment of one-third of

17 the Settlement Amount as attorneys' fees ($166,667) (with the parties agreeing that the amount should

18 be adjusted to $166,665.97 for ease of calculation purposes); reimbursement of actual litigation costs

19 of not more than $5,000; enhancement payments of $2,000 to each named plaintiff, for a total of

20 $8,000; a payment of $2,250 to the California Labor Workforce Development Agency ("LWDA") for

21 the PAGA claims; and claims administrator charges for mailing the Notice, processing any objections

22 or opt outs, calculating payment, issuing checks, and related tasks, not to exceed $28,500.  A true and

23 correct copy of the claims administrator's bid is attached hereto as Exhibit 2.  There is also a $10,000

24 reserve fund that, if not used, will be distributed to participating claimants.

25      13.    The remaining amount – which I estimate to be $289,584 ("Net Settlement Amount,"

26 which includes the $10,000 reserve fund) – will be devoted to settlement payments to the Plaintiffs.

27 Defendants will pay the employer's share of payroll taxes, and payments will be made promptly after

28 final approval is granted.

3

Ho Decl. iso Unopposed Notice of Mtn and Mtn for Prelim. Appr. of Class Settlm't - case no. C 15-00319 WHO

614857.3

14.     As explained in detail in the accompanying motion, employees who are eligible to participate in the settlement are divided into three groups:  Opt-in Plaintiffs (the named plaintiffs and the individuals who have already affirmatively opted into the case, listed in Ex. A-1 to the SA); FLSA Class Members (TMs outside of California entitled to supplemental overtime wages, listed in Ex. A-2 to the SA); and Covered California Rule 23 Class Members (Defendant's employees in California covered by the state law claims in this case, listed in Ex. B to the SA).  For clarification, TMs who worked in California and have an FLSA claim arising from the calculation of their overtime rates, but who have not yet opted into the case, are members of the California Rule 23 Class, not the FLSA Class.  As such, they will receive their settlement payment unless they affirmatively opt out.

15.     For the reasons set forth below, I believe that the settlement is an excellent result.

**The Proposed Notice Is Appropriate.**

16.     The Proposed Notices to be sent to the Covered California Rule 23 Class Members and the FLSA Class Members, attached as Exhibits D and E to the Settlement Agreement, respectively, accurately and clearly provide class members with the information they need to decide whether to participate in the Settlement.  The details of the Notices are described in the accompanying Motion. No notice will be sent to the 14 "Opt-in Plaintiffs," who have already affirmatively agreed to be bound any settlement or judgment.  As a result of PPG's voluntary "retro" supplemental overtime payment, six of the non-California Opt-in Plaintiffs were fully compensated, and are entitled to a Settlement payment of $0.  An attorney from my firm has spoken with each of these six individuals and explained that the "retro" supplemental overtime payment compensated them for the amount owed.  Each such Opt-in Plaintiff was also a plaintiff in the *Talamantes* action, in which each received a settlement allocation of over $27,000.

17.     All Covered California Rule 23 Class Members, unless they opt out, will receive a check in the mail.  The back of the check will state that by endorsing the check, the payee agrees to release his or her claims; if the check is not executed, then the employee's FLSA claims, and those claims only, will not be released.  It is appropriate for California Rule 23 Class Members to waive their FLSA claims, because those employees will be receiving the full relief available to them under the FLSA:  their unpaid overtime, as well as liquidated damages.

18.     The Notice provides FLSA Class Members with 45 days to submit a Claim Form and Release if they wish to participate in the settlement.  In my experience, this is an adequate amount of time to ensure that eligible employees have time to consider their options and submit the form should they wish to participate.

**Factors in the Decision to Settle.**

19.     Based on the data PPG produced to us in connection with the mediation, PPG's voluntary "retro" supplemental overtime payment provided TMs across the country with a significant portion of the relief sought in this lawsuit.  The payment provided the full amount of overtime owed to many TMs who would otherwise have been class members.  The overtime claims that remain (*i.e.*, those that were not fully remedied by PPG's retro payment) arise from the allegation that PPG's calculations incorrectly assumed that each TM worked forty hours, every single week of the year, which resulted in an artificially low "regular rate of pay" for some employees based upon their dates of employment.  The remaining damages arising from that miscalculation are relatively small, and the settlement will fully reimburse the TMs whose claims still have value (and will also pay them full liquidated damages), making settlement of these claims the logical choice for Plaintiffs.

20.     With respect to Plaintiffs' wage statement violation claims, even though I believe that the wage statements were clearly non-compliant, there is uncertainty that Plaintiffs would succeed in establishing entitlement to relief, given case law cited in the accompanying motion.  There is risk that Plaintiffs would be unable to establish actual injury on a classwide basis for some or all of the wage statement violations.  In addition, although Plaintiffs believe they would be able to establish that the non-compliance was knowing and intentional, they have not yet made such a showing.

21.     With respect to Plaintiffs' direct deposit claim under California Labor Code § 212(d), Plaintiffs have not yet established that direct deposit was a mandatory condition of employment.  There is limited case law on this issue.

22.     With respect to Plaintiffs' California Labor Code § 2802 claim for reimbursement of home internet expenses, the subset of Plaintiffs who possess this claim (*i.e.*, TMs in the Home Depot business line) have not yet demonstrated that they were required to perform work for PPG using their personal internet service, which is a required showing to establish liability.  Absent settlement, I expect

5

Ho Decl. iso Unopposed Notice of Mtn and Mtn for Prelim. Appr. of Class Settlm't - case no. C 15-00319 WHO

614857.3

1  that PPG will contend that such work was not required, and although Plaintiffs expect to prevail on that

2  issue, the uncertainty weighs in favor of settlement for both sides.

3       23.    With respect to class certification absent this settlement, I expect that PPG will offer

4  arguments that individualized inquiries would be necessary.  For example, with respect to Plaintiffs'

5  Section 2802 claims, Defendants may argue that an individualized assessment will be necessary to

6  determine whether each class member used his home internet for work-related purposes.  Even though

7  I believe that Plaintiffs would be able to demonstrate that such use was necessary on a classwide basis,

8  the uncertain outcome of class certification weighs in favor of settlement.  Similarly, with respect to

9  Plaintiffs' wage statement claims, PPG may cite to variations in employees' ability to demonstrate

10  injury.

11      24.    Similarly, Defendant can be expected to assert a "good faith" defense to Plaintiffs'

12  claims under sections 203 and 226 of the California Labor Code.

13      25.    If this settlement is finally approved, Plaintiffs will receive certain payments shortly

14  thereafter.  Some FLSA Class Members who were particularly affected by the overtime under-

15  calculation will receive nearly $2,000, as shown on Exhibit A-2 to the SA.  Likewise, the most-

16  affected California TM will receive over $2,100, as shown on Exhibits A-1 and B to the SA.  For TM

17  Plaintiffs, their settlement payment will be *in addition to* the voluntary "retro" supplemental overtime

18  payments that many of them already received as a result of Plaintiffs' filing of this suit.  For California

19  class members with wage statement claims for the full statutory period, the Settlement provides nearly

20  $1,000 – a strong result for a wage statement violation, particularly prior to proof of injury.

21      26.    On the other hand, if Plaintiffs were to elect not to settle, recovery would be uncertain

22  on many claims, and recovery on the overtime claims would be no greater after a successful trial than

23  in this settlement.  Plaintiffs would spend time and resources responding to discovery, being deposed,

24  giving declarations, assisting their attorneys with motion practice, and ultimately appearing at trial.

25  This case would not conclude at the trial level for approximately two years, and even if Plaintiffs

26  prevailed at trial, an appeal would likely follow.  According to the Ninth Circuit's website, the average

27  civil appeal takes approximately two years, meaning that absent a Settlement, Plaintiffs could not

28  expect to recover, if at all, for at least 4 years, and possibly longer.  This strongly favors settlement.

27.     The Settlement also allocates damages for interest and penalties, which is reasonable because penalties make up a significant portion of the estimated damages exposure, and California law provides for prejudgment interest.  Absent the Settlement, however, Plaintiffs would be at risk of failing to recover interest and penalties, in full or in part.

**Class Certification for Settlement Purposes.**

28.     Numerosity:  With one exception, the number of California plaintiffs in each class exceeds 40.  The one exception is that there are only 18 California claimants with a remaining supplemental overtime claim (many other would-be class members were compensated in full by PPG's "retro" supplemental payment).  For the reasons set forth in the accompanying Motion, this satisfies the numerosity requirement in this case.

29.     Typicality:  The claims and defenses of the representative parties are typical of the classes.  Specifically, Plaintiff Cahigal is typical of the overtime class because he claims that his overtime wages were undercalculated by PPG's failure to include his non-discretionary bonuses when determining his "regular rate of pay."  Plaintiffs Cahigal, Diemer, and Garcia are typical of the Section 2802 class because they claim that they were not reimbursed for the necessary business expense of home internet service.  And Plaintiffs Cahigal and Garcia are typical of the wage statement and PAGA class, because they claim that their wage statements were non-compliant and they were required to accept payment via direct deposit.

30.     Adequacy:  Based on my and my firm's and my co-counsel's interactions with the named plaintiffs, I am aware of no conflict of interest between any named plaintiff and the class, and I believe that there are no such conflicts.  As explained below, my firm and I, as well as my co-counsel, are qualified to serve as class counsel.

31.     Commonality:  For the reasons set forth in the accompanying Motion, commonality is satisfied for settlement purposes.

**The Settlement Is an Excellent Result.**

32.     The Settlement will provide the California Rule 23 and FLSA Class Members with payments that are significant given the type of violations at issue.  TMs with supplemental overtime claims are receiving 100% relief on those claims, given the unequivocal merit of the claims, and that is

7

in addition to the voluntary payments for which this lawsuit was the catalyst.  Plaintiffs who had wage statement violations and direct deposit claims throughout the relevant period will receive approximately $1,000.  California Plaintiffs with the full set of claims will receive as much as $2,100.

33.     The settlement allocation among class members is based on a formula that is tailored to reflect the value of each individual class member's claims.  As an initial step, we established a floor of a minimum award of $10 for all class and collective action members, including those whose only claim was for PAGA penalties, to avoid *de minimus* allocations.

34.     Then, supplemental overtime claims were awarded at the full value:  The entire amount of the estimated overtime owed, doubled to account for liquidated damages.  To calculate the value of these claims, we took into account (a) the number of overtime hours that each TM was recorded by PPG as having worked during the relevant period; (b) the dollar amount of the supplemental overtime payment that PPG made to each TM in early 2015 in PPG's attempt to remedy its prior error; and (c) each TM's time in a class position during the liability period.  Using this information, we estimated the amount by which each TM was underpaid by the retro supplemental payment (and determined whether, in fact, a given TM was underpaid).  In addition, TMs in California will receive interest on the unpaid amount.

35.     Then, with respect to the claim for business reimbursement expenses, which is possessed by Home Depot TMs in California, each eligible TM was allocated a settlement payment of approximately $10/month worked in the position within the statutory period.  This is fifty-percent of the estimated full value of the claim ($20/month), which I believe is a reasonable discount to reflect the risk that such a claim would not be certified and/or proven on the merits.

36.     Then, wage statement violation claims (Cal. Lab. Code § 226), waiting time penalty claims (Cal. Lab. Code § 203), and PAGA penalties were awarded at a reduced rate based on the proportion of the remainder of the net settlement fund attributable to their individual claims.  In other words, we calculated exactly the number of violations that each class member experienced (based upon pay records provided by Defendant), and then distributed the remaining settlement funds *pro rata* according to the relative value of each class member's claim.

614857.3

37.     The result of this allocation method was a nuanced, accurate allocation of settlement funds to each plaintiff based on the claims he or she possesses.  In my view, this is the fairest possible method of allocation in this case.

38.     In my view, requested service awards of $2,000 each for the named Plaintiffs are fair and reasonable to compensate them for the critical role they played in stepping forward to bring this case, and the time and effort they expended to help secure the result obtained for the Class.  In agreeing to serve as class representatives, these Plaintiffs formally agreed to accept the responsibilities of representing the interests of all Class Members.  The Plaintiffs who are still employed by Defendant took on the additional risk of retaliation, and those who are not took on the danger of negative notoriety resulting from suing their former employer.  Plaintiffs' proposed enhancement payments will be the subject of a separate motion supported by admissible evidence and filed prior to the opt-out/objection deadline.

39.     The proposed Settlement Administrator, KCC, is reputable in my experience, submitted a reasonable bid, and submitted the lowest bid in the *Talamantes* case.  Given that KCC is already familiar with the class at issue and the parties in this case, I believe that appointing KCC to administer this settlement would serve the goal of cost-efficiency.  KCC's fee, which will be paid from the gross settlement, is reasonable in relation to the amount of the recovery, especially given the large number of class members, the need for processing of affirmative opt-ins, and the need to send two different notices.  This fee is well within the range of normal administration costs for cases in this district.

**Attorneys' Fees and Costs.**

40.     Plaintiffs will file a separate motion for the requested attorneys' fees, costs, and expenses fourteen (14) days prior to the opt-out/objection deadline so that class members will have an opportunity to inspect Plaintiffs' Counsel's fee application prior to the deadline for submitting objections or requests for exclusion.  At this time, Plaintiffs do not seek approval of the fees and costs, but only ask that the Court include the maximum potential fee request in the Notice so that the Class can be informed of the provision.

41.     Plaintiffs' counsel's lodestar to date in this matter is $181,606.50.  The lodestar is supported by detailed and contemporaneously maintained billing records of time reasonably spent

9

Ho Decl. iso Unopposed Notice of Mtn and Mtn for Prelim. Appr. of Class Settlm't - case no. C 15-00319 WHO

litigating this case for over a year, and the hourly rates of attorneys in our firm are commensurate with the rates of practitioners with similar experience in the Bay Area legal market.  I expect that Plaintiffs' Counsel will incur approximately an additional 100 hours of time to bring this case to a close, including:  appearing at the preliminary approval hearing; preparing a motion for fees, costs and enhancements with supporting declarations from counsel and the four class representatives; addressing class member inquires and responding to any objections; preparing a final approval motion with supporting declarations from counsel and the claims administrator; appearing at the final approval hearing; and ensuring that the settlement funds are timely and correctly disbursed.  With the anticipated additional work, I expect the ultimate lodestar to be approximately $236,106.50.  If the Court grants Plaintiffs' requested fee award of $166,665.97, that would constitute a *negative* multiplier of 0.70 times Class Counsel's anticipated final lodestar.  In my experience, a positive multiplier would be justified in a case like this one, where the results achieved for the class are excellent.  In our separate fee motion, Plaintiffs' counsel will provide the Court with an updated, detailed breakdown of their lodestar.

42.     My firm has incurred out-of-pocket litigation expenses to date of $3,319.80.  *See* Ex. 3. These expenses include the types of litigation costs that courts routinely approve, including filing fees, legal research fees, and document processing and delivery costs.  When Plaintiffs file their fee motion, I and my co-counsel will provide the Court with detailed information concerning our updated litigation costs.

**Qualifications for Appointment as Class Counsel for Purposes of the Settlement.**

43.     This Court appointed the undersigned class counsel in the related *Talamantes* settlement.  The Court also appointed my co-counsel, Bruce Fox, of the Obermayer firm, as class counsel in that case.  For the following reasons, which were also provided to the Court in the *Talamantes* case, both I and my co-counsel are qualified to serve as class counsel.

44.     Goldstein Borgen Dardarian & Ho ("GBDH") is a plaintiffs' complex and class action firm that was founded in 1972, in Oakland, California.  GBDH has a national practice.  We have litigated class and collective action lawsuits over the last twenty years in Arizona, Florida, Georgia,

1    Illinois, Missouri, Minnesota, Maryland, New Jersey, New York, Pennsylvania, Tennessee, and Texas,

2    as well as California, where our office is located.

3         45.     GBDH long has been recognized as one of the leading plaintiffs' class action and

4    employment litigation firms in the country.  The National Law Journal listed the firm in its "A

5    National Who's Who of the Top Lawyers in Employment Litigation."  *See* "Bias Law Booms," The

6    National Law Journal (July 27, 1992) at 36 (referring to the firm as "[i]n a league of their own").

7    *Business Week* published an article featuring the class action litigation our firm has accomplished,

8    referring to our firm as the "Swat Team of Bias Law."  More recently, *The Recorder*, in San Francisco,

9    listed all of the firm's partners as among the "top attorneys" in employment law in the San Francisco

10   Bay Area.  GBDH partners have been named "Northern California Super Lawyers" every year since

11   2004.

12        46.     A copy of my resume is attached hereto as Exhibit 4.  I have practiced law since 1994,

13   with an emphasis in employment litigation.  I have been with GBDH since October 1998, became a

14   partner in January 2005, and became a named partner in January 2013.  From October 1998 until

15   December 2004, I was an associate at GBDH.  During my time at GBDH, I have been responsible for

16   all facets of class action employment and other complex litigation, from pre-filing investigation

17   through trial and appeal.  Since approximately October 1998, I have spent most of my time

18   representing workers in wage and hour matters, both individually and in class and collective actions,

19   leading to favorable statewide class action and nationwide collective action settlements that have

20   recouped millions of dollars in unpaid wages, including *Garcia v. Oracle*, No. RG 07321026 (Alameda

21   County Superior Court) (final approval of $35 million settlement for 1,725 software employees); *Galu,*

22   *et al. v. Genentech*, No. 505266 (San Mateo County Superior Court) (final approval of $2.1 million

23   settlement for 106 foundation specialists); *Zamora, et al. v. Balboa Life & Casualty, LLC, et al*, No.

24   BC360026 (Los Angeles County Superior Court) (final approval in 2012 of up to $6 million settlement

25   for approximately 10,631 employees denied proper meal and rest breaks); *Myart v. Autozone*, No.

26   05CC03219 (Orange County Superior Court) (final approval in November 2011 of $9 million

27   settlement on behalf of hourly workers statewide); *Contreras v. Bank of America*, No. CGC-07-467749

28   (San Francisco County Superior Court) (co-lead counsel in $16.65 million settlement for 3,000

1   mortgage loan officers in California approved in 2010); *Meyn v. Peet's Coffee & Tea, Inc.*, No.

2   RG08398070 (Alameda County Superior Court) (final approval in 2010 of $2.6 million settlement for

3   over 400 store managers); *Mousai v. E-Loan, Inc.*, No. 06-01993 SI (N.D. Cal.) ($13.6 million

4   settlement in overtime class action for mortgage salespeople approved in May 2007); *Lin v. Siebel

5   Systems, Inc.*, No. CIV 435601 (San Mateo County Superior Court) (final approval in 2007 for $27.5

6   million class action settlement in overtime case for certified class of over 800 software engineers);

7   *Butler v. Countrywide*, No. BC 268250 (Los Angeles County Superior Court) ($30 million class

8   settlement for over 450 misclassified account executives approved in 2005*); *Tokar v. GEICO*, No. GIC

9   810166 (San Diego County Superior Court) (class of over 3,000 telephone center workers seeking

10  overtime pay; final approval of $3.3 million settlement granted on July 9, 2004).

47.   In addition to the numerous cases for which GBDH serves as class counsel, the firm

12  regularly submits amicus briefs to appellate courts addressing developing areas of wage and hour law.

13  Such submissions to which I have contributed include briefs to the California Supreme Court in *Sav-

14  On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (2004), addressing class certification of an

15  overtime "misclassification" case, in *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000), involving

16  definition of "hours worked" under California Labor Code, and in *Earley v. Superior Court*, 79 Cal.

17  App. 4th 1420 (2000), addressing California's one-wage fee shifting statute for overtime wage claims.

48.   My co-counsel, the Obermayer firm, is well-qualified to serve as class counsel in this

19  case, as set forth in the detailed declaration of Bruce Fox filed in the *Talamantes* case, 13-cv-4062-

20  WHO (ECF No. 99-3).

49.   The named plaintiffs and proposed class representatives are jointly represented by

22  Plaintiffs' counsel.  The firms have been working cooperatively in litigating this matter, and have

23  divided this work so that tasks are accomplished efficiently and without duplication.

50.   Both GBDH and Obermayer have committed to supporting this litigation with adequate

25  resources, including professional and para-professional staffing, and litigation costs.  Our firm has, in

26  the past decades, handled many larger employment class actions both alone and in conjunction with

27  co-counsel firms.  Our firm will commit the staffing that may be required to represent the class

28  effectively.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.  Executed this 11th day of March, 2016, in Oakland, CA.

/s/  Laura L. Ho
Laura L. Ho

**SIGNATURE ATTESTATION**

Pursuant to Northern District L.R. 5-1(i)(3) regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  March 11, 2016        /s/  William C. Jhaveri-Weeks
                              William C. Jhaveri-Weeks
                              GOLDSTEIN, BORGEN, DARDARIAN & HO

                              *Attorneys for Plaintiffs and the Putative Class*

# EXHIBIT 1

1   ROBERT W. PRITCHARD, Bar No. 76979 (*pro hac vice*)
    rpritchard@littler.com
2   CHRISTOPHER MICHALSKI, Bar No. 93236 (*pro hac vice*)
    cmichalski@littler.com
3   LITTLER MENDELSON, P.C.
    625 Liberty Avenue, 26th Floor
4   Pittsburgh, PA  15222
    Telephone:    412.201.7600
5   Facsimile:    412.456.2377

6   KARIN M. COGBILL, Bar No. 244606
    kcogbill@littler.com
7   SOPHIA BEHNIA, Bar No. 289318
    sbehnia@littler.com
8   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
9   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
10  Facsimile:    415.399.8490

11  **Attorneys for Defendant**
    **PPG INDUSTRIES, INC.**

12  LAURA L. HO, Bar No. 173179
    lho@gbdhlegal.com
13  BYRON GOLDSTEIN, Bar No. 289306
    brgoldstein@gbdhlegal.com
14  WILLIAM C. JHAVERI-WEEKS, Bar No. 289984
    wjhaveriweeks@gbdhlegal.com
15  GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
16  Oakland, CA 94612
    Telephone:    (510) 763-9800
17  Fax No.:       (510) 835-1417

18  Bruce C. Fox, Esquire
    bruce.fox@obermayer.com
19  Andrew J. Horowitz
    andrew.horowitz@obermayer.com
20  OBERMAYER REBMANN MAXWELL & HIPPEL
    LLP
21  BNY Mellon Center, Suite 5240
    500 Grant Street
22  Pittsburgh, PA 15219
    Tel: (412) 566-1500
23  Fax: (412) 566-1508

24  **Attorney for Plaintiffs and the Putative Class**

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| HECTOR GARCIA, ROBERT CAHIGAL, BRIAN HOLLIDAY, and TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No.  3:15-cv-00319-WHO |

**SETTLEMENT AGREEMENT**

The Parties to this Civil Action, acting through their representatives and attorneys and with the assistance of mediator Mark Rudy, reached an agreement concerning the essential terms of a settlement of this Civil Action, subject to preparation and execution of a comprehensive written settlement and release agreement, and further subject to approval by the Court.  The Parties now enter into this Agreement.

**1.**   **DEFINITIONS**

The terms set forth below shall have the meanings defined herein wherever used in this Agreement (including its Exhibits).

**1.1**   "Agreement" means this written Settlement Agreement, which sets forth the terms of the settlement and final amicable resolution of this Civil Action.

**1.2**   "Civil Action" means the above-captioned action, inclusive of the claims asserted therein pursuant to the federal Fair Labor Standards Act and California Labor Code.

**1.3**   "Court" means the United States District Court for the Northern District of California (Hon. William H. Orrick presiding).

**1.4**   The "Named Plaintiffs" are Plaintiffs Robert Cahigal, Hector Garcia, Brian Holliday, and Tina Diemer.

1.5     The "Opt-in Plaintiffs" are the Named Plaintiffs and those other individuals who filed (and did not withdraw) written consents to join this action pursuant to 29 U.S.C. § 216(b).  Class Counsel and Defense Counsel have agreed upon a list of all Opt-in Plaintiffs, which is attached to this Agreement as **Exhibit A-1**.  For purposes of this Agreement only, Defendant does not contest the validity of the written consents filed by the Opt-in Plaintiffs, the eligibility of the Opt-in Plaintiffs to participate in the Civil Action, or the right of the Opt-in Plaintiffs to participate in the settlement in accordance with the terms of this Agreement.

1.6     The "FLSA Class Members" are the individuals identified by Named Plaintiffs as being entitled to supplemental overtime wages earned in connection with the payment of incentive compensation associated with work performed from 2012 through 2015, excluding, however, all Covered California Rule 23 Class Members and Opt-in Plaintiffs.  Class Counsel and Defense Counsel have agreed upon a list of all FLSA Class Members, which is attached to this Agreement as **Exhibit A-2**.

1.7     "Class Counsel" means Laura L. Ho, Byron Goldstein, William C. Jhaveri-Weeks, of the law firm of Goldstein, Borgen, Dardarian & Ho (300 Lakeside Drive, Suite 1000, Oakland, CA 94612) and Bruce Fox and Andrew Horowitz of the law firm of Obermayer Rebmann Maxwell and Hippel LLP (BNY Mellon Center 500 Grant Street Suite 5240 Pittsburgh, PA 15219).

1.8     "California Rule 23 Class Members" means all individuals employed by PPG Industries, Inc. and/or any subsidiary (including PPG Architectural Finishes, Inc.) and/or any predecessor (including Akzo Nobel Paints LLC) in California during the period of January 22, 2011, through September 15, 2015, and who were classified as non-exempt, excluding, however, all Opt-in Plaintiffs and FLSA Class Members.  While some of the Opt-in Plaintiffs who worked in California are also technically California Rule 23 Class Members, they shall be subject to the provisions of this Agreement pertaining to the Opt-in Plaintiffs, not those pertaining to the Covered California Rule 23 Class Members (e.g., they will not receive Notice pursuant to Section 3.3 and they will not have the ability to request exclusion from the settlement, or object to the class action settlement).

1.9     "Covered California Rule 23 Class Members" means all California Rule 23 Class Members (excluding all Opt-in Plaintiffs and FLSA Class Members) who have been identified by

1  Class Counsel as being eligible to receive an Individual Settlement Allocation, as set forth in

2  **Exhibit B**, and identified by Class Counsel based upon the following criteria:

3          (a) Were employed as California Territory Managers and, according to Class Counsel, were

4          owed supplemental overtime compensation as a result of bonuses paid;

5          (b) Were employed as California non-exempt employees who worked for those organizations

6          where, according to Class Counsel, alleged wage statement violations occurred: AC THD

7          West; AC NA Lowes San Diego; Arch Coat NA Lowes Phoenix; Refinish Dist-LA; Refinish

8          Cust Trng-Zone A; Corp Credit Svcs Refinish; Spraylat; Ind Coat CRC; Ind Coat TrueFinish;

9          PMC Chino DC; AC Homax; AC Mkt – Central California; AC Mkt – Northern California;

10         AC Mkt – So Cal North; AC Mkt – So Cal South; AC Mkt – WA/OR/AK; and Akzo Arch

11         Coat US; Aerospace Mojave;

12         (c) California TM's who were terminated and for whom, according to Class Counsel,

13         additional supplemental overtime was due;

14         (d) California THD employees who, according to Class Counsel, incurred internet business

15  expenses; and

16         (e) California class members that, according to Class Counsel, have PAGA claims for non-

17  payment of wages, wage statement violations, waiting time penalties, unreimbursed business

18  expenses (as set forth above in 1.9(a)-(d)), and direct deposit violations for all California non-exempt

19  employees that worked at the following organizations:  AC Homax; AC Mkt - Central California;

20  AC Mkt - Northern California; AC Mkt - So Cal North; AC Mkt - So Cal South; AC Mkt -

21  WA/OR/AK; AC NA Lowes San Diego; AC THD West; Akzo Arch Coat US; Arch Coat NA Lowes

22  Phoenix; Fresno Human Resources; Fresno Info/Fin Svc; Fresno Maintenance; Fresno Shipping;

23  Fresno Tank; Fresno Wareroom; Fresno Yard; Spraylat; Sylmar 10 Transtech Prod; Sylmar 14

24  Transtech Quality; Sylmar 40 Polycarb Cell; Sylmar 45 Acrylic Cell; Sylmar 46 CNC Commercial;

25  Sylmar 47 Prepress; Sylmar 48 Coatings Cell; Sylmar 49 Opticor; Sylmar 50 Start Center Cell;

26  Sylmar 51 CNC Military; Sylmar 52 Process Engineering; Sylmar 63 Formulations; Sylmar 71

27  Shipping/Receiving; Sylmar 72 Prod Control; Sylmar 73 Maintenance; Sylmar 74 Quality; Sylmar

28  75 Design Engineering; Sylmar 76 Tooling; Sylmar 82 Compliance; Sylmar 84 Human Resources.

(f) Defendant's agreement to the list of Covered California Rule 23 Class Members does not signify any agreement or admission that the individuals included on the list are, in fact, entitled to any relief under the California Labor Code; Defendant specifically denies any liability with respect to the claims asserted on behalf of the Covered California Rule 23 Class Members.

**1.10**    "Participating Claimants" means all Opt-in Plaintiffs, all FLSA Class Members who timely return a valid and effective executed Opt-in Claim Form, and all Covered California Rule 23 Class Members who do not request exclusion from the class.

**1.11**    "Defendant" means Defendant PPG Industries, Inc.

**1.12**    "Defense Counsel" means Robert W. Pritchard, Christopher Michalski, Karin Cogbill and Sophia Behnia of Littler Mendelson, P.C.

**1.13**    "Parties" means the Named Plaintiffs (on behalf of themselves and all Opt-in Plaintiffs, all FLSA Class Members and all California Rule 23 Class Members), and Defendant.

**1.14**    "Claims Administrator" means KCC Class Action Services, LLC.

**1.15**    The "Preliminary Approval Order" means the order to be entered by the Court granting preliminary approval to the settlement described in this Agreement following submission to the Court of Plaintiffs' motion for an order granting preliminary approval to the California Rule 23 class action settlement described in this Agreement, certifying a California Rule 23 class for settlement purposes only, authorizing notice of the settlement to the Covered California Rule 23 Class Members, conditionally certifying an FLSA settlement class, authorizing notice of the settlement to the FLSA Class Members, and setting a date for a hearing to consider final approval of the settlement following notice to the Covered California Rule 23 Class Members and FLSA Class Members ("Fairness Hearing").  The proposed Preliminary Approval Order that will be submitted to the Court with the Plaintiffs' motion is attached as **Exhibit C**.

**1.16**    The "Final Approval Order" means the order to be entered by the Court (1) granting approval to the FLSA settlement described in this Agreement; (2) granting final approval to the California Rule 23 class action settlement described in this Agreement; and (3) dismissing the Civil Action with prejudice in accordance with the terms of this Agreement.  The proposed Final Approval Order that will be submitted to the Court with Plaintiffs' motion is attached as **Exhibit G**.

**1.17** "Effective Date" means the date upon which all of the following have occurred in the Civil Action without any material alteration of the terms of this Agreement: (a) entry of the Final Approval Order; and (b) the expiration of the appeal rights of the Parties, FLSA Class Members and Covered California Rule 23 Class Members.  In the event no notice of appeal, or request to extend the time to appeal, is filed, the date of expiration of the appeal rights of the Parties, FLSA Class Members and Covered California Rule 23 Class Members shall be deemed to occur 35 days after entry of the Final Approval Order.  However, in the event no California Rule 23 Class Member presents objections to the proposed settlement, and Class Counsel and the Parties file with the Court a waiver of their right to appeal after entry of the Final Approval Order, then the Effective Date shall be the day after the filing of the waiver.

**1.18** "Released Parties" means: (a) PPG Industries, Inc. and PPG Architectural Finishes, Inc.; (b) Akzo Nobel N.V. and Akzo Nobel Paints LLC; and (c) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all persons acting by, through, under or in concert with, any of the entities named in sections (a) and/or (b) of this paragraph, including any person or entity that was or could have been named as a defendant in the Civil Action.

**1.19** "Maximum Gross Settlement Amount" means the maximum amount of money to be paid by Defendant in connection with this Agreement.  The Maximum Gross Settlement Amount is $500,000.  Under no circumstances shall Defendant be required to pay more than the Maximum Gross Settlement Amount in connection with the settlement of the Civil Action (except that Defendant shall be responsible for the payment of the employer share of FICA, FUTA, and SUTA, from funds outside the Maximum Gross Settlement Amount).  The Maximum Gross Settlement Amount shall be allocated to the Settlement Payment Allocation, the Attorney's Fees and Expenses Payment, the Enhancement Payments, the Reserve Fund, the Administrative Costs, and the Claims under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), as follows:

**(a)**     The "Settlement Payment Allocation" means that portion of the Maximum Gross Settlement Amount to be allocated and made available for payment to the Opt-in Plaintiffs, FLSA Class Members and Covered California Rule 23 Class Members in accordance with this Agreement.  The total Settlement Payment Allocation is $279,584.03, although this amount may be increased in accordance with Section 1.19(b)-(c) if the Court reduces the Attorney's Fees and Expenses Payment and/or the Enhancement Payments. The "Individual Settlement Allocation" for each of the Opt-in Plaintiffs, FLSA Class Members and Covered California Rule 23 Class Members is set forth in **Exhibits A-1, A-2 and B**.  The cumulative total of each Individual Settlement Allocation of all Opt-in Plaintiffs, FLSA Class Members and Covered California Rule 23 Class Members shall equal the Settlement Payment Allocation.

**(b)**     The "Attorney's Fees and Expenses Payment" means the total amount of money (up to $171,665.97) to be paid by Defendant to Class Counsel in accordance with the Final Approval Order, as attorney's fees and costs and expenses incurred in the Civil Action.  Prior to the submission of the motion seeking entry of the Final Approval Order, Class Counsel will seek an award of attorney's fees not to exceed $166,665.97, and an award of its actual costs and expenses in an amount not to exceed $5,000.  Defendant will not oppose this request.  If the Court awards less than $171,665.97 as the total Attorney's Fees and Expenses Payment, this shall not be a basis for voiding this Agreement; rather, the difference in the amount awarded shall be re-allocated to the Settlement Payment Allocation, thereby increasing each individual's Individual Settlement Allocation.

**(c)**     The "Enhancement Payments" means the amount of money (up to a total of $8,000) to be paid by Defendant to the four Named Plaintiffs.  Prior to the submission of the motion seeking entry of the Final Approval Order, Class Counsel may seek an award of enhancement payments of $2,000 each to the four Named Plaintiffs, for a total of $8,000, in recognition of their work in this Civil Action on behalf of the Opt-in Plaintiffs, FLSA Class Members and Covered California Rule 23 Class Members.  These payments shall be treated as non-wage income and shall be in addition to whatever payments these individuals may be eligible to receive as FLSA Class Members and Covered California Rule 23 Class Members.  Defendants will not oppose this request.

1   If the Court awards less than $8,000 as the total Enhancement Payments, this shall not be a basis for

2   voiding, objecting to or appealing from the Final Approval Order; rather, the difference in the

3   amount awarded shall be re-allocated to the Settlement Payment Allocation, thereby increasing each

4   individual's Individual Settlement Allocation.

5           **(d)**    "Administrative Costs" means the maximum amount of money ($28,500) to

6   be paid by Defendant to the Claims Administrator for the services it will provide under this

7   Agreement.  Defendant shall not be responsible for any costs of settlement administration that may

8   exceed this amount.

9           **(e)**    In addition to the foregoing, the Parties shall allocate $2,250, payable to the

10  Labor and Workforce Development Agency, to the Plaintiffs' PAGA claim (the "PAGA

11  Allocation"), brought by Named Plaintiffs on behalf of all FLSA Class Members and California

12  Rule 23 Class Members who worked for Defendant in California at any time between December 3,

13  2013, through September 15, 2015 ("PAGA Participants").  Class Counsel has determined the FLSA

14  Class Members and California Rule 23 Class Members that are entitled to a PAGA allocation and

15  damages.

16          **(f)**    In addition to the foregoing, the Parties allocate $10,000 to a Reserve Fund to

17  allocate to individuals who (i) erroneously were not identified on Exhibits A-1, A-2 or B but can

18  establish a valid claim as an FLSA Class Member or Covered California Rule 23 Class Member, or

19  (ii) were identified in Exhibits A-1, A-2 or B, but who may have missed a filing deadline and/or who

20  can produce evidence that the information used to calculate his/her pro rata share of the settlement

21  was inaccurate.  The Claims Administrator will make a final determination of whether any

22  individual qualifies for the Reserve Fund, and if so for how much, after consultation with Class

23  Counsel and Defense Counsel.  The Reserve Fund shall be included in the Settlement Payment

24  Allocation and distributed on a pro rata basis to all Participating Claimants, including those

25  qualifying pursuant to this paragraph, prior to the distribution of Individual Settlement Allocations.

26          **(g)**    The total of the Settlement Payment Allocation, the Attorney's Fees and

27  Expenses Payment, the Enhancement Payments, the Reserve Fund, the Administrative Costs and the

28  PAGA Allocations shall not exceed the Maximum Gross Settlement Amount.

## 2.   RECITALS AND SETTLEMENT TERMS

**2.1**   This case is a putative FLSA collective action and a putative California Rule 23 class action brought by the Named Plaintiffs on behalf of individuals who were employed by PPG Industries, Inc. and/or any subsidiary (including PPG Architectural Finishes, Inc.) and/or any predecessor (including Akzo Nobel Paints LLC) and who: (a) were identified by Named Plaintiffs as being entitled to supplemental overtime wages earned in connection with the payment of incentive compensation associated with work performed from 2012 through 2015; and/or (b) were employed in California during the period of January 22, 2011, through September 15, 2015, and who were classified as non-exempt.  With respect to the individuals in the first group, Named Plaintiffs claim that Defendant failed to pay them all supplemental overtime wages earned in connection with the payment of incentive compensation associated with work performed from 2012 through 2015, in violation of the FLSA and the California Labor Code.  With respect to the individuals in the second group, Named Plaintiffs assert various additional claims under the California Labor Code, including claims that Defendant failed to provide accurate wage statements, claims that Defendant owes waiting time penalties to former employees who were employed in California and who were not paid all supplemental overtime wages owed at the time of their termination, claims related to direct deposit, and claims for reimbursement of business expenses.   The Named Plaintiffs sought compensation on behalf of themselves, the Opt-in Plaintiffs, the FLSA Class Members and the California Rule 23 Class Members, for alleged unpaid wages, penalties and reimbursement of business expenses, as well as other relief under the FLSA and California state law, including liquidated damages, interest, penalties, litigation costs and expenses, and attorney's fees.

**2.2**   Defendant vigorously denies the allegations in the Civil Action and states that it did not violate the law and that it has no liability for any claims raised in the Civil Action, but has agreed to the terms of this Agreement in order to avoid the expense and disruption of further litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendant or the Released Parties, or an admission that a class should be certified for any purpose other than settlement.

**2.3**     During the pendency of this action, Class Counsel conducted discovery concerning Defendant's policies, payroll practices, and wage statements, on behalf of the FLSA Class Members and the California Rule 23 Class Members.  The Parties engaged in a formal, arm's length mediation on September 15, 2015, conducted by mediator Mark Rudy.

**2.4**     It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims as defined in Section 5 herein against all Released Parties.

**2.5**     In exchange for the dismissal of the Civil Action with prejudice and the settlement and release of all Released Claims as defined in Section 5 herein against all Released Parties, and otherwise subject and pursuant to the terms and conditions of this Agreement, Defendant has agreed to pay the Maximum Gross Settlement Amount.

**2.6**     The Parties shall cooperate in the formal steps necessary to carry out the terms set forth in this Agreement, which is subject to approval by the Court.

**3.     <u>APPROVAL AND NOTICE PROCEDURES</u>**

**3.1**     The Parties shall seek Court approval of this Agreement as follows:

**(a)**     by filing with the Court, no later than fourteen (14) days following the date on which this Agreement is executed by all Parties, Plaintiffs' motion for an order granting preliminary approval to the California Rule 23 class action settlement described in this Agreement, certifying a California Rule 23 class for settlement purposes only, authorizing notice of the settlement to the Covered California Rule 23 Class Members, conditionally certifying an FLSA settlement class, authorizing notice of the settlement to the FLSA Class Members, and setting a date for a Fairness Hearing; and

**(b)**     by filing with the Court, within the time period set forth in Section 3.4, Plaintiffs' motion for an order (i) approving the terms of the FLSA settlement as described in this Agreement and (ii) granting final approval of the California Rule 23 Class Action Settlement described in this Agreement.

Also, in connection with, and prior to, the Plaintiffs' motion seeking entry of the Final Approval Order, Named Plaintiffs will file with the Court their motion for: (1) an Attorney's Fees

1    and Expenses Payment, comprising a request for attorney's fees not to exceed $166,665.97, and

2    actual costs and expenses in an amount not to exceed $5,000; and (2) Enhancement Payments of

3    $2,000 each to the four Named Plaintiffs.  Defendant will not oppose this motion.

4              **3.2**    **Notice and Claims Procedure for FLSA Class Members.**

5              **(a)**    Not later than fourteen (14) days after the date of the Court's issuance of the

6    Preliminary Approval Order, Defendant will provide the Claims Administrator with an Excel chart

7    listing the last known addresses of the FLSA Class Members who are identified on **Exhibit A-2**.

8              **(b)**    Within fourteen (14) days after receipt of the information set forth in 3.2(a),

9    the Claims Administrator shall mail, via First Class United States mail, the Notice of Settlement of

10   Collective Action Lawsuit in the form attached as **Exhibit E**, together with an Opt-in Plaintiff

11   Settlement Claim Form and Release (the "Opt-in Claim Form" in a form substantially similar to the

12   attached **Exhibit F**) (collectively, "the Opt-in Notice Packet"), to each FLSA Class Member.  The

13   Claims Administrator shall perform a national change of address database review prior to mailing.  If

14   any Notice Packet is returned as undeliverable, the Claims Administrator shall promptly advise Class

15   Counsel and attempt to locate such FLSA Class Member through one skip trace and, if a new

16   address is identified, shall promptly mail an additional Opt-in Notice Packet to such person.

17

18             **(c)**    If an Opt-in Claim Form is returned by an FLSA Class Member within the

19   time period set forth in Section 3.2(d) but is in some way deficient, the Claims Administrator may

20   contact the FLSA Class Member who returned the Opt-in Claim Form to notify that individual of the

21   deficiency and give him/her a chance to correct the deficiency, provided that the correction is

22   postmarked within the Opt-in Claim Period or within 10 days of the date of mailing the cure notice,

23   whichever is later.

24

25             **(d)**    FLSA Class Members who return a properly executed Opt-in Claim Form

26   postmarked within forty-five (45) days following the date of initial mailing of the Opt-in Notice

27

28

Packet (the "Opt-in Claim Period") shall become Participating Claimants.  Within fourteen (14) days following the expiration of the Opt-in Claim Period, the Claims Administrator shall provide Class Counsel and Defense Counsel with an Excel chart listing the names of the FLSA Class Members who qualify as Participating Claimants.  The original Opt-in Claim Forms shall be submitted to Defense Counsel, and a copy shall be provided to Class Counsel.  FLSA Class Members who become Participating Claimants shall be entitled to payment of their Individual Settlement Allocation as set forth below.  FLSA Class Members who do not become Participating Claimants shall not be entitled to payment of their Individual Settlement Allocation, and any amounts not claimed shall remain the property of Defendant.

**3.3**     **Notice Procedure for Covered California Rule 23 Class Members.**

**(a)**     Not later than fourteen (14) days after the date of the Court's issuance of the Preliminary Approval Order, Defendant shall provide the Claims Administrator with an Excel chart listing the last known addresses of the Covered California Rule 23 Class Members who are identified on **Exhibit B**.

**(b)**     Within fourteen (14) days after the date of the Preliminary Approval Order, the Claims Administrator shall mail, via First Class United States mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Rule 23 Notice") in the form attached as **Exhibit D**, to all Covered California Rule 23 Class Members using each individual's last known address.  The Claims Administrator shall perform a national change of address database review prior to mailing.  If any Rule 23 Notice is returned as undeliverable, the Claims Administrator shall promptly advise Class Counsel and attempt to locate such California Rule 23 Class Member through one skip trace and, if a new address is identified, shall promptly mail an additional Rule 23 Notice to such person.

**(c)**     Any Covered California Rule 23 Class Member who does not wish to become a Participating Claimant may request exclusion from the class by submitting a signed request for exclusion to the Claims Administrator.  To be effective, such request for exclusion must include the

individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by the Claims Administrator within forty-five (45) days following the date of the initial mailing of the Rule 23 Notice (this 45-day period shall be referred to herein as the "Opt-Out Period"). The Claims Administrator shall deliver copies of each request for exclusion to Class Counsel and Defense Counsel not later than five (5) business days after receipt thereof. Class Counsel shall, within ten (10) business days of the end of the Opt-Out Period, file with the Clerk of Courts copies of all requests for exclusion so received. All Covered California Rule 23 Class Members who do not request exclusion from the class shall be deemed Participating Claimants. If ten percent (10%) or more of the Covered California Rule 23 Class Members request exclusion from the Class during the Opt-Out Period, Defendant may in its sole discretion elect to void this Agreement by providing written notice to Class Counsel and to the Court within thirty (30) days after receiving notice that the above-referenced event has occurred. In the event Defendant elects to void the Agreement, the Agreement shall be terminated and shall have no force or effect, and the Parties shall not request entry of the Final Approval Order.

>(d)     Any Covered California Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Court in accordance with the Court's Procedural Guidance for Class Action Settlements, and be postmarked by a date certain, to be specified on the Notice, which shall be for each California Rule 23 Class Member forty-five (45) days after the initial mailing of the Claims Administrator of the Notice. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Covered California Rule 23 Class Member may appear at the Fairness Hearing or appeal from the Final Approval Order unless he or she has filed a timely objection that complies with the procedures provided herein. Any Covered California Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The

1   Parties may file with the Court written responses to any filed objections no later than fourteen (14)

2   calendar days before the Fairness Hearing.

3          **3.4    Final Settlement Approval Procedures.**

4          **(a)**    Not later than fourteen (14) calendar days before the Fairness Hearing, the

5   Named Plaintiffs will submit Plaintiffs' motion for Final Certification of the settlement classes and

6   Final Approval of the Settlement Agreement.  Prior to filing the motion, Class Counsel shall permit

7   Defense Counsel an opportunity to review the motion and propose revisions.  The date of the

8   Fairness Hearing will be set by the Court.

9          **(b)**    At the Fairness Hearing, the Parties shall request that the Court issue a Final

10  Approval Order in all material respects identical to **Exhibit G**.

11  **4.     PAYMENT OBLIGATIONS**

12         **4.1**    No later than seven (7) days following the Effective Date, the Claims Administrator

13  shall provide a report to Class Counsel and Defense Counsel stating the total amount of funds (not

14  exceeding the Maximum Gross Settlement Amount, with the exception of the employer share of

15  FICA, FUTA, and SUTA) required to satisfy all payment obligations pursuant to this Agreement.

16  This report shall state the amount of the Court-approved Attorney's Fees and Expenses Payment, the

17  amount of the Court-approved Enhancement Payments, the amount of the Court-approved

18  Administrative Costs and the amount of the PAGA Allocations.  The report shall also state the total

19  amount allocated to Participating Claimants.  The report shall also state the amount needed to satisfy

20  the employer share of FICA, FUTA, and SUTA.

21         **4.2**    Not later than seven (7) days thereafter, Defendant shall remit the amount needed to

22  satisfy its obligations under this Agreement (including the amount needed to satisfy the employer

23  share of FICA, FUTA, and SUTA) to the Claims Administrator to be held in escrow for the purpose

24  of making payments as provided in this Agreement.

25         **4.3**    The Claims Administrator will make the Attorney's Fees and Expenses Payment (in

26  the amount directed by the Court and in no event more than $171,665.97) by wire transfer or by

27  check delivered to Class Counsel at an anticipated date no later than seven (7) days after the Claims

28  Administrator receives the payment from Defendant.  In advance of the Effective Date, Class

1   Counsel will provide the Claims Administrator with the tax-payer identification numbers for Class

2   Counsel, executed W-9 forms, and wire instructions.  The Named Plaintiffs, FLSA Class Members,

3   Covered California Rule 23 Class Members and Class Counsel expressly waive any rights that they

4   may have to recover any other attorney's fees, costs and expenses relating to the Civil Action.

5      **4.4**     Except as otherwise provided herein, the Parties shall bear responsibility for their

6   own fees, costs, and expenses incurred by them or arising out of this litigation and will not seek

7   reimbursement thereof from any party to this Agreement or the Released Parties.

8      **4.5**     The Claims Administrator will make the Enhancement Payments (in the amount

9   directed by the Court and in no event more than $8,000 in the aggregate) within fourteen (14) days

10  after the Claims Administrator receives the payment from Defendants.  Any such Enhancement

11  Payments awarded shall be in addition to payments that the recipients are entitled to as Participating

12  Claimants.  Any such Enhancement Payments awarded by the Court shall be distributed by the

13  Claims Administrator in separate checks mailed contemporaneously with the mailing of checks to

14  Participating Claimants and shall be reported to state and federal taxing authorities as non-wage

15  income.

16     **4.6     Payments to the Participating Claimants.**

17     **(a)**     The Claims Administrator shall make payment to the Participating Claimants

18  within fourteen (14) days after the Claims Administrator receives the payment from Defendant.

19  Each Participating Claimant's Individual Settlement Allocation shall be as determined by the Claims

20  Administrator as set forth in Sections 1.19 and **Exhibits A-1, A-2 and B**.  For income and payroll

21  tax purposes, for Participating Claimants who are not from California, fifty percent (50%) of each

22  Individual Settlement Allocation shall be allocated as wages (which shall be subject to required

23  withholdings and deductions and reported as wage income; the employee's share of payroll taxes

24  associated with any individual's wage payment will be paid from that individual's Individual

25  Settlement Allocation), and the remaining fifty percent (50%) shall be allocated as liquidated

26  damages, interest and other non-wage recovery (which shall not be subject to withholdings or

27  deductions and shall be reported as non-wage income). For income and payroll tax purposes, for

28  Participating Claimants who are from California, 1/3 of each Individual Settlement Allocation shall

1    be allocated as wages, and the remaining 2/3 shall be allocated as penalties, liquidated damages,

2    interest and other non-wage recovery (which shall not be subject to withholdings or deductions and

3    shall be reported as non-wage income).

4            **(b)**    Other than the withholding and reporting requirements herein, the

5    Participating Claimants shall be solely responsible for the reporting and payment of their share of

6    any federal, state and/or local income or other taxes on payments received pursuant to this

7    Agreement.    The employee portion of all applicable income and payroll taxes will be the

8    responsibility of the individual Participating Claimant, who agrees to indemnify Released Parties,

9    Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out

10   of or relating to the Participating Claimant's failure to pay taxes on any amounts paid pursuant to

11   this Agreement.

12           **(c)**    Participating Claimants will have one hundred eighty (180) days from the date

13   the checks are issued to negotiate them.  Sixty (60) days from the date of mailing of the checks, the

14   Claims Administrator will provide Class Counsel with a report reflecting which Participating

15   Claimants have not yet negotiated their checks.  Class Counsel will be free to contact any such

16   individual to encourage them to promptly negotiate their checks.  Participating Claimants shall be

17   bound by the terms of this Agreement even if they fail to timely negotiate their checks, and any such

18   payments will escheat to the applicable state fund as unclaimed property (e.g., the California

19   unclaimed wages fund).

20       **4.7**    Released Parties, Class Counsel, and Defense Counsel will not be liable for checks

21   cashed by persons other than the Participating Claimants.  Each Participating Claimant will be

22   deemed to have released the Released Parties from all liability as set forth in this Agreement even if

23   his or her check is cashed by a person other than to whom the check is written.

24       **4.8**    Payments made under this Agreement are not intended to and will not: (1) form the

25   basis for additional contributions to, benefits under, or any other monetary entitlements under; (2)

26   count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for

27   purposes of, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any

28   of the Released Parties.

**5.    RELEASES**

**5.1    Release of Claims**

The following release of claims shall be referred to collectively as "Released Claims":

**(a)**    By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, the Named Plaintiffs (on behalf of themselves and all Opt-in Plaintiffs, FLSA Class Members who become Participating Claimants, and Covered California Rule 23 Class Members and all of their respective heirs, executors, administrators, personal representatives, successors and assigns) hereby irrevocably and unconditionally forever and fully release (and covenant not to sue or otherwise pursue claims), whether known or unknown, against Released Parties, all of the following claims arising at any time through and until September 15, 2015: (a) all FLSA and California Labor Code claims pled in the Complaint; (b) all federal, state and local law claims, whether known or unknown, that were or could have been asserted in this matter based on the facts alleged in the operative Complaint; and (c) all claims for penalties, liquidated damages, interest, attorneys' fees, or litigation expenses based on the claims listed in (a)-(b) above. For Named Plaintiffs and all Opt-in Plaintiffs, released claims shall also include any and all claims for retaliation related to their participation in the Civil Action.  The settlement payment checks to the Participating Claimants will include a statement confirming the recipient's consent to participate in the action for the purpose of releasing claims as set forth herein and receiving the settlement payment.

**(b)**    By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, all Covered California Rule 23 Class Members who do not timely exclude themselves from the class in accordance with this Agreement, shall by operation of the Final Approval Order, on behalf of themselves and their respective heirs, executors, administrators, personal representatives, successors and assigns, irrevocably and unconditionally forever and fully release all Released Parties from any and all claims that were asserted in the operative Complaint in the Civil Action or that could have been asserted in the Civil Action based upon the facts alleged in the operative Complaint (including but not limited to claims arising under the California Labor Code), including but not limited to all claims, demands, and

1  causes of action for unpaid regular and/or overtime wages, penalties, liquidated damages, costs,

2  attorney's fees, and any other relief under California law, arising at any time up until September 15,

3  2015. The settlement payment checks to the Participating Claimants will include a statement

4  confirming the recipient's consent to participate in the action for the purpose of release claims as set

5  forth herein and receiving the settlement payment.

6  **(c)** Named Plaintiffs (on behalf of themselves and all Opt-in Plaintiffs)

7  acknowledge that they each may have claims related to the Released Claims that are presently

8  unknown and that the release contained in this Agreement is intended to, and will fully, finally and

9  forever, discharge even such claims, whether now asserted or unasserted, known or unknown, to the

10  extent they fall within the description of the Released Claims. Accordingly, Named Plaintiffs (on

11  behalf of themselves and all Opt-in Plaintiffs) understand and agree to waive the provisions of, and

12  relinquish all rights and benefits afforded by, California Civil Code Section 1542 or any statute or

13  rule of similar effect. Civil Code Section 1542 provides in full as follows:

14
15
16  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

17
18  In giving this waiver, Named Plaintiffs (on behalf of themselves and all Opt-in Plaintiffs)

19  acknowledge that they have been advised of California Civil Code Section 1542, they may hereafter

20  discover facts in addition to or different from those that they now believe to be true with respect to

21  the subject matter released herein, but agree that they have taken that possibility into account in

22  reaching this Agreement and that, notwithstanding the discovery or existence of any such additional

23  or different facts, as to which they expressly assume the risk, they freely and voluntarily give the

24  release set forth above. Upon entry of the Final Approval Order, every Participating Claimant shall

25  be deemed to have given this release.

26  **5.2** Named Plaintiffs (on behalf of themselves and all Opt-in Plaintiffs) represent and

27  warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or

28

1  entity, any of the Released Claims or any portion thereof or interest therein, including but not limited

2  to, any interest in the Civil Action, or any related action.

3  **6.**   **PARTIES' AUTHORITY**

4      **6.1**   All Parties have been represented by counsel throughout all negotiations which

5  preceded the execution of this Agreement and this Agreement is made with the consent and advice

6  of counsel.   Class Counsel believe that the terms and conditions of this settlement are fair,

7  reasonable, adequate, and beneficial to and in the best interest of Named Plaintiffs, the Opt-in

8  Plaintiffs, the FLSA Class Members and the Covered California Rule 23 Class Members.   Named

9  Plaintiffs and Class Counsel represent that they are fully authorized to enter into this Agreement and

10  to bind the Opt-in Plaintiffs, the FLSA Class Members who become Participating Claimants, and the

11  Covered California Rule 23 Class Members (who do not timely request exclusion) to the terms and

12  conditions thereof.

13      **6.2**   All of the Parties acknowledge that they have been represented by competent,

14  experienced counsel throughout all negotiations which preceded the execution of this Agreement,

15  and this Agreement is made with the consent and advice of counsel who have jointly prepared this

16  Agreement.

17      **6.3**   It is agreed that because the Opt-in Plaintiffs, FLSA Class Members and Covered

18  California Rule 23 Class Members are so numerous, it is impossible or impractical to have each

19  member execute this Agreement.   To that end, Named Plaintiffs will execute this Agreement and

20  bind the Opt-in Plaintiffs, the FLSA Class Members (who become Participating Claimants), and the

21  Covered California Rule 23 Class Members (who do not timely request exclusion) to the terms and

22  conditions thereof.   The notices to the FLSA Class Members and Covered California Rule 23 Class

23  Members will advise them of the nature of the release as described in this Agreement, as well as the

24  other material terms of the Agreement.

25      **6.4**   The Agreement will be binding upon and inure to the benefit of the Parties and their

26  respective heirs, trustees, executors, administrators, successors, and assigns.

27

28

7.      **CONFIDENTIALITY**

      **7.1**      Prior to the filing of the motion for preliminary approval of this Agreement, Named Plaintiffs and Class Counsel agree that they will not reveal the terms of this Agreement to anyone except their spouse or domestic partner and/or personal tax advisors, provided that they obtain from such person(s) (who shall be deemed to be their agents for purposes of this provision) an agreement to keep such information confidential.

      **7.2**      The Parties, Class Counsel and Defense Counsel shall all refrain from issuing or maintaining any press release, or press outreach communicating any information about the Civil Action or this Agreement.  If contacted by media representatives with respect to the Civil Action or this Agreement, the Parties, Class Counsel and Defense Counsel will say only that the Parties amicably resolved the dispute, without providing additional information or commentary.

      **7.3**      The Parties shall comply with the Stipulated Confidentiality and Protective Order (Docket No. 24).

      **7.4**      For one year from the date of this Agreement, Named Plaintiffs agree not to encourage or solicit any other individuals who were or are currently employed by Defendant to commence or to participate in the commencement of any action against Defendant or Released Parties with regard to potential claims that they might have against Defendant or Released Parties, where such claims arose prior to the date of this Agreement and involve wage and hour matters and/or claims analogous to the Released Claims.

      **7.5**      As a material condition of this Settlement Agreement, for one year from the date of this Agreement, Class Counsel agree not to solicit any other individuals who were or are currently employed by Defendant with regard to potential claims that they might have against Defendant or any Released Parties, where such claims arose prior to the date of this Agreement and involve wage and hour matters and/or claims analogous to the Released Claims.  So long as Class Counsel complies with the foregoing provisions, nothing in this paragraph precludes Class Counsel from representing anyone who chooses to be represented by them in matters adverse to Defendant or any Released Parties.

**7.6**     Named Plaintiffs and Class Counsel agree that Defendant's reputation, standing in the community, credibility, and future business opportunities may be diminished and they may suffer other losses in the event of a material breach of Section 7 of this Settlement Agreement.  Thus, Named Plaintiffs and Class Counsel agree that in the event of a material breach of Section 7 by any of them: (1) the party in breach of Section 7 (and any other party who encouraged and/or facilitated the breach) shall return to Defendant any funds paid by Defendant to that party and shall be entitled to no further recovery under this Agreement; and (2) Defendant shall have the right to obtain specific performance of Section 7 by the party(ies), damages, and/or any other necessary and proper relief, in any court of competent jurisdiction.

## 8.     **ADDITIONAL PROVISIONS**

**8.1**     The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

**8.2**     Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

**To the Plaintiffs/Settlement Class:**

| | |
|---|---|
| Laura L. Ho | Bruce Fox |
| Byron Goldstein | Andrew Horowitz |
| William C. Jhaveri-Weeks | Obermayer Rebmann Maxwell and Hippel LLP |
| Goldstein, Borgen, Dardarian & Ho | 500 Grant Street |
| 300 Lakeside Drive | BNY Mellon Center |
| Suite 1000 | Suite 5240 |
| Oakland, CA 94612 | Pittsburgh, PA 15219 |

**To Defendants:**

| | |
|---|---|
| Robert W. Pritchard | Karin Cogbill |
| Christopher Michalski | Sophia Behnia |
| Littler Mendelson, P.C. | Littler Mendelson, P.C. |
| 625 Liberty Avenue, 26th Floor | 50 West San Fernando St., 15th Floor |
| Pittsburgh, PA 15222 | San Jose, CA  95113 |

1

2      **8.3**     To be effective, any amendment to the Agreement must be made in writing and

3   signed by counsel for the Parties, and approved by the Court.

4      **8.4**     This Agreement and its attachments constitute the entire agreement between the

5   Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms

6   shall modify, vary, or contradict the terms of this Agreement.  In the event of any conflict between

7   the Agreement and any other document, the Parties intend that this Agreement shall be controlling.

8      **8.5**     This Agreement shall be subject to, governed by, construed, enforced, and

9   administered in accordance with the laws of the State of California, both in its procedural and

10  substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the Court.  This

11  Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for

12  or against any party, regardless of who drafted or who was principally responsible for drafting this

13  Agreement or any specific term or condition thereof.

14     **8.6**     This Agreement may be executed in counterparts, and when each party has signed

15  and delivered at least one such counterpart, each counterpart shall be deemed an original and, when

16  taken together with other signed counterparts, shall constitute one Agreement, which shall be

17  binding upon and effective as to all Parties.

18     **8.7**     The Named Plaintiffs, Class Counsel, and Defense Counsel agree not to encourage,

19  assist, or solicit persons to exclude themselves from the settlement class or object to the settlement.

20     **8.8**     If the Court declines to enter, in the form submitted by Plaintiffs as contemplated

21  under this Agreement (or any amended version agreed upon by the Parties), the Preliminary

22  Approval Order or the Final Approval Order applicable to this Agreement, or if the settlement as

23  agreed does not become final for any other reason, then there shall be no prejudice due to lapse of

24  time to either side and the Parties may proceed with litigation as it existed on the date of the

25  execution of this Agreement.  If this Agreement is not approved, the case will proceed as if no

26  settlement had been attempted, and Defendants retain the right to contest whether this case should be

27  maintained as a collective and/or class action and to contest the merits of any claims being asserted

28  in the Civil Action.

1    **8.9**    In the event that the Parties discover, after the  notice process and distribution of

2    settlement payments, that individuals were erroneously not included on **Exhibits A-1, A-2, or B**, the

3    parties will meet and confer about whether to allow such individuals to participate in the settlement

4    on terms comparable to those who were included, and if so on what terms.

5         **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute

6    this Agreement on the dates indicated below:

7    Dated: 3/07/2016                    _____

8                                        Named Plaintiff Hector Garcia
                                         Class Representative (FLSA and California)

9

10   Dated: _____            _____
                                         Named Plaintiff Robert Cahigal

11                                       Class Representative (FLSA and California)

12   Dated: _____            _____
                                         Named Plaintiff Brian Holliday

13                                       Class Representative (FLSA)

14   Dated: _____            _____

15                                       Named Plaintiff Tina Diemer
                                         Class Representative (FLSA and California)

16   Dated: _____            _____

17                                       Goldstein, Borgen, Dardarian & Ho
                                         Class Counsel

18   Dated: _____            _____

19                                       Obermayer Rebmann Maxwell and Hippel LLP
                                         Class Counsel

20   Dated: _____            _____

21                                       PPG Industries, Inc.

22   Dated: _____            _____

23                                       Littler Mendelson, P.C.
                                         Defense Counsel

24

25

26

27

28

1      **8.9**    In the event that the Parties discover, after the notice process and distribution of

2    settlement payments, that individuals were erroneously not included on **Exhibits A-1, A-2, or B**, the

3    parties will meet and confer about whether to allow such individuals to participate in the settlement

4    on terms comparable to those who were included, and if so on what terms.

5          **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute

6    this Agreement on the dates indicated below:

7    Dated: _____          _____

8                                         Named Plaintiff Hector Garcia
                                          Class Representative (FLSA and California)

9    Dated: 3/4/2016                      _____

10                                        Named Plaintiff Robert Cahigal
                                          Class Representative (FLSA and California)

11

12   Dated: _____          _____

                                          Named Plaintiff Brian Holliday
13                                        Class Representative (FLSA)

14   Dated: _____          _____

15                                        Named Plaintiff Tina Diemer
                                          Class Representative (FLSA and California)

16   Dated: _____          _____

17                                        Goldstein, Borgen, Dardarian & Ho
                                          Class Counsel

18
     Dated: _____          _____
19
                                          Obermayer Rebmann Maxwell and Hippel LLP
                                          Class Counsel
20

21   Dated: _____          _____

                                          PPG Industries, Inc.
22
     Dated: _____          _____
23
                                          Littler Mendelson, P.C.
                                          Defense Counsel
24

25

26

27

28

1    8.9    In the event that the Parties discover, after the  notice process and distribution of

2  settlement payments, that individuals were erroneously not included on **Exhibits A-1, A-2, or B**, the

3  parties will meet and confer about whether to allow such individuals to participate in the settlement

4  on terms comparable to those who were included, and if so on what terms.

5        **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute

6  this Agreement on the dates indicated below:

7   Dated: _____    _____

8                             Named Plaintiff Hector Garcia
                              Class Representative (FLSA and California)

9

10  Dated: _____    _____
                              Named Plaintiff Robert Cahigal

11  Dated: 3/2/16             Class Representative (FLSA and California)

12                            _____
                              Named Plaintiff Brian Holliday

13                            Class Representative (FLSA)

14  Dated: _____    _____

15                            Named Plaintiff Tina Diemer
                              Class Representative (FLSA and California)

16  Dated: _____    _____

17                            Goldstein, Borgen, Dardarian & Ho
                              Class Counsel

18  Dated: _____    _____

19                            Obermayer Rebmann Maxwell and Hippel LLP
                              Class Counsel

20  Dated: _____    _____

21                            PPG Industries, Inc.

22  Dated: _____    _____

23                            Littler Mendelson, P.C.
                              Defense Counsel

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

613383.1

1  **8.9**  In the event that the Parties discover, after the  notice process and distribution of

2  settlement payments, that individuals were erroneously not included on **Exhibits A-1, A-2, or B**, the

3  parties will meet and confer about whether to allow such individuals to participate in the settlement

4  on terms comparable to those who were included, and if so on what terms.

5  **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute

6  this Agreement on the dates indicated below:

7  Dated: _____

8  _____
Named Plaintiff Hector Garcia
Class Representative (FLSA and California)

9

10  Dated: _____

_____
Named Plaintiff Robert Cahigal
Class Representative (FLSA and California)

11

12  Dated: _____

_____
Named Plaintiff Brian Holliday
Class Representative (FLSA)

13

14  Dated: 3/1/16 _____

_____
Named Plaintiff Tina Diemer
Class Representative (FLSA and California)

15

16  Dated: _____

_____
Goldstein, Borgen, Dardarian & Ho
Class Counsel

17

18  Dated: _____

_____
Obermayer Rebmann Maxwell and Hippel LLP
Class Counsel

19

20  Dated: _____

_____
PPG Industries, Inc.

21

22  Dated: _____

_____
Littler Mendelson, P.C.
Defense Counsel

23

24

25

26

27

28

ITTLER MENDELSON, P.C.
W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408.998.4150

613383.1

1       **8.9**    In the event that the Parties discover, after the  notice process and distribution of

2    settlement payments, that individuals were erroneously not included on **Exhibits A-1, A-2, or B,** the

3    parties will meet and confer about whether to allow such individuals to participate in the settlement

4    on terms comparable to those who were included, and if so on what terms.

5        **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute

6    this Agreement on the dates indicated below:

7    Dated: _____

8                      _____
                        Named Plaintiff Hector Garcia
                        Class Representative (FLSA and California)

9

10    Dated: _____

                      _____
                        Named Plaintiff Robert Cahigal
11                        Class Representative (FLSA and California)

12    Dated: _____

                      _____
13                        Named Plaintiff Brian Holliday
                        Class Representative (FLSA)

14    Dated: _____

                      _____
15                        Named Plaintiff Tina Diemer
                        Class Representative (FLSA and California)

16    Dated: 3/1/16

                      _____
17                        Goldstein, Borgen, Dardarian & Ho
                        Class Counsel

18    Dated: 3/4/16

                      _____
19                        Obermayer Rebmann Maxwell and Hippel LLP
                        Class Counsel

20

21    Dated: _____

                      _____
                        PPG Industries, Inc.
22

23    Dated: _____

                      _____
                        Littler Mendelson, P.C.
                        Defense Counsel

24

25

26

27

28

8.9    In the event that the Parties discover, after the  notice process and distribution of settlement payments, that individuals were erroneously not included on **Exhibits A-1, A-2, or B**, the parties will meet and confer about whether to allow such individuals to participate in the settlement on terms comparable to those who were included, and if so on what terms.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Named Plaintiff Hector Garcia
Class Representative (FLSA and California)

Dated: _____

_____
Named Plaintiff Robert Cahigal
Class Representative (FLSA and California)

Dated: _____

_____
Named Plaintiff Brian Holliday
Class Representative (FLSA)

Dated: _____

_____
Named Plaintiff Tina Diemer
Class Representative (FLSA and California)

Dated: _____

_____
Goldstein, Borgen, Dardarian & Ho
Class Counsel

Dated: _____

_____
Obermayer Rebmann Maxwell and Hippel LLP
Class Counsel

Dated: _3/10/16_

_____
PPG Industries, Inc.

Dated: _____

_____
Littler Mendelson, P.C.
Defense Counsel

1    **8.9**    In the event that the Parties discover, after the   notice process and distribution of

2    settlement payments, that individuals were erroneously not included on **Exhibits A-1, A-2, or B**, the

3    parties will meet and confer about whether to allow such individuals to participate in the settlement

4    on terms comparable to those who were included, and if so on what terms.

5    **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute

6    this Agreement on the dates indicated below:

7    Dated: _____         _____

8                                          Named Plaintiff Hector Garcia
                                           Class Representative (FLSA and California)

9    Dated: _____         _____

10                                         Named Plaintiff Robert Cahigal
                                           Class Representative (FLSA and California)

11   Dated: _____         _____

12                                         Named Plaintiff Brian Holliday
                                           Class Representative (FLSA)

13   Dated: _____         _____

14                                         Named Plaintiff Tina Diemer
                                           Class Representative (FLSA and California)

15   Dated: _____         _____

16                                         Goldstein, Borgen, Dardarian & Ho
                                           Class Counsel

17   Dated: _____         _____

18                                         Obermayer Rebmann Maxwell and Hippel LLP
                                           Class Counsel

19   Dated: _____         _____

20                                         PPG Industries, Inc.

21   Dated: _3/10/16_                      _____

22                                         Littler Mendelson, P.C.
                                           Defense Counsel

# EXHIBIT A-1

| FULL NAME | PPG EMPLOYEE NUMBER | AKZO EMPLOYEE NUMBER | Individual Settlement Allocation |
|---|---|---|---|
| Andres Jr, Frederick A | 263898 | | $            - |
| Bott, James W | 264078 | | $            - |
| Cahigal, Robert L | 264169 | | $    1,440.83 |
| Diemer, Kristina | | 802085365 | $        53.05 |
| Garcia, Hector | 264247 | | $    1,510.52 |
| Gates, Rebekah J | 264091 | | $            - |
| Gause, Melvin B | 264311 | | $        74.44 |
| Holliday, Brian W | 264277 | | $            - |
| Kanner, Jeffrey A | 264271 | | $    1,402.71 |
| Lieser, Erich | | | |
| Meece, Brad E | 263941 | | $        76.17 |
| Rivera, Raul Giovanni | 264031 | | $      264.51 |
| Salinas, Alfredo Jr. | 264202 | | $        89.67 |
| Schneider, Michael K | 264415 | | $            - |
| TOTAL | | | $    4,911.90 |

# EXHIBIT A-2

| FULL NAME | PPG EMPLOYEE NUMBER | Individual Settlement Allocation |
|---|---|---|
| Adams, Terri A | 263977 | $ 10.00 |
| Akande, Nicole S | 230969 | $ 64.36 |
| Aldana, Ely | 272216 | $ 219.30 |
| Anderson, Russell H | 263982 | $ 32.71 |
| Ashworth, John G | 264779 | $ 42.81 |
| Avans, Denis | 264154 | $ 1,283.47 |
| Ayitey-Adjin, Albert | 263942 | $ 65.46 |
| Bates, Raymond J | 263922 | $ 1,339.23 |
| Beck, Richard M | 235388 | $ 550.52 |
| Bell, Daniel E | 263889 | $ 683.96 |
| Benge, Stephanie M | 197261 | $ 699.85 |
| Bennett, Adam T | 226845 | $ 10.00 |
| Biffinger, Jarrad | 264085 | $ 137.65 |
| Bird, Robert E | 263908 | $ 44.49 |
| Blevins, Jerry L Jr | 264125 | $ 74.44 |
| Brannan, Mark | 264161 | $ 141.44 |
| Burket, George Alan II | 263839 | $ 74.44 |
| Cantrall, Chad | 271434 | $ 1,006.55 |
| Casanova, Alycia N | 268457 | $ 15.34 |
| Cloonan, Richard J | 264153 | $ 123.91 |
| Coates, Michael | 271060 | $ 11.34 |
| Cohen, Brent M | 264043 | $ 120.06 |
| Collinson, Christopher | 271038 | $ 284.21 |
| Cordell, Natalie R | 270055 | $ 1,057.17 |
| Couch, Stanley R | 264269 | $ 105.64 |
| Cuomo, Peter B | 263959 | $ 64.50 |
| Dabbs, Jed David | 263960 | $ 74.44 |
| Dahlinghaus, Chris Lee | 264072 | $ 75.05 |
| Davis, David J | 257677 | $ 1,553.59 |
| Davis, Tai D | 267293 | $ 67.85 |
| de la Rosa, Rebecca | 272708 | $ 1,015.12 |
| Delia, Matthew Stephen | 264159 | $ 190.47 |
| DeMoya, Peter | 264195 | $ 74.44 |
| Dufault, Jeremy P | 268220 | $ 291.42 |
| Edwards, Rickie D | 263875 | $ 10.00 |
| Elertson, Bryan | 264039 | $ 1,601.73 |
| Fennimore, Emanuel F | 264539 | $ 110.06 |
| Finstuen, Andrew T | 182602 | $ 761.35 |
| Fish, Blaine T | 263895 | $ 74.92 |
| Froelich, Bruce A | 234993 | $ 667.67 |
| Gibson, Michael James | 262753 | $ 41.72 |
| Gotzmann, Kerry L | 263843 | $ 105.92 |
| Guevin, Jason | 263865 | $ 74.44 |

| | | | |
|---|---|---|---|
| Haggerty, Nichole A | 263890 | $ | 304.78 |
| Halasy, Robert J | 263952 | $ | 129.90 |
| Harrell, David | 276413 | $ | 10.00 |
| Hensley, William | 273673 | $ | 1,185.33 |
| Hernandez, Ernesto | 264040 | $ | 39.70 |
| Hiscox, Aaron | 264181 | $ | 763.48 |
| Hjalte, Eric Christopher | 264032 | $ | 27.91 |
| Hoff, Katy E | 266829 | $ | 10.20 |
| Howard, James | 263979 | $ | 74.44 |
| Huff, Douglas | 272078 | $ | 316.37 |
| Ingraham, AJ | 270016 | $ | 40.59 |
| Johnson, Alan W | 264118 | $ | 94.27 |
| Johnson, Leslie D | 258540 | $ | 732.53 |
| Jones, Stephen T | 263953 | $ | 74.44 |
| Kanaar, Debra | 271272 | $ | 69.10 |
| Kapust, Thomas | 270323 | $ | 39.68 |
| Keating, Steven | 274294 | $ | 973.55 |
| Kling, Joseph J | 268811 | $ | 21.48 |
| Knox, Sharon | 263931 | $ | 74.30 |
| Kowalski, Roy R | 264129 | $ | 111.45 |
| LaFrance, Raymond L | 263980 | $ | 50.70 |
| Lane, Donald W | 269306 | $ | 35.46 |
| Lansinger, Thomas Charles | 263932 | $ | 63.55 |
| Ledet, Joshua C | 264322 | $ | 104.03 |
| Legnon, Michael J | 264217 | $ | 74.44 |
| LiMandri, Frank J | 263978 | $ | 72.47 |
| Lopez, Marco A | 200121 | $ | 75.27 |
| Lutton, John T | 271400 | $ | 1,969.01 |
| MacLean, David E | 271031 | $ | 716.27 |
| Makin, Timothy J | 263877 | $ | 32.97 |
| Martin, Michael J. | 264606 | $ | 155.86 |
| Matalone, Charles P | 270435 | $ | 53.80 |
| Mateuszczyk, Scott E | 263930 | $ | 95.02 |
| Mathias, Austin | 270537 | $ | 69.33 |
| Mayer-Helmer, Jeffrey L | 252124 | $ | 39.01 |
| Mcclung, James | 262781 | $ | 10.00 |
| Mitchell, Ian | 272744 | $ | 421.93 |
| Molden, James S | 263947 | $ | 74.70 |
| Morrison, William E | 264068 | $ | 76.17 |
| Morrow, Timothy S | 264098 | $ | 10.00 |
| Mosley, Michael | 276159 | $ | 10.00 |
| Myers, Mark W | 264182 | $ | 79.40 |
| Nebelsick, Roger A | 255722 | $ | 48.18 |
| Newman, David W | 264012 | $ | 1,922.19 |
| Nimmo, Michelle | 273450 | $ | 501.35 |
| Nowicki, Frank J | 263933 | $ | 72.99 |
| Oliveira, Rachel | 264020 | $ | 76.51 |

| | | | |
|---|---|---|---:|
| Parker, Mike A | 263900 | $ | 735.83 |
| Pascale, Anthony F | 263848 | $ | 90.83 |
| Petersen, Eric J | 264117 | $ | 74.44 |
| Petty-Clark, Shari A | 263929 | $ | 334.27 |
| Phelps, Christopher | 273306 | $ | 511.06 |
| Ploss, John T | 264010 | $ | 37.96 |
| Roberts, Amy L | 261885 | $ | 18.58 |
| Rogers, Kirk F | 264104 | $ | 72.69 |
| Rubio, Raul | 270085 | $ | 81.79 |
| Ruppenthal, Michael | 262338 | $ | 10.00 |
| Russell, Thomas Y | 132751 | $ | 202.11 |
| Rutledge, Peter J | 264276 | $ | 40.63 |
| Rymer, William P | 132763 | $ | 355.02 |
| Sharkey, Jeffrey | 264158 | $ | 784.36 |
| Small, Emily | 272564 | $ | 1,699.90 |
| Sofield, Christopher | 264178 | $ | 24.23 |
| Solstad, Kenneth | 270676 | $ | 938.06 |
| Spencer, Trent | 263993 | $ | 42.79 |
| Steinberg, Jason | 263901 | $ | 59.09 |
| Steinhauer, John | 276046 | $ | 10.00 |
| Tardiff, Walter | 276357 | $ | 10.00 |
| Tritschler, Megan | 275443 | $ | 10.00 |
| Truitt, Rodgers Paul | 264542 | $ | 74.20 |
| Valentine, Robert B | 256969 | $ | 480.42 |
| Walsh, Timothy Francis Sr. | 263925 | $ | 109.24 |
| Werchas, Robert | 270981 | $ | 72.01 |
| White, Deanna | 275819 | $ | 10.00 |
| Williams, David L. | 262926 | $ | 146.12 |
| Wingate, Erice R | 268752 | $ | 44.91 |
| Wood, Wendy | 263995 | $ | 76.17 |
| Young, Todd W | 264207 | $ | 127.65 |
| **TOTAL** | | | **$ 34,341.51** |

# EXHIBIT B

| FULL NAME | PPG EMPLOYEE NUMBER | AKZO EMPLOYEE NUMBER | Individual Settlement Allocation |
|---|---|---|---|
| Aburto, Manuel | 286153 | | $ 10.00 |
| Aceves, Elida | 173219 | | $ 10.00 |
| Aceves, Milagros | 291455 | | $ 10.00 |
| Acosta, Agustin | 263950 | | $ 1,582.74 |
| Adame, Anthony J | 123863 | | $ 10.00 |
| Aguiar, Ismael | 173223 | | $ 10.00 |
| Aguilar, Miguel O | 262678 | | $ 874.41 |
| Aguirre, Salvador J | 259529 | | $ 10.00 |
| Alatorre, George | 173227 | | $ 10.00 |
| Alba, Alex | 198333 | | $ 958.26 |
| Alcala, Oscar M | 229258 | | $ 958.26 |
| Alcocer, Francisco | 276819 | | $ 958.26 |
| Aldana, Juan | 173230 | | $ 10.00 |
| Ali, Mahmood | 173232 | | $ 10.00 |
| Allen, Glenn | 264442 | | $ 379.47 |
| Almaraz, Ramon | 173233 | | $ 10.00 |
| Almeda, Maria A | 173234 | | $ 10.00 |
| Alonso, Julia C | 286076 | | $ 10.00 |
| Altamirano, Oscar | 173235 | | $ 10.00 |
| Alvano, Joseph A | 262964 | | $ 958.26 |
| Alvarenga, Ana | 173237 | | $ 10.00 |
| Alvarenga, Nestor L | 173238 | | $ 10.00 |
| Amado, Jose | 289868 | | $ 10.00 |
| Amrhein, Wade Alan | 107462 | | $ 10.00 |
| Andrade, Barbara | 173241 | | $ 10.00 |
| Aneiros, Dennis Victor | 235644 | | $ 10.00 |
| Arana, Jose | 173243 | | $ 10.00 |
| Arellano, Ernesto | 276820 | | $ 958.26 |
| Arevalo, Otoniel | 235564 | | $ 10.00 |
| Argota, Maycielo M | 234222 | | $ 958.26 |
| Argote, Araceli | 173244 | | $ 10.00 |
| Arias, Jesus | 173248 | | $ 10.00 |
| Armstrong, Paul Earl | 264112 | | $ 2,141.91 |
| Arnold, Keith L | 263215 | | $ 958.26 |
| Aroche, Victor M | 262969 | | $ 958.26 |
| Arredondo, Ezekiel J | 258477 | | $ 10.00 |
| Arriola, Perpetua G | 173251 | | $ 10.00 |
| Arrizon, Rosalva E | 173252 | | $ 10.00 |
| Arroyo, Joe | 276863 | | $ 10.00 |
| Arroyo, Martin | 173253 | | $ 10.00 |
| Ascencio, Andres | 280055 | | $ 10.00 |
| Ascencio, Luis S | 173257 | | $ 10.00 |
| Austin, James M | 201791 | | $ 10.00 |

| | | | | |
|---|---|---|---|---|
| Avila de Ruiz, Silvia | 173703 | | $ | 10.00 |
| Avila Diaz, Ignacia | 176541 | | $ | 10.00 |
| Avila, Israel | 274949 | | $ | 922.32 |
| Avila, Robert H | 173258 | | $ | 10.00 |
| Baba, John T | 124195 | | $ | 10.00 |
| Baca, Rick L | 264203 | | $ | 958.26 |
| Baez, Alfonso M | 263740 | | $ | 958.26 |
| Baez, Maria A | 173265 | | $ | 10.00 |
| Baker, Darryl G | 286265 | | $ | 778.58 |
| Baker, Robert L | 263468 | | $ | 958.26 |
| Bales, David A. | 262535 | | $ | 958.26 |
| Balladarez, Ray B Jr | 273334 | | $ | 10.00 |
| Banales, John | 271679 | | $ | 658.80 |
| Banks, Terry | 124293 | | $ | 10.00 |
| Barajas, George | 180144 | | $ | 10.00 |
| Barajas, Primo | 176545 | | $ | 10.00 |
| Barba, Robert J | 173266 | | $ | 10.00 |
| Barcelo-Lazoff, Verna | 262965 | | $ | 958.26 |
| Barcenas, Rosa R | 124317 | | $ | 10.00 |
| Barker, Tyler W | 285936 | | $ | 83.85 |
| Barnes, Tony E | 263699 | | $ | 958.26 |
| Barragan, Alfred | 173267 | | $ | 10.00 |
| Barragan, Daniel | | 802048730 | $ | 10.00 |
| Barrera, Carlos | 173268 | | $ | 10.00 |
| Basing, David | 291490 | | $ | 203.63 |
| Basler, Mark | 124393 | | $ | 10.00 |
| Bassard, Joceylyn | | 802072744 | $ | 10.00 |
| Basulto, Juan | 192440 | | $ | 10.00 |
| Bautista, Rafaela R | 173270 | | $ | 10.00 |
| Baxter, Edwin | 173271 | | $ | 10.00 |
| Belli, Richard | 271435 | | $ | 1,250.26 |
| Beltran, Hugo | 173273 | | $ | 10.00 |
| Beltran, Raul A | 262914 | | $ | 958.26 |
| Benkner, Steve W. | 262723 | | $ | 958.26 |
| Bernal, Jorge | 264056 | | $ | 1,510.52 |
| Bertell, Britney M | 236637 | | $ | 10.00 |
| Bishop, Randy R | 136446 | | $ | 958.26 |
| Bixman, James A | 109161 | | $ | 10.00 |
| Blanco, Jorge A. | 263129 | | $ | 958.26 |
| Bobadilla, Jesus M | 173279 | | $ | 10.00 |
| Bolton, Jose | 173281 | | $ | 10.00 |
| Borja, Anna M | 264620 | | $ | 958.26 |
| Bran, Baudilio | 173283 | | $ | 10.00 |
| Brewster, Susan | 264512 | | $ | 1,598.76 |
| Bridges, Connie Sue | 264057 | | $ | 958.26 |
| Brooks, David | 173285 | | $ | 10.00 |
| Brown, Cristian K | 289364 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Brown, Otis J | 173286 | | $ | 10.00 |
| Brown, Russell | 173287 | | $ | 10.00 |
| Bryant, Mark L | 263195 | | $ | 958.26 |
| Bryson, Christopher E | 273769 | | $ | 10.00 |
| Bueno, Araceli | 173288 | | $ | 10.00 |
| Burrell, Richard W | 257062 | | $ | 10.00 |
| Bustichi, Don | 291113 | | $ | 131.76 |
| Bustos, Christopher T | 263331 | | $ | 958.26 |
| Cabacungan, Carol | 125322 | | $ | 958.26 |
| Camorlinga, Maria Luisa | 173291 | | $ | 10.00 |
| Campisi, Michael A | 267505 | | $ | 958.26 |
| Campos, Rick | 173292 | | $ | 10.00 |
| Cardenas, Juan L | 173294 | | $ | 10.00 |
| Carrasco, Roberto C | 173298 | | $ | 10.00 |
| Carrillo, Griselda | 173299 | | $ | 10.00 |
| Carrillo, Noe | 201789 | | $ | 10.00 |
| Carrillo, Virginia | 173300 | | $ | 10.00 |
| Casillas, David | 173301 | | $ | 10.00 |
| Casillas, Toby S | 173302 | | $ | 10.00 |
| Castaneda, Sergio | 235848 | | $ | 10.00 |
| Castaneda, Terresa S | 125533 | | $ | 958.26 |
| Castellanos, Eric H | 250966 | | $ | 958.26 |
| Castellanos, Lesly | 173304 | | $ | 10.00 |
| Castillo, Francisco | 261959 | | $ | 10.00 |
| Castillo, Sandra | 176747 | | $ | 10.00 |
| Castro, Guillermo | 173305 | | $ | 10.00 |
| Castro, Jerry Jr | 255649 | | $ | 10.00 |
| Castro, Rogelio | 236636 | | $ | 10.00 |
| Caudillo, Edward D | 125559 | | $ | 10.00 |
| Cayax-Marroquin, Hugo Daniel | 262972 | | $ | 958.26 |
| Ceja Magana, Teresa | 173307 | | $ | 10.00 |
| Ceja, Juan | 173306 | | $ | 10.00 |
| Celaya, David M | 125576 | | $ | 10.00 |
| Cerda, Pedro N | 173310 | | $ | 10.00 |
| Cerda, Rodolfo N | 173311 | | $ | 10.00 |
| Cervantez, Robert J | 234780 | | $ | 706.71 |
| Cezon, Diane M | 263418 | | $ | 958.26 |
| Chairez, Brenda | 291936 | | $ | 10.00 |
| Chase, James | 277388 | | $ | 755.28 |
| Chase, Peter R | 125633 | | $ | 802.54 |
| Chavez Mena, Jose Luis | 176548 | | $ | 10.00 |
| Chavez, Cesar E | 263110 | | $ | 958.26 |
| Chavez, Noel Jr | 291458 | | $ | 10.00 |
| Chhoeuy, Dyna | 276821 | | $ | 958.26 |
| Chia, David | 271088 | | $ | 958.26 |
| Choe, Danny K | 263406 | | $ | 958.26 |
| Choto, Francisco E | 109269 | | $ | 898.37 |

| | | | | |
|---|---|---|---|---|
| Clardy-Thomas, Cherilyn | 235562 | | $ | 10.00 |
| Clegg, Clifford W | 203868 | | $ | 958.26 |
| Clifford, Dean J | 125755 | | $ | 10.00 |
| Codoni, Steve D | 264255 | | $ | 230.64 |
| Coleman, Jonah L | 232956 | | $ | 10.00 |
| Colin, Joey M | 273336 | | $ | 10.00 |
| Collins, Mac C | 173319 | | $ | 10.00 |
| Collins, Tyrus W | 278217 | | $ | 10.00 |
| Contreras, Abelardo | 173320 | | $ | 10.00 |
| Contreras, Gerardo | 173321 | | $ | 10.00 |
| Contreras, Noe | 278648 | | $ | 10.00 |
| Contreras, Ruben | 231768 | | $ | 10.00 |
| Conway, Vashon S | 263261 | | $ | 958.26 |
| Cordova, Eduardo | 286154 | | $ | 10.00 |
| Cordova, Michael | 273333 | | $ | 958.26 |
| Corona, Mark R | 173322 | | $ | 10.00 |
| Corral, Ramiro P | 292150 | | $ | 179.67 |
| Cortes, Jesus O | 173323 | | $ | 10.00 |
| Cortes, Jose | 178130 | | $ | 10.00 |
| Cortez, Francisco | 173324 | | $ | 10.00 |
| Cortez, Jaime | 286291 | | $ | 10.00 |
| Cortez, Misael Z | 173325 | | $ | 10.00 |
| Cortez, Ricardo J | 272469 | | $ | 958.26 |
| Coto, Jaime | 125986 | | $ | 10.00 |
| Crane, Charles E | 145967 | | $ | 10.00 |
| Crawford, Ella R | 106478 | | $ | 10.00 |
| Cuellar, Christian O | 276862 | | $ | 10.00 |
| Daniel, Teresa | 176551 | | $ | 10.00 |
| Davalos, Rafael | 262906 | | $ | 958.26 |
| De Ausen, Jose | 286137 | | $ | 10.00 |
| De La Garza, Alfredo | 177771 | | $ | 10.00 |
| De La Torre, Jorge | 173330 | | $ | 10.00 |
| De La Torre, Maria | 173331 | | $ | 10.00 |
| De Leon, Fabian | 173332 | | $ | 10.00 |
| DeGrace, John J | 263338 | | $ | 958.26 |
| Del Rosario, Gary | 285517 | | $ | 10.00 |
| DeLaCruz, Salvador | 261758 | | $ | 10.00 |
| DeLeon, Carlos | 184208 | | $ | 10.00 |
| Delgadillo, Cecilia | 176142 | | $ | 10.00 |
| Delia, Mark | 275390 | | $ | 1,088.24 |
| DeNu, Jeremy | 291815 | | $ | 107.80 |
| DePaula, Mark | | 802076142 | $ | 181.63 |
| Desposorio, Vicenta | 173336 | | $ | 10.00 |
| Diaz Naranjo, Carlos | 277298 | | $ | 968.76 |
| Diaz, Antonio | 264222 | | $ | 462.27 |
| Diaz, Ivan | 173338 | | $ | 10.00 |
| Diaz, Moises | 173339 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Dickinson, Cory | 263074 | | $ | 958.26 |
| Dimacali, Alpha Iona A | 176691 | | $ | 83.85 |
| Dodge, Susan M | 126500 | | $ | 958.26 |
| Donohue, Robert | 267951 | | $ | 958.26 |
| Drayton, Richard D | 263262 | | $ | 958.26 |
| Duarte, Armando | 173344 | | $ | 10.00 |
| Duenas, Demetrio | 173345 | | $ | 10.00 |
| Duenas, Laura L | 173346 | | $ | 10.00 |
| Earl, Markese S | 261759 | | $ | 10.00 |
| Echazabal, Max | 236080 | | $ | 10.00 |
| Eckes, John J | 264707 | | $ | 958.26 |
| Eddings, Mark | 109410 | | $ | 10.00 |
| Elias, Rebeca | 176553 | | $ | 10.00 |
| Elisarraraz, John L | 292136 | | $ | 179.67 |
| Emerson, Jeffrey S | 252386 | | $ | 10.00 |
| Emery, Kenneth R | 229055 | | $ | 10.00 |
| Engineer, Keki B | 173351 | | $ | 10.00 |
| Enriquez, Jesus | 173353 | | $ | 10.00 |
| Enriquez, Max | 262962 | | $ | 958.26 |
| Escobar, Juan C | 269305 | | $ | 10.00 |
| Espinoza, Maria L | 176748 | | $ | 10.00 |
| Espinoza, Mario | 173357 | | $ | 10.00 |
| Etherton, Brian T | 286243 | | $ | 778.58 |
| Fambrough, Robert Wayne Sr. | 262949 | | $ | 958.26 |
| Fierros, Maria G | 178134 | | $ | 10.00 |
| Flores, Alvaro | 173365 | | $ | 10.00 |
| Flores, Enrique | 173367 | | $ | 10.00 |
| Flores, Frank | 259726 | | $ | 10.00 |
| Flores, Jake R | 285634 | | $ | 874.41 |
| Flores, Raul P | 173372 | | $ | 10.00 |
| Flores, William | 288622 | | $ | 10.00 |
| Flores-Rodriguez, Hipolito M | 173368 | | $ | 10.00 |
| Fornoth, Dennis M | 172941 | | $ | 958.26 |
| Foster, Anthony C. | 263458 | | $ | 958.26 |
| Fraire, Monica | 173373 | | $ | 10.00 |
| Franco, Jose L | 173374 | | $ | 10.00 |
| Franco, Louis | 271220 | | $ | 10.00 |
| Franco, Ricky G | 110862 | | $ | 946.28 |
| Franklin, Jordan | 272915 | | $ | 958.26 |
| Frausto, Gloria M | 124466 | | $ | 10.00 |
| Freitas, Carlos Alberto | 263151 | | $ | 958.26 |
| Fuentes, Abilio | 176559 | | $ | 10.00 |
| Fuentes, Scotty J | 269304 | | $ | 10.00 |
| Galdamez, Juan J | 173377 | | $ | 10.00 |
| Galdamez, Romilio A | 235847 | | $ | 10.00 |
| Galeana, Luis M | 173378 | | $ | 10.00 |
| Galeana, Margarita | 176561 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Galindo, Manuel | 262820 | | $ | 59.89 |
| Gallardo, Frank L | 263108 | | $ | 958.26 |
| Gallegos, Rudy H | 272711 | | $ | 10.00 |
| Gallison, Bradley | 259720 | | $ | 958.26 |
| Gambell, Randal | 252077 | | $ | 10.00 |
| Gambito, Sabas I | 263414 | | $ | 958.26 |
| Gamez, Walter N | 173381 | | $ | 10.00 |
| Garabedian, Remington | 232957 | | $ | 10.00 |
| Garcia, Anthony P | 127333 | | $ | 10.00 |
| Garcia, Blake | 270650 | | $ | 754.63 |
| Garcia, Daniel | 273456 | | $ | 10.00 |
| Garcia, David III | 234458 | | $ | 958.26 |
| Garcia, Dina S | 177774 | | $ | 10.00 |
| Garcia, Enrique G | 279393 | | $ | 610.89 |
| Garcia, Herminio | 173385 | | $ | 10.00 |
| Garcia, Irineo | 285669 | | $ | 10.00 |
| Garcia, Jose A | 291874 | | $ | 227.59 |
| Garcia, Jose Jr | 250727 | | $ | 10.00 |
| Garcia, Juan M | 177772 | | $ | 10.00 |
| Garcia, Kimberly | 292249 | | $ | 10.00 |
| Garcia, Manuel | 173389 | | $ | 10.00 |
| Garcia, Manuel Jr | 178889 | | $ | 10.00 |
| Garcia, Rafael | 292238 | | $ | 10.00 |
| Garcia, Richard AC Jr | 182196 | | $ | 10.00 |
| Garcia, Salvador | 173390 | | $ | 10.00 |
| Garcia, Sonia | 173392 | | $ | 10.00 |
| Garcia, Steven E | 291873 | | $ | 227.59 |
| Garza, Gilbert Jr | 232319 | | $ | 10.00 |
| Garza, Raul S | 280362 | | $ | 958.26 |
| Gaytan, Maria | 173394 | | $ | 10.00 |
| Getman, Patricia | 273966 | | $ | 1,190.73 |
| Ghent, Giovanni Martin | 264027 | | $ | 1,535.45 |
| Glendenning, Madisen | 274818 | | $ | 1,173.41 |
| Godinez, Araceli R | 173397 | | $ | 10.00 |
| Godinez, Oscar T | 276170 | | $ | 958.26 |
| Godoy, Roberto | 173398 | | $ | 10.00 |
| Gomez, Alfredo J | 292116 | | $ | 10.00 |
| Gomez, Carlos | 287049 | | $ | 10.00 |
| Gomez, John Anthony | 235565 | | $ | 10.00 |
| Gomez, Mario J | 262891 | | $ | 958.26 |
| Gomez, Ramiro G | 230469 | | $ | 958.26 |
| Gomez, Samuel A | 173403 | | $ | 10.00 |
| Gonzales, Edward | 173406 | | $ | 10.00 |
| Gonzales, Mark | 273517 | | $ | 10.00 |
| Gonzales, Patricia | 173407 | | $ | 10.00 |
| Gonzalez, Brian K | 136403 | | $ | 10.00 |
| Gonzalez, Jaime | 264140 | | $ | 1,591.25 |

| | | | | |
|---|---|---|---|---|
| Gonzalez, Jose | 173409 | | $ | 10.00 |
| Gonzalez, Manuel | 173411 | | $ | 10.00 |
| Gonzalez, Mariana | 173412 | | $ | 10.00 |
| Gonzalez, Martin | 289366 | | $ | 10.00 |
| Goossen, Paul J | 229851 | | $ | 10.00 |
| Gosik, Rodi  P | 172951 | | $ | 958.26 |
| Grier, Karlos S | 278055 | | $ | 10.00 |
| Grigsby, Dwight W | 232124 | | $ | 10.00 |
| Grosjean, Adalina | 173417 | | $ | 10.00 |
| Gudino, Margarito | 173418 | | $ | 10.00 |
| Guerrero, Efrain | 173419 | | $ | 10.00 |
| Guerrero, Phillip Jr. | 127840 | | $ | 10.00 |
| Guevara, Adriana | 173420 | | $ | 10.00 |
| Gutierrez, Elias M | 273335 | | $ | 10.00 |
| Gutierrez, Ernesto | 173422 | | $ | 10.00 |
| Gutierrez, Gilbert | 127892 | | $ | 958.26 |
| Gutierrez, Maria | 173424 | | $ | 10.00 |
| Gutierrez, Mariano R | 259351 | | $ | 958.26 |
| Gutierrez, Orlando | 291160 | | $ | 10.00 |
| Gutierrez, Rafael | 173426 | | $ | 10.00 |
| Guyton, Xavier C | 291946 | | $ | 203.63 |
| Guzman, Albert R | 273768 | | $ | 10.00 |
| Guzman, Joe JR | 127906 | | $ | 958.26 |
| Guzman, Norma | 107781 | | $ | 10.00 |
| Guzman, Robert M | 173427 | | $ | 10.00 |
| Hampton, Kevin A | 128024 | | $ | 958.26 |
| Hardisty, Kenneth E | 263049 | | $ | 958.26 |
| Harrington, Kyle E | 262839 | | $ | 958.26 |
| Harris, Wendie | | 802085366 | $ | 10.00 |
| Harrison, William C | 264241 | | $ | 858.73 |
| Hartoon Jr, Ronald D | 263059 | | $ | 958.26 |
| Hartsell, Marcus | 278010 | | $ | 393.08 |
| Hartzell, Warren J | 262974 | | $ | 958.26 |
| Hassinger, Rebecca M. | 267670 | | $ | 958.26 |
| Hatos, Michelle | 172957 | | $ | 958.26 |
| Hattin, Ronald D Jr | 273767 | | $ | 10.00 |
| Hawkins, Sean B | 255962 | | $ | 10.00 |
| Heinen, Robert | 271218 | | $ | 10.00 |
| Her, Zer | 253648 | | $ | 10.00 |
| Hernandez, Adrian | 173434 | | $ | 10.00 |
| Hernandez, Alexis | 278470 | | $ | 581.78 |
| Hernandez, Ana Maria | 234552 | | $ | 10.00 |
| Hernandez, Angeles | 173435 | | $ | 10.00 |
| Hernandez, Antonio P | 255555 | | $ | 10.00 |
| Hernandez, Buenaventura | 173437 | | $ | 10.00 |
| Hernandez, Heriberto | 173440 | | $ | 10.00 |
| Hernandez, Humberto | 262913 | | $ | 958.26 |

| | | | | |
|---|---|---|---|---|
| Hernandez, Jose L | 176753 | | $ | 10.00 |
| Hernandez, Juventino | 173443 | | $ | 10.00 |
| Hernandez, Luis E | 291934 | | $ | 10.00 |
| Hernandez, Manuel P Jr | 255960 | | $ | 10.00 |
| Hernandez, Miguel | 173445 | | $ | 10.00 |
| Hernandez, Miguel S | 173444 | | $ | 10.00 |
| Hernandez, Raymond | 173446 | | $ | 10.00 |
| Hernandez, Reyna | 173447 | | $ | 10.00 |
| Hernandez-Fuller, Melida | 176560 | | $ | 10.00 |
| Herrera, Ismael | 176566 | | $ | 10.00 |
| Herrera, Martin | 173449 | | $ | 10.00 |
| Hicks, Lisa L | 236461 | | $ | 10.00 |
| Higginson, Sage T. | 262563 | | $ | 958.26 |
| Hines, Michael W | 263087 | | $ | 958.26 |
| Hoang, Hung D | 128531 | | $ | 898.37 |
| Hollenbeck, Douglas | 271333 | | $ | 10.00 |
| Hollenhorst, Michael A | 230452 | | $ | 958.26 |
| How, Wan P | 107843 | | $ | 10.00 |
| Hrock, Nancy L | 263438 | | $ | 958.26 |
| Huerta, Jaime | 173454 | | $ | 10.00 |
| Hunsaker, Jerry L Jr | 263456 | | $ | 958.26 |
| Husted, Michael A | 291038 | | $ | 323.41 |
| Ibarra, Ramon | 173460 | | $ | 10.00 |
| Inman, Donald | 180116 | | $ | 958.26 |
| Islas, Lorena | 173465 | | $ | 10.00 |
| Jacinto, Don | 128897 | | $ | 10.00 |
| Jacinto, Tony | 275456 | | $ | 10.00 |
| Jackson, Brian L | 128901 | | $ | 107.80 |
| Jackson, John Eric | 263399 | | $ | 958.26 |
| Jackson, Rudy S | 276865 | | $ | 10.00 |
| Jackson, Terry L | 287235 | | $ | 10.00 |
| Jaramillo, Eduardo | 173471 | | $ | 10.00 |
| Jaramillo, Elias | 173472 | | $ | 10.00 |
| Jarme, Francis Joseph | 278661 | | $ | 958.26 |
| Jeffrey, Raymond C | 285670 | | $ | 10.00 |
| Jensen, Brian A. | 262647 | | $ | 275.50 |
| Jeronimo, Carlos Mediros | 264546 | | $ | 958.26 |
| Jimenez, Chris | 111139 | | $ | 10.00 |
| Jimenez, David | 291457 | | $ | 10.00 |
| Jimenez, Ignacia | 173478 | | $ | 10.00 |
| Jimenez, Paul J | 285671 | | $ | 10.00 |
| Johnson, Darren | 271219 | | $ | 10.00 |
| Jones, Christopher E | 231230 | | $ | 10.00 |
| Jones, Gwen A | 173481 | | $ | 10.00 |
| Joyce, David W | 262963 | | $ | 958.26 |
| Juarez, Edgar | 173482 | | $ | 10.00 |
| Juarez, Francisco J | 173483 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Juarez, Miguel | 176152 | | $ | 10.00 |
| Jurado, Edward | 263735 | | $ | 958.26 |
| Keith, Mike J | 173487 | | $ | 10.00 |
| Kepler, Maynard M | 292237 | | $ | 10.00 |
| Kha, Duong | 173490 | | $ | 10.00 |
| Kha, Van J | 173491 | | $ | 10.00 |
| Kiley, Derek T | 264099 | | $ | 1,528.67 |
| Kim, Shawn | | 802041243 | $ | 181.63 |
| Kim, Soyun S | 129419 | | $ | 10.00 |
| King, Leone S | 262915 | | $ | 958.26 |
| King, Timothy John | 263353 | | $ | 958.26 |
| Kovacevic, Charlyn R | 236249 | | $ | 10.00 |
| Krayem, Alfredo C | 235646 | | $ | 10.00 |
| Ku, Jacqueline Jai-Chi | 263442 | | $ | 850.45 |
| Kuriyama, Clifford | 264444 | | $ | 958.26 |
| Lamb, Darren W | 129690 | | $ | 898.37 |
| Lanas, Gustavo | 271217 | | $ | 10.00 |
| Landaker, Gary | 275369 | | $ | 898.37 |
| Langlo, Troy A | 263976 | | $ | 1,521.71 |
| Lara, Antonio | 173497 | | $ | 10.00 |
| Lara, Sergio | 173499 | | $ | 10.00 |
| Lawson, Wallen | 289990 | | $ | 179.67 |
| Leavell, Stephon D | 273459 | | $ | 10.00 |
| Lee, John W | 173501 | | $ | 10.00 |
| Lemus, Saul | 176569 | | $ | 10.00 |
| Leon, David | 173502 | | $ | 10.00 |
| Leon, Maria | 173503 | | $ | 10.00 |
| Lerille, Bryan A | 264229 | | $ | 958.26 |
| Lewis, James Jr | 275459 | | $ | 10.00 |
| Limon, Raul B | 173506 | | $ | 10.00 |
| Llamas, Felipe G | 263169 | | $ | 958.26 |
| Llanes, Erlinda S | 173507 | | $ | 10.00 |
| Loera, Maria | 173511 | | $ | 10.00 |
| Lomeli, Ladislao | 270624 | | $ | 1,370.11 |
| Lomier, Joshua R | 275024 | | $ | 10.00 |
| Long, Ryan N | 230076 | | $ | 10.00 |
| Lopez, Avilio D | 176998 | | $ | 10.00 |
| Lopez, Daniel R | 259273 | | $ | 10.00 |
| Lopez, Delfino | 176746 | | $ | 10.00 |
| Lopez, Eddie A | 173514 | | $ | 10.00 |
| Lopez, Edwin | 263163 | | $ | 2,321.92 |
| Lopez, Edwin J | 280163 | | $ | 10.00 |
| Lopez, Henry | 234897 | | $ | 10.00 |
| Lopez, Jesse | 228673 | | $ | 10.00 |
| Lopez, Jorge A | 262960 | | $ | 958.26 |
| Lopez, Jose M | 292229 | | $ | 10.00 |
| Lopez, Rafael H | 263467 | | $ | 958.26 |

| | | | | |
|---|---|---|---|---|
| Lopez, Rodolfo A | 173516 | | $ | 10.00 |
| Lopez, Vincent | | 802047682 | $ | 10.00 |
| Lorenzo, Justo | 291159 | | $ | 10.00 |
| Loza, Enrique | 173517 | | $ | 10.00 |
| Lozano, Coralia | 173518 | | $ | 10.00 |
| Luanzon, Valente B | 236633 | | $ | 10.00 |
| Lujan, Arthur | 277002 | | $ | 10.00 |
| Luna, Elias G | 235929 | | $ | 10.00 |
| Luna, Eric | 279026 | | $ | 610.89 |
| Luna, Isaac V | 271196 | | $ | 958.26 |
| Luna, Lester M | 258358 | | $ | 10.00 |
| Luna, Manuel | 173519 | | $ | 10.00 |
| Luna, Teresa | 173521 | | $ | 10.00 |
| Macaraeg, Chrisostomo | 173524 | | $ | 10.00 |
| Mace, Lee | 173526 | | $ | 10.00 |
| Machado, Edgar | 173527 | | $ | 10.00 |
| Macias, Manuel R | 130264 | | $ | 958.26 |
| Madrigal, William D | 173529 | | $ | 10.00 |
| Maldonado, Antonio | 173534 | | $ | 10.00 |
| Maldonado, Victor | 177775 | | $ | 10.00 |
| Malinowski, John | 277194 | | $ | 958.26 |
| Mancilla, David J | 271804 | | $ | 10.00 |
| Mancilla, Martha | 173537 | | $ | 10.00 |
| Manger, William D | 201903 | | $ | 10.00 |
| Manor, Ralph A | 263104 | | $ | 203.63 |
| Mansoor, Elnor Z | 173538 | | $ | 10.00 |
| Marines, Jason Lee | 192439 | | $ | 10.00 |
| Mariscal, Francisco | 236076 | | $ | 10.00 |
| Marquez, Eduardo G | 259023 | | $ | 958.26 |
| Marquez, Gerardo | 173542 | | $ | 10.00 |
| Marquez, Jose G | 172980 | | $ | 958.26 |
| Martin, Anthony Angelo | 262537 | | $ | 958.26 |
| Martin, Jay L | 180247 | | $ | 83.85 |
| Martindale, Joshua | 272673 | | $ | 958.26 |
| Martinez, Anthony M | 261760 | | $ | 10.00 |
| Martinez, Arnold | 173545 | | $ | 10.00 |
| Martinez, Carlos A | 271195 | | $ | 958.26 |
| Martinez, David A | 274653 | | $ | 958.26 |
| Martinez, Gary F | 230075 | | $ | 10.00 |
| Martinez, Hugo | 173547 | | $ | 10.00 |
| Martinez, Jacob | 271533 | | $ | 958.26 |
| Martinez, Juan F | 263073 | | $ | 958.26 |
| Martinez, Pablo | 286077 | | $ | 10.00 |
| Martinez, Rogelio Jr | 234328 | | $ | 10.00 |
| Martinez, Rosa M | 173552 | | $ | 10.00 |
| Martinez, Victor | 259814 | | $ | 10.00 |
| Martinez, Yoseli M | 270213 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Marz, Roger J | 178521 | | $ | 10.00 |
| Massie, Robert W | 278056 | | $ | 10.00 |
| Mateo, James | 291111 | | $ | 299.46 |
| McClain, Larry | 273248 | | $ | 1,208.43 |
| McGarry, John S | 264139 | | $ | 958.26 |
| McInnis, Edward W | 235712 | | $ | 10.00 |
| McKenzie, Shannon | 130681 | | $ | 10.00 |
| McKinney, David  C | 172986 | | $ | 958.26 |
| McLean, Scott David | 222890 | | $ | 958.26 |
| McLeod, John | | 802079135 | $ | 10.00 |
| Medina Jr, Manuel | 176571 | | $ | 10.00 |
| Medina, Alfonso | 173557 | | $ | 10.00 |
| Medina, Josiah | 292230 | | $ | 83.85 |
| Medina, Martin | 262907 | | $ | 958.26 |
| Medina, Rosa | 173558 | | $ | 10.00 |
| Mejia, Juana | 173561 | | $ | 10.00 |
| Mejia, Santos | 173562 | | $ | 10.00 |
| Mendoza, Anthony | 173565 | | $ | 10.00 |
| Mendoza, Jimmy | 263647 | | $ | 958.26 |
| Mendoza, Jose G | 234391 | | $ | 10.00 |
| Mendoza, Mario R Jr | 291498 | | $ | 10.00 |
| Merino, David | 290885 | | $ | 299.46 |
| Metcalf, John A III | 278848 | | $ | 443.19 |
| Metzger, John | 263471 | | $ | 443.19 |
| Meza, Adolfo R | 173566 | | $ | 10.00 |
| Meza, Ernesto D | 257242 | | $ | 10.00 |
| Meza, Gustavo A | 235647 | | $ | 10.00 |
| Meza, Jesus | 263739 | | $ | 958.26 |
| Millender, Olbert J. | 262333 | | $ | 131.76 |
| Mintey, Darby | 292137 | | $ | 179.67 |
| Miranda, Juan M | 173568 | | $ | 10.00 |
| Miranda, Lucia L | 261764 | | $ | 922.32 |
| Miranda, Melinda B | 231306 | | $ | 11.98 |
| Mitchell, John E | 263470 | | $ | 958.26 |
| Mlecik, Rona | 260020 | | $ | 958.26 |
| Monreal, Maria | 176572 | | $ | 10.00 |
| Monroy, Marcos | 173571 | | $ | 10.00 |
| Montenegro, Patricia | 173573 | | $ | 10.00 |
| Montes, George | 228172 | | $ | 958.26 |
| Moon, Richard | 173574 | | $ | 10.00 |
| Moore, James E | 263170 | | $ | 958.26 |
| Mora, Alicia | 173575 | | $ | 10.00 |
| Mora, Jesus E | 177760 | | $ | 10.00 |
| Morales, Emmanuel J | 255892 | | $ | 586.93 |
| Morales, Francesca R | 257889 | | $ | 10.00 |
| Morales, Nico A | 276864 | | $ | 10.00 |
| Moran, Jess | 271335 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Morelos, Daniel C | 278216 | | $ | 10.00 |
| Moreno, Carol | 111428 | | $ | 10.00 |
| Moreno, Miguel A | 264401 | | $ | 958.26 |
| Moreno, Salvador | 173579 | | $ | 10.00 |
| Morimitsu, Hernando | 173581 | | $ | 10.00 |
| Mosquera, Ramil P | 250728 | | $ | 10.00 |
| Munguia, Christian | 173583 | | $ | 10.00 |
| Muniz, Mario JR | 180552 | | $ | 958.26 |
| Munoz, Gabriel | 176144 | | $ | 10.00 |
| Munoz, Samuel | 235566 | | $ | 10.00 |
| Munsterman, Kelly H | 136435 | | $ | 958.26 |
| Murphy, Kenneth B | 264813 | | $ | 958.26 |
| Mutuc, Ronald | 289661 | | $ | 10.00 |
| Nabarrete, Gabriel T | 278647 | | $ | 10.00 |
| Najar, Bernardino III | 250916 | | $ | 10.00 |
| Najarro, Abel | 173586 | | $ | 10.00 |
| Nerden, Robert L | 173590 | | $ | 10.00 |
| Nguyen, Bao T | 173593 | | $ | 10.00 |
| Nguyen, Huy Q | 173594 | | $ | 10.00 |
| Nguyen, Thinh | 173595 | | $ | 10.00 |
| Noboa, Lidia | 173596 | | $ | 10.00 |
| Norberte, Robert | 275457 | | $ | 10.00 |
| Norman, Caleb C | 259528 | | $ | 10.00 |
| Nunez, Gary J | 173597 | | $ | 10.00 |
| Nunez, Juan | 273519 | | $ | 10.00 |
| Nunez-Torres, Victor | 173599 | | $ | 10.00 |
| Olson, Daniel | 264556 | | $ | 958.26 |
| Olson, Mike | 173601 | | $ | 10.00 |
| Omana, Joseph Segui | 260031 | | $ | 958.26 |
| O'Neal, Timothy G. | 262332 | | $ | 634.85 |
| Oropallo, Michael Christopher | 263397 | | $ | 958.26 |
| Orozco, Eddie | 263636 | | $ | 958.26 |
| Orozco, Henry | 263575 | | $ | 958.26 |
| Orozco, Pedro | 176573 | | $ | 10.00 |
| Orozco, Salvador J | 173603 | | $ | 10.00 |
| Orozco, Saul | 176999 | | $ | 10.00 |
| Ortega, Jose M | 263453 | | $ | 958.26 |
| Ortega, Maria T | 173608 | | $ | 10.00 |
| Ortega, Vicente M | 173610 | | $ | 10.00 |
| Ortiz, Teresa | 173612 | | $ | 10.00 |
| Osborn, Scott B | 286190 | | $ | 10.00 |
| Osorio, Nelson E | 173613 | | $ | 10.00 |
| Osti, Robert L | 253115 | | $ | 10.00 |
| Ott, Jennifer | 277087 | | $ | 971.37 |
| Pacheco, Luis | 289317 | | $ | 515.06 |
| Padilla, Edgar | 273068 | | $ | 958.26 |
| Padilla, Joseph A | 229351 | | $ | 10.00 |

| Name | ID | ID2 | | Amount |
|---|---|---|---|---|
| Paez, Carmen | 173616 | | $ | 10.00 |
| Palacio, John M | 173618 | | $ | 10.00 |
| Palacios Lopez, Oscar | 173515 | | $ | 10.00 |
| Palacios, Armando A | 173619 | | $ | 10.00 |
| Palacios, Veronica | 173620 | | $ | 10.00 |
| Palafox, Max A | 251918 | | $ | 10.00 |
| Palma, Julio R | 291076 | | $ | 275.50 |
| Palmer, Dawana | 272472 | | $ | 371.32 |
| Pannell, Bridgette L | 275023 | | $ | 10.00 |
| Pantoja, Juan A | 287243 | | $ | 131.76 |
| Pappas, Thomas Gregory | 236462 | | $ | 10.00 |
| Parmelee, Justin R | 257888 | | $ | 10.00 |
| Pearson, Robert G | 173003 | | $ | 958.26 |
| Peart, N. James | 263500 | | $ | 958.26 |
| Pelayo, Leticia | 173625 | | $ | 10.00 |
| Pelayo-Osorio, Victor | 236632 | | $ | 10.00 |
| Pen, Vanno | 292117 | | $ | 10.00 |
| Pena, Jose | 173627 | | $ | 10.00 |
| Perez, Armando | 173631 | | $ | 10.00 |
| Perez, Daniel Rocky | 180873 | | $ | 10.00 |
| Perez, Gabriel | 173632 | | $ | 10.00 |
| Perez, Jesus | 292236 | | $ | 10.00 |
| Perez, Jose A | 275458 | | $ | 10.00 |
| Perez, Jose E | 173633 | | $ | 10.00 |
| Perez, Maria | 292234 | | $ | 10.00 |
| Perez, Miguel Marsial | 173634 | | $ | 10.00 |
| Perez, Roy Jr | 288153 | | $ | 10.00 |
| Perez-Rosales, Jose G | 279624 | | $ | 958.26 |
| Perry, Zavier W | 289365 | | $ | 10.00 |
| Pham, Henry H | 197919 | | $ | 203.63 |
| Phung, Steven | 173635 | | $ | 10.00 |
| Pickens, John E | 263251 | | $ | 958.26 |
| Pimentel, Gilbert R | 236634 | | $ | 10.00 |
| Pineda, Carlos | 173636 | | $ | 10.00 |
| Pittman, Forrest | 273458 | | $ | 10.00 |
| Placencia, Pete | 273127 | | $ | 958.26 |
| Porter, Joshua A | 270220 | | $ | 10.00 |
| Prater, Adam | | 802046939 | $ | 10.00 |
| Preciado, Michael A | 173641 | | $ | 10.00 |
| Puig Aste, Jaime | 292235 | | $ | 10.00 |
| Quezada, Joaquin | 262970 | | $ | 467.15 |
| Quezada, Juan R | 263196 | | $ | 958.26 |
| Quezada-Mendoza, Guadalupe | 173484 | | $ | 10.00 |
| Quijas, Luis | 268499 | | $ | 958.26 |
| Quiroz, Artemio | 260045 | | $ | 958.26 |
| Quiroz, Gregorio | 236460 | | $ | 10.00 |
| Ramirez, Alfonso | 173647 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Ramirez, Fidel | 263342 | | $ | 850.45 |
| Ramirez, Gerardo | 173648 | | $ | 10.00 |
| Ramirez, Jerry | 279604 | | $ | 10.00 |
| Ramirez, Jesse | 173649 | | $ | 10.00 |
| Ramirez, Jose L | 132181 | | $ | 958.26 |
| Ramirez, Lawrence F | 263113 | | $ | 958.26 |
| Ramirez, Natalia R | 277664 | | $ | 11.98 |
| Ramirez, Pedro N | 290957 | | $ | 323.41 |
| Ramirez, Philip Gene | 132188 | | $ | 10.00 |
| Ramos Valladares, Carlos A | 173651 | | $ | 10.00 |
| Ramos, Greg Jr | 235215 | | $ | 10.00 |
| Rayo, Edgar | 291935 | | $ | 10.00 |
| Reddy, Damendran | 173653 | | $ | 10.00 |
| Renderos Beltran, Alexander B | 173655 | | $ | 10.00 |
| Renteria, Julian | 270214 | | $ | 10.00 |
| Reyes, David Jr | 292276 | | $ | 10.00 |
| Reyes, Dennis | 263069 | | $ | 958.26 |
| Reyes, Jesus S | 173657 | | $ | 10.00 |
| Reyes, Jose | 173658 | | $ | 10.00 |
| Reyes, Miguel | 173659 | | $ | 10.00 |
| Reyna Cazares, Ramon | 173661 | | $ | 10.00 |
| Reynolds, James P | 252418 | | $ | 10.00 |
| Reynoso, Carlos A | 263972 | | $ | 1,328.49 |
| Reza, Bobby C | 263252 | | $ | 958.26 |
| Rios De Perez, Gabriela | 178131 | | $ | 10.00 |
| Rios, Carlos | 263267 | | $ | 958.26 |
| Rios, Gonzalo | 173664 | | $ | 10.00 |
| Rios, Jesse | 173665 | | $ | 10.00 |
| Rivas, Carlos A | 272082 | | $ | 802.54 |
| Rivas, Leonardo Garcia | 263109 | | $ | 958.26 |
| Rivera, Eugenio | 108131 | | $ | 10.00 |
| Rivera, Ismael | 173667 | | $ | 10.00 |
| Rivera, Jose Luis | 262705 | | $ | 958.26 |
| Rivera, Marlo | 273338 | | $ | 10.00 |
| Rivera, Silvia | 173670 | | $ | 10.00 |
| Robinson, Derrick | 228971 | | $ | 10.00 |
| Robles, Rene | 173672 | | $ | 10.00 |
| Rodriguez, Anna R | 173678 | | $ | 10.00 |
| Rodriguez, Danny L | 251915 | | $ | 10.00 |
| Rodriguez, Ernesto | 173681 | | $ | 10.00 |
| Rodriguez, Hector | 177777 | | $ | 10.00 |
| Rodriguez, Jose L | 177759 | | $ | 10.00 |
| Rodriguez, Norma P | 132573 | | $ | 10.00 |
| Rodriguez, Raymond | 173687 | | $ | 10.00 |
| Rodriguez, Rene | 173688 | | $ | 10.00 |
| Rodriguez, Salvador | 250915 | | $ | 10.00 |
| Rodriguez, Susana | 173690 | | $ | 10.00 |

| | | | |
|---|---|---|---|
| Rodriguez-Iniguez, Abraham | 173691 | $ | 10.00 |
| Rodriquez, Sally C | 107158 | $ | 10.00 |
| Roldan, Victor J | 263179 | $ | 958.26 |
| Romero, Sergio | 173693 | $ | 10.00 |
| Romero, Victor Alejandro | 262971 | $ | 958.26 |
| Rosales, Victor | 173695 | $ | 10.00 |
| Rosas, Angel | 173696 | $ | 10.00 |
| Rosas, Richard | 226871 | $ | 958.26 |
| Rose, Maricella | 271336 | $ | 10.00 |
| Roy, Monica L | 169384 | $ | 958.26 |
| Rubio Alencaster, Loreto | 173701 | $ | 10.00 |
| Rubio, Yolanda | 176745 | $ | 10.00 |
| Ruiz, Joel Fidel | 262668 | $ | 958.26 |
| Ruvalcaba, David | 173705 | $ | 10.00 |
| Saelaw, Chieng | 263469 | $ | 958.26 |
| Saladino, Warlita F | 173708 | $ | 10.00 |
| Salazar, Edwin O | 263106 | $ | 958.26 |
| Salazar, Fernando | 229549 | $ | 10.00 |
| Salazar, Gerardo | 111666 | $ | 419.24 |
| Salazar, Romeo A | 263473 | $ | 958.26 |
| Salinas Martinez, Rafael | 173715 | $ | 10.00 |
| Salmeron, Fidel Jr | 233824 | $ | 10.00 |
| Sanchez, Arthur M | 271805 | $ | 10.00 |
| Sanchez, Enrique | 173717 | $ | 10.00 |
| Sanchez, Laura M | 144192 | $ | 958.26 |
| Sanchez, Ruben Esteban | 262710 | $ | 958.26 |
| Sanchez, Ruben J | 173720 | $ | 10.00 |
| Sanchez, Sammy V | 256558 | $ | 10.00 |
| Sandoval, Marcia | 173723 | $ | 10.00 |
| Sandoval, Miriam | 173724 | $ | 10.00 |
| Sandoval, Narciso | 173725 | $ | 10.00 |
| Sandoval, Oscar | 290172 | $ | 371.32 |
| Santillan, Victor H | 262961 | $ | 850.45 |
| Santizo, Priscilla | 173728 | $ | 10.00 |
| Santos, Michael J | 278054 | $ | 10.00 |
| Saucedo, Clara | 173731 | $ | 10.00 |
| Sayles, Taidje H | 251914 | $ | 10.00 |
| Schenck, Andrew G | 255843 | $ | 1,002.43 |
| Schlink, Steve A | 228972 | $ | 10.00 |
| Schmall, Gary D | 108173 | $ | 10.00 |
| Schultz, Elizabeth I | 235930 | $ | 10.00 |
| Sehdev, Arun | 287066 | $ | 107.80 |
| Serrano, Dina D | 173735 | $ | 10.00 |
| Serrano, Luciano | 173736 | $ | 10.00 |
| Serrano, Miguel | 173737 | $ | 10.00 |
| Serrato, Jesus | 173738 | $ | 10.00 |
| Shaffer, Rashaun L | 266798 | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Shelton, Brandie | 234130 | | $ | 10.00 |
| Shiu, Kwok Fai | 286257 | | $ | 754.63 |
| Sibillo, Francesco P | 263475 | | $ | 958.26 |
| Sievers, Jacob Jay | 107234 | | $ | 10.00 |
| Silva, Ana | 173744 | | $ | 10.00 |
| Simpson, Doug W | 267559 | | $ | 958.26 |
| Sims, Paul C | 263150 | | $ | 958.26 |
| Sinawski, Mark D | 110194 | | $ | 10.00 |
| Singh, Mohinder | 235567 | | $ | 10.00 |
| Smith, Daniel Joseph | 286138 | | $ | 10.00 |
| Smith, Derek Lee | 263981 | | $ | 291.41 |
| Smith, Everett Jr | 275025 | | $ | 10.00 |
| Smith, Jason J | 286400 | | $ | 730.67 |
| Solis, Sergio G | 262862 | | $ | 958.26 |
| Soriano, Oscar | 173747 | | $ | 10.00 |
| Sosa, Arcadio | 263264 | | $ | 958.26 |
| Sotelo, Sonia | 173749 | | $ | 10.00 |
| Soto, Guadalupe | 173750 | | $ | 10.00 |
| Soto, Raquel | 176581 | | $ | 10.00 |
| Spindler, Kyle P | 236071 | | $ | 10.00 |
| St Louis, Edward J | 133619 | | $ | 10.00 |
| Stewart, Daniel B | 264254 | | $ | 1,499.20 |
| Stocker, Brandy M | 289367 | | $ | 10.00 |
| Stralo, William | 263447 | | $ | 958.26 |
| Sullilvan, Kevin P. | | 802081325 | $ | 10.00 |
| Sykes, Marcandis | 292660 | | $ | 10.00 |
| Tafoya, Anthony Joesph | 262348 | | $ | 958.26 |
| Takagi, Dewey | 264107 | | $ | 1,535.94 |
| Takeda, Austin T | 269582 | | $ | 10.00 |
| Talamantes, Lucieann | 267506 | | $ | 1,510.52 |
| Talarino, Matt | 133929 | | $ | 10.00 |
| Tamayo, Sergio | 133936 | | $ | 155.72 |
| Teague, Hillary | 278474 | | $ | 826.50 |
| Tejeda, Rosa | 173760 | | $ | 10.00 |
| Texin, David B | 178263 | | $ | 946.28 |
| Thao, Bernard | 286075 | | $ | 10.00 |
| Thomas, Stephon I | 286191 | | $ | 10.00 |
| Tieu, Peter P | 256015 | | $ | 323.41 |
| Titus, Samuel D | 134174 | | $ | 10.00 |
| Tiumalu, John V | 262892 | | $ | 958.26 |
| Torres, Alberto | 173764 | | $ | 10.00 |
| Torres, David | 289318 | | $ | 515.06 |
| Torres, Derek C. | | 802046694 | $ | 10.00 |
| Torres, Jessie A | 250726 | | $ | 10.00 |
| Tran, Tam T | 173769 | | $ | 10.00 |
| Trujillo, Miguel Jr. | 262536 | | $ | 958.26 |
| Valdez, Carlos M | 263400 | | $ | 958.26 |

| | | | | |
|---|---|---|---|---|
| Valdez, Mario A | 263395 | | $ | 958.26 |
| Valdivia, Andy M | 173778 | | $ | 10.00 |
| Valencia, Luis | 173779 | | $ | 10.00 |
| Valencia, Steve | 262966 | | $ | 958.26 |
| Valenzuela, Angel | 173780 | | $ | 10.00 |
| Valenzuela, Angel M | 279603 | | $ | 10.00 |
| Valenzuela, Emiliano | 173781 | | $ | 10.00 |
| Valeriano, Jorge | 110328 | | $ | 11.98 |
| Valle, Jorge | 173784 | | $ | 10.00 |
| Van Alstine, Donald G Jr | 263067 | | $ | 958.26 |
| Van Hemert, Lisa Ree | 267537 | | $ | 1,517.03 |
| Vandersall, David L | 173031 | | $ | 958.26 |
| Vang, Dao | 229458 | | $ | 10.00 |
| Vargas, Maria | 173785 | | $ | 10.00 |
| Vasquez, Daniel J | 251753 | | $ | 10.00 |
| Vasquez, Marcos | 173789 | | $ | 10.00 |
| Vasquez, Roberto | 279319 | | $ | 958.26 |
| Velasquez, Edgar | 173795 | | $ | 10.00 |
| Velasquez, Julio | 173796 | | $ | 10.00 |
| Vera, Thelma M | 173798 | | $ | 10.00 |
| Vidal, Rudy T | 173799 | | $ | 10.00 |
| Vigil, Fernando | 291454 | | $ | 10.00 |
| Vihtelic, Mark L | 264318 | | $ | 958.26 |
| Villalpando, Jose | 173800 | | $ | 10.00 |
| Villanueva-Gonzalez, Oscar | 173801 | | $ | 10.00 |
| Villarreal, Steve P | 273337 | | $ | 10.00 |
| Villegas, Luis E | 180950 | | $ | 946.28 |
| Voss, Debra | 173803 | | $ | 10.00 |
| Vuu, Larry | 276823 | | $ | 958.26 |
| Wady, Michael M | 173805 | | $ | 10.00 |
| Webster, Steven H | 263474 | | $ | 958.26 |
| Wendal, Kasey A | 261311 | | $ | 958.26 |
| Whitbey, Robert D | 291114 | | $ | 299.46 |
| White, Anthony T | 263920 | | $ | 958.26 |
| Whiteman, Shawn M | 262632 | | $ | 958.26 |
| Williams, Chris | 108356 | | $ | 10.00 |
| Williams, Donald R | 228568 | | $ | 10.00 |
| Williams, Robert R | 269301 | | $ | 10.00 |
| Williamson, Dean A | 111969 | | $ | 83.85 |
| Wilson, Brian K | 263061 | | $ | 958.26 |
| Wilson, Gordon | | 47638 | $ | 10.00 |
| Wolfe, Robert L | 252613 | | $ | 10.00 |
| Worthington, Warde | 263638 | | $ | 958.26 |
| Wright, Samuel H | 173812 | | $ | 10.00 |
| Wu, Jose A | 263433 | | $ | 958.26 |
| Xiong, Leng | 263214 | | $ | 958.26 |
| Yakel, Austin E | 236070 | | $ | 10.00 |

| | | | | |
|---|---|---|---|---|
| Yewell, Steve | 276485 | | $ | 10.00 |
| Yocum, Joe E | 265093 | | $ | 958.26 |
| Yzaguirre, Jose L | 135388 | | $ | 10.00 |
| Zack, Daniel | 288154 | | $ | 10.00 |
| Zambrana, Lee M | 263083 | | $ | 958.26 |
| Zambrano, Jose L | 173815 | | $ | 10.00 |
| Zamora, Raquel | 292274 | | $ | 10.00 |
| Zamora, Rogelio Jr | 273339 | | $ | 10.00 |
| Zaragoza, Efrain | 173817 | | $ | 10.00 |
| Zaragoza, Ysidro | 173818 | | $ | 10.00 |
| Zavala, Fabiola | 259794 | | $ | 10.00 |
| Zavala, Petra | 263459 | | $ | 958.26 |
| Zepeda, Guillermo Jr | 236651 | | $ | 958.26 |
| Zuniga, Erlinda | 173823 | | $ | 10.00 |
| **TOTAL** | | | **$ 240,330.62** | |

$ 279,584.03

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HECTOR GARCIA, ROBERT CAHIGAL, BRIAN HOLLIDAY, and TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No.  3:15-cv-00319-WHO<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Before the Court is the Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

    1.    **Preliminary Certification of the Settlement Classes.**

    **California Rule 23 Class.**  For the purposes of settlement only, the Court preliminarily finds that the proposed California Rule 23 Class, as defined in the Settlement Agreement between the Parties (the "Settlement Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Accordingly, the Court certifies for settlement purposes only the following proposed California Rule 23 Classes:

> Individuals employed by PPG Industries, Inc. and/or any subsidiary (including PPG Architectural Finishes, Inc.) and/or any predecessor (including Akzo Nobel Paints LLC) in California during the period of January 22, 2011, through September 15, 2015, and who were classified as non-exempt, excluding, however, all Opt-in Plaintiffs and FLSA Class Members.

The Covered California Rule 23 Class Members are described in the Settlement Agreement and identified by name in **Exhibit B** of the Settlement Agreement.  Not later than fourteen (14) days

after the date of this Order, Defendant will provide the Claims Administrator with an Excel chart listing the names and last known addresses of the Covered California Rule 23 Class Members.

**FLSA Class.**  Pursuant to 29 U.S.C. § 216(b), the Court preliminarily certifies, for settlement purposes only, the following proposed FLSA Class (as set forth in **Exhibit A-2** of the Settlement Agreement):

> Individuals identified by Named Plaintiffs as being entitled to supplemental overtime wages earned in connection with the payment of incentive compensation associated with work performed from 2012 through 2015, excluding, however, all California Rule 23 Class Members and Opt-in Plaintiffs.

Not later than fourteen (14) days after the date of this Order, Defendant will provide the Claims Administrator with an Excel chart listing the names and last known addresses of the FLSA Class Members.

**Opt-in Plaintiffs** are the Named Plaintiffs and those other individuals who filed (and did not withdraw) written consents to join this action pursuant to 29 U.S.C. § 216(b).  Class Counsel and Defense Counsel have agreed upon a list of all Opt-in Plaintiffs, which is attached to the Settlement Agreement as **Exhibit A-1**.

2.     **Nullification.**  This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Settlement Agreement is not finally approved by the Court or if the Settlement Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3.     **Class Representatives.**  With respect to the California Rule 23 Class, the Court grants preliminary approval to Named Plaintiffs Hector Garcia, Robert Cahigal, and Tina Diemer, to serve as the Class Representatives.

4.     **Class Counsel.**  The Court conditionally appoints as Class Counsel for the California Rule 23 Class Laura L. Ho, Byron Goldstein, William C. Jhaveri-Weeks, of the law firm of Goldstein, Borgen, Dardarian & Ho (300 Lakeside Drive, Suite 1000, Oakland, CA 94612) and Bruce Fox and Andrew Horowitz of the law firm of Obermayer Rebmann Maxwell and Hippel LLC (BNY Mellon Center 500 Grant Street Suite 5240 Pittsburgh, PA 15219).

1          5.      **Preliminary Approval of the Settlement Agreement.**  The proposed settlement set

2   forth in the Settlement Agreement appears, upon preliminary review, to be fair, reasonable and

3   adequate and is therefore preliminarily approved subject to further consideration thereof at the Final

4   Approval Hearing, as provided in Paragraph 7 below.  It is found that the Notice of the proposed

5   Settlement should be given as provided in the Settlement Agreement and set forth in Paragraph 8

6   below.

7          6.      **Claims Administrator.**    KCC Class Action Services, LLC (the "Claims

8   Administrator"), is approved as administrator of the claims process as set forth in the Settlement

9   Agreement.

10          7.      **Fairness Hearing.**   Under Rule 23(e) of the Federal Rules of Civil Procedure, a

11   Fairness Hearing will be held on _____, 2016 at _____ to consider final approval of the

12   Settlement Agreement.  The date and time of the Final Approval Hearing shall be set forth in the

13   Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further

14   notice to the Class Members other than that which may be posted by the Court.

15          8.      **Notice to the Classes.**  The Notice of Proposed Settlement of Class Action Lawsuit

16   and Fairness Hearing (the "Notice") attached as **Exhibit D** to the Settlement Agreement, the Notice

17   of Settlement of Collective Action Lawsuit attached as **Exhibit E**, and the Opt-in Settlement Claim

18   Form and Release of Claims, attached as **Exhibit F** (collectively, the "Notice Materials") are

19   approved. The Court orders that the Claims Administrator mail the Notice Materials as set forth in

20   the Settlement Agreement to the members of the FLSA Class and Covered California Rule 23

21   Classes who are not already a Named or Opt-in Plaintiff (as listed on **Exhibit A-1** of the Settlement

22   Agreement), as set forth in the Settlement Agreement.

23          9.      **Participation in the Settlement.**   Any Member of the FLSA Class, who is not

24   already a Named or Opt-in Plaintiff as listed in **Exhibit A-1**, who wishes to participate in the

25   settlement, must execute and return an Opt-in Settlement Claim Form and Release of Claims

26   (**Exhibit F**) to the Claims Administrator postmarked within forty-five days of the initial mailing of

27   the Notice Materials.  Such individuals who timely return and file an executed FLSA Opt-in

28   Settlement Claim Form and Release of Claims shall be deemed to have filed a written consent to join

1    this Collective Action pursuant to 29 U.S.C. § 216(b).  All Members of the Covered California Rule

2    23 Classes who do not request exclusion from the settlement are deemed Participating Claimants in

3    the Lawsuit.

4    　　　　10.　　**Exclusion from the Settlement.**  Any member of the California Rule 23 Class who is

5    not already a Named or Opt-in Plaintiff as listed on **Exhibit A-1** of the Settlement Agreement, who

6    wishes to not participate in the settlement may request exclusion from the class by submitting a

7    signed request for exclusion to the Claims Administrator.  To be effective, such request for exclusion

8    must include the individual's name and an unequivocal statement that the individual requests to be

9    excluded from the class, and it must be post-marked within thirty (30) days following the date of the

10   initial mailing of the Rule 23 Notice Packet.

11   　　　　11.　　**Objections.**  Any Covered California Rule 23 Class Members, who are not already a

12   Named or Opt-in Plaintiff as listed on **Exhibit A-1**, who wish to present objections to the proposed

13   settlement at the Fairness Hearing must do so first in writing.  To be considered, such objections

14   must (a) clearly identify the case name and number (*Garcia et al.* v. *PPG Industries, Inc.*, Case

15   Number 3:15-cv-00319-WHO), (b) be submitted to the Court either by mailing them to the Class

16   Action Clerk, United States District Court for the Northern District of California, San Francisco, or

17   by filing them in person at any location of the United States District Court for the Northern District

18   of California, and (c) be filed or postmarked on or before (30) days after the initial mailing of the

19   Notice by the Claims Administrator.

20   　　　　An objector who timely submits a written objection may appear at the Fairness Hearing

21   either in person or through counsel hired by the objector.  An objector may withdraw his or her

22   objections at any time.  No California Rule 23 Class Member may appear at the Fairness Hearing or

23   appeal from the Final Approval Order unless he or she has filed a timely objection that complies

24   with the procedures provided herein.  Any California Rule 23 Class Member who requests exclusion

25   from the class may not submit objections to the settlement. The Parties may file with the Court

26   written responses to any filed objections no later than fourteen (14) calendar days before the Fairness

27   Hearing.

28

12.     At least 14 days before the deadline to object to or opt out of the Settlement, Class Counsel shall file their motion for attorneys' fees, costs, and class representative enhancements.

13.     **Effect of the Settlement Agreement.**  All Named and Opt-in Plaintiffs shall be bound by the terms and conditions of the Settlement Agreement (if the Settlement Agreement is finally approved by the Court).  All members of the Covered California Rule 23 Class who do not timely and properly exclude themselves from the class and FLSA class members that opt-in will be bound conclusively by all of the terms of the Settlement Agreement, if finally approved, and by any judgment entered upon final approval.  Class Counsel will file returned exclusion statements with the Court as set forth in the Settlement Agreement.

14.     **Voiding the Settlement Agreement.** Pursuant to the Settlement Agreement, if 10% or more of the members of the Covered California Rule 23 Class elect to be excluded from the Covered California Rule 23 Class, Defendant will have the right, in its sole discretion, to void this Settlement Agreement by filing with the Court a notice as set forth in the Settlement Agreement.  If Defendant files a timely notice, then this Settlement Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Settlement Agreement.

15.     **Order for Settlement Purposes.**  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

16.     **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, are stayed and suspended until further order of the Court.

17.     **Use of Settlement Agreement and Ancillary Items.**   Neither the Settlement Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any related or similar action for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

1

**So ordered.**

Date: _____, 2016
          San Francisco, California

2

3

_____

4

Hon. William H. Orrick
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| HECTOR GARCIA, ROBERT CAHIGAL, BRIAN HOLLIDAY, and TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No.  3:15-cv-00319-WHO |

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT AND FAIRNESS HEARING

TO:     [INSERT CLASS MEMBER NAME]

YOU ARE COVERED BY THE SETTLEMENT OF THE ABOVE CLASS ACTION LAWSUIT.

UNDER THE SETTLEMENT, YOU ARE ELIGIBLE TO RECEIVE A SETTLEMENT ALLOCATION CURRENTLY CALCULATED AT $_____, SUBJECT TO WITHHOLDINGS AS SET FORTH IN THIS NOTICE.

READ THIS DOCUMENT CAREFULLY.  IT SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS UNDER THE SETTLEMENT.

A proposed settlement (the "Settlement") has been reached in the above-referenced class/collective action lawsuit currently pending in the United States District Court for the Northern District of California.  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.  As explained in more detail below, you will be included in the settlement unless you affirmatively request to be excluded from the settlement by submitting a written notice to the claims administrator by [INSERT DATE 30 DAYS FROM MAILING] (as evidenced by the postmark).

---

| 1. | Why did I get this notice? |
|---|---|

The United States District Court for the Northern District of California ("Court") presides over this Lawsuit, which was filed with the Court in January 2015 by Named Plaintiffs Hector Garcia, Robert Cahigal, Brian Holliday, and Tina Diemer against Defendant PPG Industries, Inc. ("PPG" or "Defendant").

The Lawsuit makes several claims. *First*, on behalf of all non-exempt PPG employees in California, the Named Plaintiffs allege that PPG failed to include the following mandatory information on its wage statements: the inclusive dates of the period for which the employee was being paid; the total hours worked in that period; the legal name and address of the employer; and the hourly rate(s) in effect during the pay period along with the number of hours worked at each rate. In addition, Named Plaintiffs allege that PPG required its employees to receive their pay via direct deposit, which they contend is impermissible under the California Labor Code (CLC).

*Second*, on behalf of all PPG employees who held the Territory Manager (TM) position in PPG's Home Depot or Lowe's business lines, whether in California or nationwide, Plaintiffs allege that PPG incorrectly calculated the applicable overtime rate by failing to include non-discretionary bonuses in TMs' "regular rate of pay." As a result, under the CLC and the federal Fair Labor Standards Act (FLSA), Plaintiffs allege that PPG failed to pay all overtime that was owed to TMs. In California, this includes derivative "waiting time" penalties for employees who were discharged.

And *third*, on behalf of all PPG employees who held the TM position in PPG's Home Depot business line in California, Plaintiffs allege that PPG failed to reimburse any portion of the home internet costs of TMs, who were required to have and to use home internet to perform their daily work for PPG.

Additional details about these legal claims are set forth below. Based on these claims, the Named Plaintiffs seek compensation on behalf of themselves, TMs who were affected by the alleged failure to include non-discretionary bonuses in the regular rate of pay, and the California Rule 23 Class Members affected by the foregoing alleged violations. The compensation Plaintiffs seek includes alleged unpaid wages, penalties and reimbursement of business expenses, as well as other relief under the FLSA and California state law, including liquidated damages, interest, penalties, litigation costs and expenses, and attorney's fees. Under the proposed settlement, individuals who have already affirmatively joined the lawsuit will not receive this Notice, even if they are technically also California Rule 23 class members. TMs outside of California who are eligible to participate in the settlement will receive a different Notice.

The Lawsuit has been settled. Based on PPG's records, you are a covered member of the California Rule 23 Class and are therefore eligible to participate in the settlement of the Lawsuit. You will automatically be included in the settlement unless you take affirmative steps to exclude yourself. **This Notice informs you of the steps you must take if you wish to exclude yourself from the settlement or object to the settlement.**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.gbdhlegal.com, by contacting class counsel at 1-800-822-5000, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

| 2. | What is the lawsuit about? |
|---|---|

In this Lawsuit, Plaintiffs claim that Defendant failed to pay them for all supplemental overtime related to incentive compensation associated with work performed in 2012 through 2015 in violation of the FLSA and the California Labor Code. Specifically, they claim that Defendant did not correctly include bonus payments as part of each employee's regular rate of pay when calculating each employee's overtime rate. The Named Plaintiffs also assert various claims under the California Labor Code on behalf of Opt-in Plaintiffs who worked in California, and California Rule 23 Class Members, including claims that Defendant: (a) failed to provide accurate wage statements, (b) is liable for waiting time penalties for California Rule 23 Class Members that were employed in the State of California as a Territory Manager but terminated employment prior to January 22, 2015 and did not receive all supplemental overtime related to incentive compensation associated with work performed in 2012 through 2015, (c) improperly required mandatory direct deposit, (d) should have reimbursed Territory Managers who worked in the Home Deport business for home internet expenses necessary to perform their job duties and responsibilities; and (e) is liable for penalties under the California Labor Code Private Attorney General Act (PAGA).

PPG denies Plaintiffs' legal claims and contends that it complied with the FLSA and the CLC.

The Court has not decided who would win the Lawsuit.  By reaching a settlement, Plaintiffs and PPG reached an amicable resolution of their dispute, and all parties avoided the costs and risks associated with further litigation.

| 3. | What does the settlement provide? |
|---|---|

Defendant agreed to pay $500,000 ("Maximum Gross Settlement Amount") to settle the Lawsuit. That amount will be used to pay: (a) the claims of Class Members; (b) Class Counsel's fees and litigation costs not to exceed $171,665.97; (c) enhancement payments to the Named Plaintiffs not to exceed $8,000; (d) payment to the State of California for civil penalties in the amount of $2,250; and (e) the costs of administering the Settlement and claims process in an amount not to exceed $28,500.

Class Counsel will ask the Court to award attorneys' fees in an amount up to $166,665.97, plus a

reasonable amount (not to exceed $5,000) for litigation costs actually incurred in prosecuting the action on behalf of the Class. In addition, Class Counsel will ask the Court to authorize enhancement payments to the four named plaintiffs in the amount of $2,000 each ($8,000 in total) in recognition of their efforts to obtain this settlement on behalf of the Class Members. The actual amounts awarded as attorneys' fees, litigation costs, and enhancement payments will be determined and approved by the Court.

After deducting from the Maximum Gross Settlement Amount the attorneys' fees, litigation costs, enhancement awards, a Reserve Fund for erroneously excluded class members, and the costs of administering the Settlement, the remaining amount ("Settlement Payment Allocation") will be used to make settlement payments to each qualifying Class Member.

Your preliminary Individual Settlement Allocation is set forth on the first page of this notice. The allocation will be subject to withholding in accordance with the terms of the Settlement Agreement. You should consult with your tax professional concerning the proper tax payment for this payment.

Settlement allocations are based on a uniform formula. With respect to supplemental overtime, the formula takes into account (a) the number of overtime hours that each TM was recorded as having worked during the relevant period; (b) the dollar amount of a supplemental overtime payment that PPG made each TM in January 2015 and February/March 2015; and (c) each TM's start and end dates at PPG.

For Home Depot TMs in California, their settlement allocation includes a payment of approximately $10/month for unreimbursed business expenses such as home internet expenses attributable to the PPG-related business that each TM conducted using home internet. The remaining settlement funds are attributable to California law claims for penalties from allegedly improper wage statements, waiting time penalties (*i.e.*, penalties for employees who were terminated without receiving all wages allegedly due), and for mandatory direct deposit. These funds were distributed pro rata among the California class members based on the number and type of statutory wage violations they experienced. Every California class member and FLSA class member with a claim is allocated a minimum of $10.

This methodology allocates the settlement funds as fairly as possible to reflect the value of each claim. The methodology has been presented to the Court as part of the Settlement approval process. If you have questions about the calculation, you may contact Class Counsel at the phone number listed in Section 7.

| **4.** | **Why is there a settlement?** |
|---|---|

The settlement is a compromise. The settlement allows the parties to avoid the costs and risks of further litigation and appeals, and it provides money to Class Members without significant delay. In reaching a settlement, Defendant denies that it violated any laws and states that it entered into the settlement agreement in order to amicably resolve this dispute on mutually-agreeable terms.

| 5. | What are my rights? |
|---|---|

A. **Participate in the Settlement and Receive a Payment.** You will receive money from the Settlement (if the Settlement is approved by the Court) unless you request to be excluded. You do not have to take any affirmative step to choose this option.

**If you do nothing, you will receive your Settlement Payment** after the Court enters Final Approval of the Settlement, and any appeals have been resolved.

Defendant will not retaliate or take any adverse action against a Class Member for receiving a payment under the Settlement.

Upon approval of the settlement by the Court and that approval becoming final, you will receive the Settlement Payment and will be deemed to have released any and all claims that were asserted in the complaint or that could have been asserted in the action based upon the facts alleged in the complaint (including but not limited to claims arising under the California Labor Code), including but not limited to all claims, demands, and causes of action for unpaid regular and/or overtime wages, penalties, liquidated damages, costs, attorney's fees, and any other relief (as defined in the Settlement Agreement) under California law, arising at any time up until September 15, 2015. With respect to your FLSA claims only, you will release those claims only if you sign your check, as the back of the check will indicate.

B. **Exclude Yourself from the Settlement.** If you do not wish to be a part of the Settlement, you must exclude yourself from the Settlement by sending a letter to the Claims Administrator stating that you wish to be excluded from the settlement in *Garcia et al. v. PPG Industries, Inc.* The letter must include your full name, your address and telephone number, must indicate that you do not wish to participate in the settlement, and must be personally signed by you.

**If you exclude yourself, you will not receive a Settlement Payment** and you will not be bound by the settlement.

***To be valid, the exclusion request must be postmarked no later than [30 days - INSERT DATE].***

Class Counsel will ensure that all valid and timely exclusion letters are filed with the Court. You cannot exclude yourself by phone or by e-mail.

***Importantly, if you ask to be excluded from the settlement, you will not receive any settlement payment, and you cannot object to the settlement.*** If you exclude yourself, you will not be legally bound by the settlement or the release of legal claims against Defendant.

C. **Participate in the Settlement but Object to its Terms.** If you choose to participate in the settlement, you may object to its terms if you did not previously file a consent to join this Lawsuit. The Court will consider your objections in deciding whether to approve the settlement. If you choose to exclude yourself from the settlement altogether (option B,

above), you cannot object to its terms.

If you choose to file an objection, you can ask the Court to deny approval of the settlement, but you cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you choose to object to the proposed settlement, you must do so in writing. If, and only if, you file an objection in writing, then you may also appear before the Court at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Garcia et al. v. PPG Industries, Inc.*, Case Number 3:15-cv-00319-WHO), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before thirty (30) days after the initial mailing of the Notice by the Claims Administrator.

If you do not make a timely objection, you will be deemed to have waived any and all objections to the settlement and will be foreclosed from making any objections (whether by appeal or otherwise) to the settlement.

## 6.    What do I give up by receiving a settlement payment?

As explained in Section 5, you have the option to request exclusion from this lawsuit.  If you do not request exclusion from this lawsuit by following the procedure described in Section 5, you will receive the Settlement Payment described above, but you will also be bound by the Settlement and the Release as set forth in the Settlement Agreement and Final Approval Orders.

If you currently have a pending legal claim or lawsuit against PPG Industries, Inc., or if you anticipate filing a future legal claim or lawsuit based on wage-related events that already have taken place, you should promptly consult with your attorney about this settlement and the impact of this release on your current or anticipated legal claims or lawsuits.

## 7.    Do I have a lawyer in this case?

The Court has designated the following lawyers to serve as "Class Counsel" and to represent the interests of Plaintiffs and the Class Members:

Laura L. Ho                                          Oakland, CA 94612
Byron Goldstein                                   Phone: 510-763-9800
William C. Jhaveri-Weeks                     Website: www.gbdhlegal.com
**Goldstein, Borgen, Dardarian & Ho**
300 Lakeside Drive, Suite 1000             Bruce Fox

Andrew Horowitz                                500 Grant Street, Suite 5240
**Obermayer Rebmann Maxwell and**              Pittsburgh, PA 15219
**Hippel LLP**                                 Phone: 412-566-1500
BNY Mellon Center                              Website: www.obermayer.com

However, nothing prohibits you from speaking with other lawyers about the Lawsuit or this Notice.

The above lawyers represent your legal interests and will answer your questions in strict confidence.  If you call, please identify yourself as a "Class Member" in the "Garcia v. PPG Industries, Inc." lawsuit and ask to speak with one of the above attorneys.

---

| **8.** | **How do the Plaintiff's attorneys get paid?** |
|---|---|

The lawyers identified in Section 7 above have worked on the lawsuit without receiving any payments for their time or out-of-pocket expenses.  Under the settlement, these lawyers will ask the Court for attorneys' fees of $166,665.97 plus out-of-pocket costs totaling no more than $5,000.  The actual amount awarded will be determined by the Court.

You will not pay any additional lawyer's fees or expenses out of your individual share of the settlement proceeds.

---

| **9.** | **When and where will the Court decide whether to approve the settlement?** |
|---|---|

The Court will hold a hearing to decide whether to approve the settlement.  You are not required or expected to attend that hearing.  However, you are welcome to attend.

At the hearing, the Court will consider whether the settlement (including the requested attorneys' fees) is fair and reasonable.  The Court will consider all written objections to the settlement and will hear from any Class Members who have filed written objections to the settlement.

The Court will hold the hearing on [***insert date and time***] at the United States District Court for the Northern District of California located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 2 on the 17th floor.  This date, however, shall be subject to adjournment by the Court without further notice other than that which may be posted by the Court.  If you plan to attend, please confirm the date with Class Counsel listed in Section 7 above.

---

| **10.** | **How do I obtain more information?** |
|---|---|

This Notice summarizes the most important aspects of the settlement.  You can obtain a copy of the entire settlement agreement as well as the underlying Court pleadings by calling the attorneys listed in Section 7 above or the Claim Administrator identified below:

*Garcia et al. v. PPG Industries, Inc.* Claims Administrator
P.O. Box 43034, Providence, RI 02940
1-866-497-4094

| **11.** | **What if my name or address changes?** |
| --- | --- |

It is your responsibility to inform the Claims Administrator of your correct address.  Please mail any change of address information to *Garcia et al. v. PPG Industries, Inc.* Claims Administrator, P.O. Box 43034 Providence, RI 02940, or call 1-866-497-4094.

OTHER THAN TO FILE AN OBJECTION,
PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HECTOR GARCIA, ROBERT CAHIGAL, BRIAN HOLLIDAY, and TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PPG INDUSTRIES, INC.,<br><br>        Defendant. | Case No.  3:15-cv-00319-WHO |

## NOTICE OF PROPOSED SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

TO:    [INSERT CLASS MEMBER NAME]

YOU ARE COVERED BY THE SETTLEMENT OF THE ABOVE CLASS ACTION LAWSUIT.

UNDER THE SETTLEMENT, *IF YOU RETURN THE ENCLOSED FORM*, YOU ARE ELIGIBLE TO RECEIVE A SETTLEMENT ALLOCATION CURRENTLY CALCULATED AT *$_____*, SUBJECT TO WITHHOLDINGS AS SET FORTH IN THIS NOTICE.

READ THIS DOCUMENT CAREFULLY.  IT SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS UNDER THE SETTLEMENT.

A proposed settlement (the "Settlement") has been reached in the above-referenced class/collective action lawsuit currently pending in the United States District Court for the Northern District of California.  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.  As explained in more detail below, **you must affirmatively consent to join the lawsuit by [INSERT DATE 45 DAYS FROM MAILING]** (as evidenced by the postmark) **or you will <u>not be</u> included in the settlement**.

1

| 1. | Why did I get this notice? |
|---|---|

The United States District Court for the Northern District of California ("Court") presides over this Lawsuit, which was filed with the Court in January 2015 by Named Plaintiffs Hector Garcia, Robert Cahigal, Brian Holliday, and Tina Diemer against Defendant PPG Industries, Inc. ("PPG" or "Defendant").

The Lawsuit makes several claims.  The first claim is relevant to you:  On behalf of all PPG employees who held the Territory Manager (TM) position in PPG's Home Depot or Lowe's business lines, whether in California or nationwide, Plaintiffs allege that PPG incorrectly calculated the applicable overtime rate by failing to properly include non-discretionary bonuses in TMs' "regular rate of pay."  As a result, under the California Labor Code ("CLC") and the federal Fair Labor Standards Act (FLSA), Plaintiffs allege that PPG failed to pay all overtime that was owed to TMs.  In California, this includes derivative "waiting time" penalties for employees who were discharged.

The Lawsuit also includes certain California-law claims that do not apply to you:  On behalf of all non-exempt PPG employees in California, the Named Plaintiffs allege that PPG failed to include the following mandatory information on its wage statements:  the inclusive dates of the period for which the employee was being paid; the total hours worked in that period; the legal name and address of the employer; and the hourly rate(s) in effect during the pay period along with the number of hours worked at each rate.  In addition, Named Plaintiffs allege that PPG required its employees to receive their pay via direct deposit, which they contend is impermissible under the California Labor Code (CLC).  And lastly, on behalf of all PPG employees who held the TM position in PPG's Home Depot business line *in California*, Plaintiffs allege under California law that PPG failed to reimburse any portion of the home internet costs of TMs, who were required to have and to use home internet to perform their daily work for PPG.

Additional details about these legal claims are set forth below. Based on these claims, the Named Plaintiffs seek compensation on behalf of themselves, TMs (including you) who were affected by the alleged failure to include non-discretionary bonuses in the regular rate of pay, and the California Rule 23 Class Members affected by the foregoing alleged violations. The compensation Plaintiffs seek includes alleged unpaid wages, penalties and reimbursement of business expenses, as well as other relief under the FLSA and California state law, including liquidated damages, interest, penalties, litigation costs and expenses, and attorney's fees.  Under the proposed settlement, individuals who have already affirmatively joined the lawsuit will not receive this Notice.  TMs in California and other members of the California Rule 23 Class will receive a different Notice.

The Lawsuit has been settled.  Based on PPG's records, you are a TM who was affected by the overtime rate calculation at issue, and therefore you are a member of the "FLSA Class" and are therefore eligible to participate in the settlement of the Lawsuit.  **This Notice informs you of the steps you must take to claim your Individual Settlement Allocation.  As noted above, YOU MUST RETURN THE ENCLOSED OPT-IN FORM BY [DATE] IN ORDER TO RECEIVE ANY SETTLEMENT PAYMENT.**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.gbdhlegal.com, by contacting class counsel at 1-800-822-5000, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

| **2.   What is the lawsuit about?** |
| --- |

In this Lawsuit, Plaintiffs claim that Defendant failed to pay them for all supplemental overtime related to incentive compensation associated with work performed in 2012 through 2015 in violation of the FLSA and the California Labor Code. Specifically, they claim that Defendant did not correctly include bonus payments as part of each employee's regular rate of pay when calculating each employee's overtime rate. The Named Plaintiffs also assert various claims under the California Labor Code on behalf of the Opt-in Plaintiffs who worked in California and California Rule 23 Class Members, including claims that Defendant: (a) failed to provide accurate wage statements, (b) is liable for waiting time penalties for California Rule 23 Class Members that were employed in the State of California as a Territory Manager but terminated employment prior to January 22, 2015 and did not receive all supplemental overtime related to incentive compensation associated with work performed in 2012 through 2015, (c) improperly required mandatory direct deposit, (d) should have reimbursed Territory Managers who worked in the Home Deport business for home internet expenses necessary to perform their job duties and responsibilities; and (e) is liable for penalties under the California Labor Code Private Attorney General Act (PAGA).

PPG denies Plaintiffs' legal claims and contends that it complied with the FLSA and the CLC.

The Court has not decided who would win the Lawsuit.  By reaching a settlement, Plaintiffs and PPG reached an amicable resolution of their dispute, and all parties avoided the costs and risks associated with further litigation.

| **3.   What does the settlement provide?** |
| --- |

Defendant agreed to pay $500,000 ("Maximum Gross Settlement Amount") to settle the Lawsuit. That amount will be used to pay: (a) the claims of Class Members; (b) Class Counsel's fees and litigation costs not to exceed $171,665.97; (c) enhancement payments to the Named Plaintiffs not to exceed $8,000; (d) payment to the State of California for civil penalties in the amount of $2,250; and (e) the costs of administering the Settlement and claims process in an amount not to exceed $28,500.

Class Counsel will ask the Court to award attorneys' fees in an amount up to $166,665.97, plus a reasonable amount (not to exceed $5,000) for litigation costs actually incurred in prosecuting the action on behalf of the Class.  In addition, Class Counsel will ask the Court to authorize enhancement payments to the four named plaintiffs in the amount of $2,000 each ($8,000 in total) in recognition of their efforts to obtain this settlement on behalf of the Class Members. The actual amounts awarded as attorneys' fees, litigation costs, and enhancement payments will be determined and approved by the Court.

After deducting from the Maximum Gross Settlement Amount the attorneys' fees, litigation costs, enhancement awards, a Reserve Fund for erroneously excluded class members, and the costs of administering the Settlement, the remaining amount ("Settlement Payment Allocation") will be used to make settlement payments to each qualifying Class Member.

*If you timely submit a valid Claim Form*, your anticipated individual share of the Settlement Payment Allocation is set forth on Page 1 of this Notice.  The final payment amount will depend upon the amounts of attorneys' fees, litigation expenses, enhancement payments, and costs of claims administration that are awarded by the Court, as well as upon the total amount claimed by Class Members.

One-half of your settlement payment will be characterized as wage income, and subject to payroll and income taxes and withholdings.  These withholdings will be made from your settlement check and, at the end of the tax year, you will receive an IRS Form W-2 reporting the payment and withholdings.  The remaining half of your settlement payment is characterized as non-wage income.  You should consult with your tax professional concerning the proper tax payment for this payment.

Settlement allocations are based on a uniform formula.  For federal overtime claims, the formula takes into account (a) the number of overtime hours that each TM was recorded as having worked during the relevant period; (b) the dollar amount of a supplemental overtime payment that PPG made each TM in January 2015 and February/March 2015; and (c) each TM's start and end dates at PPG.

For the members of the California class, overtime was calculated the same way, except that interest was included in accordance with California law.  California class members have additional rights under California law, so the remaining settlement funds are distributed among the California class members based on the number and type of statutory wage violations they experienced.  Every California class member and FLSA class member with a claim is allocated a minimum of $10.

This methodology allocates the settlement funds as fairly as possible to reflect the value of each claim.  The methodology has been presented to the Court as part of the Settlement approval process.  If you have questions about the calculation, you may contact Class Counsel at the phone number listed in Section 7.

*If you do not timely submit a valid Claim Form, you will not receive your Settlement Payment Allocation* or release your claims.

| **4.** | **Why is there a settlement?** |

The settlement is a compromise.  The settlement allows the parties to avoid the costs and risks of further litigation and appeals, and it provides money to Class Members without significant delay. In reaching a settlement, Defendant denies that it violated any laws and states that it entered into the settlement agreement in order to amicably resolve this dispute on mutually-agreeable terms.

| **5.** | **What are my rights?  You have two options:  (a) return the Claim Form and receive a settlement payment, or (b) do nothing and receive nothing.** |

A. ***Return the enclosed Claim Form and receive your Settlement Allocation***.  If the settlement is approved by the Court, you will receive your Individual Settlement Allocation ***only*** if you make a claim, by ***submitting a valid Claim Form***. You can make a Claim to receive a Settlement Payment by ***filling out the enclosed Claim Form***. You must review the information on the Claim Form, and then sign and date the Claim Form and submit it to the Claims Administrator in the enclosed envelope.

**Your completed Claim Form must be postmarked by no later than _____[45 days].**

If you submit a timely, proper, and valid Claim Form, you will receive your Settlement Payment after the Court enters Final Approval of the Settlement, and any appeals have been resolved.

Defendants will not retaliate or take any adverse action against a Class Member for making a claim under the Settlement.

If you timely submit a Claim Form, and if the Settlement is approved by the Court and becomes final, you will receive the Settlement Payment and will be deemed to have released any and all claims that were asserted in the complaint or that could have been asserted in the action based upon the facts alleged in the complaint (as defined in the Settlement Agreement) arising at any time up to September 15, 2015.  For Named Plaintiffs and all Opt-in Plaintiffs, released claims shall also include any and all claims for retaliation related to their participation in the Civil Action.

B. Do Nothing.  If you do nothing, you will ***not*** receive payment of the Individual Settlement Allocation listed above.  You will retain your rights with respect to any claims against Defendant and will not release any claims against Defendant pursuant to the Settlement of this Lawsuit.

| **6.** | **What do I give up by submitting a Claim Form and receiving a settlement payment?** |

As explained in Section 5, if you timely submit a Claim Form, you will receive the Settlement

Payment described above, but you will also be bound by the Settlement and the Release as set forth in the Settlement Agreement and Final Approval Orders.

If you currently have a pending legal claim or lawsuit against PPG Industries, Inc., or if you anticipate filing a future legal claim or lawsuit based on wage-related events that already have taken place, you should promptly consult with your attorney about this settlement and the impact of this release on your current or anticipated legal claims or lawsuits.

---

**7.    Do I have a lawyer in this case?**

---

The Court has designated the following lawyers to serve as "Class Counsel" and to represent the interests of Plaintiffs and the Class Members:

| | |
|---|---|
| Laura L. Ho | Bruce Fox |
| Byron Goldstein | Andrew Horowitz |
| William C. Jhaveri-Weeks | **Obermayer Rebmann Maxwell and** |
| **Goldstein, Borgen, Dardarian & Ho** | **Hippel LLP** |
| 300 Lakeside Drive, Suite 1000 | BNY Mellon Center |
| Oakland, CA 94612 | 500 Grant Street, Suite 5240 |
| Phone: 510-763-9800 | Pittsburgh, PA 15219 |
| Website: www.gbdhlegal.com | Phone: 412-566-1500 |
| | Website: www.obermayer.com |

However, nothing prohibits you from speaking with other lawyers about the Lawsuit or this Notice.

The above lawyers represent your legal interests and will answer your questions in strict confidence.  If you call, please identify yourself as a "Class Member" in the "Garcia v. PPG Industries, Inc." lawsuit and ask to speak with one of the above attorneys.

---

**8.    How do the Plaintiff's attorneys get paid?**

---

The lawyers identified in Section 7 above have worked on the lawsuit without receiving any payments for their time or out-of-pocket expenses.  Under the settlement, these lawyers will ask the Court for attorneys' fees of $166,665.97 plus out-of-pocket expenses totaling no more than $5,000.  The actual amount awarded will be determined by the Court.

You will not pay any additional lawyer's fees or expenses out of your individual share of the settlement proceeds.

---

**10.    When and where will the Court decide whether to approve the settlement?**

---

The Court will hold a hearing to decide whether to approve the settlement.  You are not required or expected to attend that hearing.  However, you are welcome to attend.

At the hearing, the Court will consider whether the settlement (including the requested attorneys' fees) is fair and reasonable.  The Court will consider any written objections to the settlement from California Rule 23 Class Members, and will hear from any California Rule 23 Class Members who have filed written objections to the settlement.

The Court will hold the hearing on [***insert date and time***] at the United States District Court for the Northern District of California located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 2 on the 17th floor.  This date, however, shall be subject to adjournment by the Court without further notice other than that which may be posted by the Court.  If you plan to attend, please confirm the date with Class Counsel listed in Section 7 above.

| **11.    How do I obtain more information?** |
| --- |

This Notice summarizes the most important aspects of the settlement.  You can obtain a copy of the entire settlement agreement as well as the underlying Court pleadings by calling the attorneys listed in Section 7 above or the Claim Administrator identified below:

*Garcia et al. v. PPG Industries, Inc.* Claims Administrator
P.O. Box 43034, Providence, RI 02940
1-866-497-4094

| **12.    What if my name or address changes?** |
| --- |

It is your responsibility to inform the Claims Administrator of your correct address.  Please mail any change of address information to *Garcia et al. v. PPG Industries, Inc.* Claims Administrator, P.O. Box 43034 Providence, RI 02940, or call 1-866-497-4094.

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE

# EXHIBIT F

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| HECTOR GARCIA, ROBERT CAHIGAL, BRIAN HOLLIDAY, and TINA DIEMER, on behalf of themselves and all others similarly situated, | Case No.  3:15-cv-00319-WHO |
| Plaintiffs, | |
| v. | |
| PPG INDUSTRIES, INC., | |
| Defendant. | |

**FLSA SETTLEMENT <u>CLAIM FORM</u> AND RELEASE OF CLAIMS**

[To be pre-inserted by the Claims Administrator:]
Name:
Claim Number:
Address:
City, State, Zip Code:

<u>*YOU MUST RETURN THIS FORM BY [date] TO RECEIVE A SETTLEMENT PAYMENT*</u>

**Instructions:  Please complete this Settlement Claim Form and Release of Claims if you would like to claim your Individual Settlement Allocation (*i.e.*, Settlement Payment) of [$XXXXX], as explained in the Notice of Settlement of Collective Action Lawsuit ("Class Notice") that accompanies this form.  The deadline for mailing this form to the Claims Administrator is [INSERT DATE no later than forty-five (45) days from the date of mailing)] (as evidenced by the postmark).**

**To ensure that your claim form is received, you should consider sending it by certified mail, or you can call the Claims Administrator at [phone number] to confirm receipt.**

**Verification:**

Please verify your identity by providing the last four digits of your Social Security Number.  By signing at the bottom of this form, you will verify that the address provided above is correct.  If the address above is incorrect, please provide the correct address in the space below. The address you list is the address where the check will be mailed.  Please also provide your telephone number.

*Address Correction Only*:
_____          _____

Street Address or P.O. Box          Last Four Digits of Social Security Number

_____
City, State, Zip Code

_____
Telephone Number

By signing below, I swear that: (a) I am the person named above; and (b) have been employed by PPG Industries, Inc. at some time from January 2012 through September 15, 2015.

**Release of Claims:**

I, on behalf of myself and all of my heirs, executors, administrators, personal representatives, successors and assigns, hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against PPG Industries, Inc. and the other Released Parties,[1] all of the following claims arising at any time through and until September 15, 2015: (a) all FLSA and California Labor Code claims pled in the Complaint; (b) all federal, state and local law claims, whether known or unknown, that were or could have been asserted in this matter based on the facts alleged in the operative Complaint; and (c) all claims for penalties, liquidated damages, interest, attorneys' fees, or litigation expenses based on the claims listed in (a)-(b) above.  For Named Plaintiffs and all Opt-in Plaintiffs, released claims shall also include any and all claims for retaliation related to their participation in the Civil Action.

**<u>Consent to Join:</u>**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), I further understand that by signing below, I am consenting to join this Civil Action, *Garcia, et al. v. PPG Industries, Inc.*, Case No. 3:15-cv-00319-WHO (U.S. Dist. Ct., N.D. California), for settlement purposes and to participate in the claims administration process.  I hereby designate the law firms of Goldstein, Borgen, Dardarian & Ho and Obermayer Rebmann Maxwell and Hippel LLP to represent me.  I consent and agree to be bound by the judgment as approved by my attorneys and approved by the Court as fair, adequate and reasonable.

<b>I declare under penalty of perjury that the above information is correct.</b>

Date:_____

Signature:_____

---

[1] "Released Parties," as defined in the Settlement Agreement, means:  (a) PPG Industries, Inc. and PPG Architectural Finishes, Inc.; (b) Akzo Nobel N.V. and Akzo Nobel Paints LLC; and (c) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all persons acting by, through, under or in concert with, any of the entities named in sections (a) and/or (b) of this paragraph, including any person or entity that was or could have been named as a defendant in the Civil Action.

2

Print Name: _____

This Claim Form and Release of Claims must be properly completed, signed, and mailed to the Claims Administrator at the following address via First Class United States mail, and postmarked by *[45 days from the date of mailing]* **to the following address**:

*Garcia v. PPG Industries, Inc.* Claims Administrator
P.O. Box 43034
Providence, RI 02940

The Claims Administrator can be reached at 1-866-497-4094.

3

# EXHIBIT G

1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

3

4

5

6

7

8

9

| | |
|---|---|
| HECTOR GARCIA, ROBERT CAHIGAL, BRIAN HOLLIDAY, and TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No.  3:15-cv-00319-WHO<br><br>**[PROPOSED] ORDER APPROVING SETTLEMENT OF CLAIMS OF FLSA CLASS MEMBERS AND CALIFORNIA RULE 23 CLASS MEMBERS** |

10

11

12

13

14

15

16

17

Before the Court is the Plaintiffs' Motion for an Order (1) granting final approval to the settlement of FLSA claims as set forth in the Settlement Agreement ("Agreement") between the parties in the above-captioned matter; (2) granting final approval to the California Rule 23 class action settlement described in the Agreement; (3) granting approval of payment to the claims administrator; and (4) dismissing the Civil Action with prejudice in accordance with the terms of the Agreement.  Also before the Court is Plaintiffs' unopposed motion for an Order approving plaintiffs' application for attorney's fees and costs and approving plaintiffs' application for enhancement payments as provided for in the Agreement.

18

19

20

21

22

The Court preliminarily approved the Agreement, a copy of which was attached to the Motion, in this action by order entered on _____ (the "Preliminary Approval Order").

On _____, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

23

24

For good cause shown, and as more fully explained below, the Motions are GRANTED. The Court ORDERS as follows:

25

26

27

28

1.      **Final Certification of the Settlement Classes.** The FLSA Class is comprised of the Named Plaintiffs and those other individuals who filed (and did not withdraw) written consents to join this action pursuant to 29 U.S.C. § 216(b).  The members of the FLSA Class are identified in the

Agreement in **Exhibits A-1** and the Individuals that executed written consents to join this action pursuant to 29 U.S.C. § 216(b) are set forth in **Exhibit __ to the Motion For Final Approval [After the notice period, will need to create an exhibit of the individuals that actually opt-in, which we will not know until after notice]**.  The Court finds that the FLSA Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b).  The Court finally certifies that class for purposes of settlement of this action only.

The California Rule 23 Class is comprised of the foregoing:

> Individuals employed by PPG Industries, Inc. and/or any subsidiary (including PPG Architectural Finishes, Inc.) and/or any predecessor (including Akzo Nobel Paints LLC) in California during the period of January 22, 2011, through September 15, 2015, and who were classified as non-exempt, excluding, however, all Opt-in Plaintiffs and FLSA Class Members.

The Covered California Rule 23 Class Members are described in the Agreement and identified by name in **Exhibit B** of the Agreement.  The Court finds that the Covered California Rule 23 Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Accordingly, for the purposes of settlement, the Court certifies the California Rule 23 Class.

2.      **Class Representatives.** For purposes of settlement, the Court appoints as Class Representatives for the California Rule 23 Class Plaintiffs, Hector Garcia, Robert Cahigal, and Tina Diemer.

3.      **Class Counsel.** For purposes of settlement, the Court appoints as Class Counsel for the California Rule 23 Class Laura L. Ho, Byron Goldstein, William C. Jhaveri-Weeks, of the law firm of Goldstein, Borgen, Dardarian & Ho (300 Lakeside Drive, Suite 1000, Oakland, CA 94612) and Bruce Fox and Andrew Horowitz of the law firm of Obermayer Rebmann Maxwell and Hippel LLP (BNY Mellon Center 500 Grant Street Suite 5240 Pittsburgh, PA 15219).

4.      **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Plaintiffs, the FLSA Class and the California Rule 23

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Firmwide:138966129.1 034801.2090
613388.1

2

1  Class, reached by the Parties after exchange of sufficient information to assess the merits and value
2  of the claims and intensive arms-length negotiations with the assistance of an experienced mediator.

3      The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the FLSA
4  Class and California Rule 23 Class. It achieves a definite and certain result for the benefit of the
5  FLSA Class and California Rule 23 Class that is preferable to continuing litigation in which the
6  FLSA Class and California Rule 23 Class would necessarily confront substantial risk, uncertainty,
7  delay, and cost.   The Court also finds that the settlement terms negotiated by the parties and
8  described in their Agreement are a fair and reasonable resolution of a *bona fide* dispute between the
9  Plaintiffs, FLSA Class Members and California Rule 23 Class Members, and the Defendant.

10      This Order constitutes final approval of the Agreement. The Agreement is binding on the
11  parties to it and on all members of the FLSA Class and California Rule 23 Class in accordance with
12  the terms of the Agreement, excepting only those individuals, if any, who effectively excluded
13  themselves from the California Rule 23 Class in accordance with the terms of the Agreement.

14      5.   **Notice to the FLSA and California Rule 23 Classes.**  The Court determines that the
15  Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the
16  notice given of the proposed settlement was the best practical notice under the circumstances and
17  provided all members of the FLSA and Covered California Rule 23 Classes with fair and adequate
18  notice of the terms of the settlement, the Fairness Hearing, and the opportunity to join, object to
19  and/or exclude themselves from the settlement. The Court finds the Notice Materials satisfied the
20  requirements of Rule 23 of the Federal Rules of Civil Procedure.

21      6.   **Attorneys' Fees and Litigation Expenses.**  The Court approves Class Counsel's
22  requested fee award of $166,665.97.  The Court finds this fee award is justified.  The Court finds
23  that the Expenses Payment requested in plaintiffs' unopposed motion is reasonable and that Class
24  Counsel shall be awarded the requested amount for litigation expenses actually incurred in the
25  prosecution of this litigation, up to $5,000.  The Claims Administrator shall be awarded up to
26  $28,500 for its reasonable fees and expenses incurred in the administration of the settlement.

27
28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Firmwide:138966129.1 034801.2090
613388.1

3

7. **Enhancement Payments.** The Enhancement Payments to the Named Plaintiffs as set forth in the Agreement are approved for their substantial services for the benefit of the settlement classes.

8. **Administering the Settlement of Claims.** The Parties shall administer the settlement as set forth in the Agreement.

9. **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Named Plaintiffs, FLSA Class Members and Covered California Rule 23 Class Members (excepting only _____, who timely requested exclusion in accordance with the Preliminary Approval Order), are forever barred from bringing any Released Claims against any Released Party (as those terms are defined in the Agreement).

10. **Dismissal with Prejudice.** All claims in this action are DISMISSED WITH PREJUDICE and, except as provided herein, without costs against Defendant.

11. **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12. **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14. **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Firmwide:138966129.1 034801.2090
613388.1

4

1

**So ordered.**

2

Date: _____, 2016

3

San Francisco, California

4

_____

Hon. William H. Orrick

United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

# EXHIBIT 2



75 Rowland Way        415-798-5900 PHONE
Suite 250             415-892-7354 FAX
Novato, CA 94945      kccllc.com

November 23, 2015

Laura Ho, Esq.
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

Re:     *Gbdhlegal Case 2*
        Class Action Settlement Administration Services Estimate - Revised

Dear Laura,

We appreciate the opportunity to submit this revised proposal and cost estimate for class action administration services pertaining to the *Gbdhlegal Case 2*.

For the purposes of this proposal, we applied the following assumptions with respect to KCC's duties:

- Print and mail a 4-page Notice and 1-page Opt-In Form to approximately 122 FLSA class members and a 4-page Notice to approximately 809 Rule 23 class members;
- Conduct address searches for any Notices returned as undeliverable and re-mail to any new found address;
- Process Opt-outs and provide a Declaration of Notice Procedures to the parties indicating our compliance with the noticing efforts;
- Provide live telephone support to handle any class member inquiries;
- Process all Opt-ins filed; and
- Issue checks and IRS Forms W2 to the FLSA class members who have opted-in to the settlement and to those Rule 23 class members who have not opted-out of the settlement, as appropriate.

With experience administering more than 2,000 settlements, KCC provides high-quality and cost-effective class action administration services including pre-settlement consulting, settlement funds escrow, class member data management, legal notification, call center support, claims administration as well as disbursement and tax reporting services. We are a knowledgeable partner who proactively works with you throughout the settlement administration process and are well-positioned to handle your matter immediately.

Our domestic infrastructure, the largest in the industry, includes a 900-seat call center and document production capabilities that handle hundreds of millions of documents annually. Last year, our disbursement services team distributed $500 billion to payees in the form of 29 million checks and 11 million electronic transfers.

Please contact me with any questions regarding the enclosed case assumptions and cost estimate. We will hold this proposal and estimate open for ninety days from the date of this letter. Thank you for your time and consideration.

Sincerely,

Patrick J. Ivie
EVP, Class Action Services
Tel: 310.776.7385
Cell: 310.795.9742
Email: pivie@kccllc.com



## COST SUMMARY & SCOPE OF SERVICES

| Description | Estimated Cost |
|---|---|
| Class Member Data Management | $2,750 |
| Legal Notification | $5,868 |
| Telephone Support | $1,081 |
| Opt-In Administration | $1,626 |
| Disbursement & Tax Reporting | $12,100 |
| **Sub-Total Administration Costs** | **$23,425** |
| Plus Estimated Postage | $911 |
| **Total Estimated Cost** | **$24,336** |
| **Not-to-Exceed Amount** | **$28,500** |

The estimated total cost of the settlement administration as described, including approximately $911 in postage, is $24,336.

Provided there is no significant change to the scope of work, we will cap our administration costs at $28,500.

## CLASS MEMBER DATA MANAGEMENT

### Data and Forms Management
We will process class member data and pre-assign a unique sequential control number to each class member that will be used throughout the administration process. Our estimate assumes that the class member data will be delivered in one electronic file in a complete and accurate form.

We will format all relevant documents and will send all document proofs to you for approval prior to printing.

We will store all paper and electronic documentation received throughout the duration of the case. Upon the conclusion of the case, and absent any court orders or client requests pertaining to retention specifications, we will return or dispose of the physical materials within ninety (90) days. Any returned undeliverable mail will be disposed of within 2 days of receipt, absent any court orders or client requests pertaining to retention specifications.  The storage of returned undeliverable mail will be billed as incurred.

## LEGAL NOTIFICATION

### Print and Mail Notice Packet
Prior to mailing, the addresses will be updated using the National Change of Address System ("NCOA") to increase mail deliverability and accuracy. Notice packets mailed to FLSA class members will be sent in a #10 envelope and will include a 4-page Notice and a 1-page Opt-in Form. Notice packets mailed to Rule 23 class members will be sent in a #10 envelope and will include a 4-page Notice. The notice packet will be mailed to class members via First Class U.S. mail. All notice packets returned by the postal service with a forwarding address will be re-mailed to the new address and the class member list will be updated accordingly.

### Address Searches and Re-mails
We will track all returned undeliverable mail and conduct address searches using credit bureau information for all returned mail that does not have a forwarding address. We will re-mail to the class members for whom we locate updated address information.



**Opt Out Processing & Declaration of Notice Procedures**
We will process all Requests for Exclusion, and provide copies to counsel and the Court. We will prepare a Declaration of Notice Procedures to report our compliance with all class notification requirements.

## TELEPHONE SUPPORT

### Live Call Center Support
We will set up a toll-free telephone number to handle class member inquiries. Our 900-seat call center is staffed by trained specialists who will be available from 9 a.m. Eastern Time to 8 p.m. Eastern Time, although they can be available 24 hours, 7 days a week at an additional cost. Our specialists will utilize a case-specific script in order to answer frequently asked questions and assist with Notice Packet requests. When legal concerns arise, we will forward them to Counsel or designated party.

## OPT-IN ADMINISTRATION

We will process all opt-in forms received.  We have estimated a filing rate of 30%.

## DISBURSEMENT AND TAX REPORTING

### Disbursement
We will obtain a Taxpayer ID number for the settlement fund and open the settlement fund bank account. We will make distributions to the claimants, attorneys and named plaintiffs, as applicable, in accordance with the terms of the settlement agreement. Our disbursement services include:
- Print and mail checks to class members;
- Through the Positive Pay system, we will regularly monitor the account for potential fraud;
- Daily updates of the check register to respond to claimant requests for misplaced checks and daily account reconciliation;
- Issue IRS Forms W-2; and
- Processing stop payment/re-issue requests, tracking and re-mailing undeliverable checks.

We have assumed that class members were employed within 32 states.

### Tax Reporting
All required taxes will be paid from the settlement fund, and we will work with a CPA firm to file all necessary tax returns.



**Administration Services Estimate**
*Gbdhlegal Case 2*
November 23, 2015
Patrick Ivie; pivie@kccllc.com; 310.776.7385

| Key Assumptions Used in Estimate Preparation | |
|---|---|
| Size of Class: | 931 class members |
| Estimated # of FLSA Class Members (claims required): | 122 class members |
| Estimated # of Rule 23 Class Members (no claims required): | 809 class members |
| | |
| Case Duration: | 6 months |
| # of Electronic, Finalized Data Files Provided (Excel, Access, etc.): | 1 file(s) |
| | |
| # of States that Employed Class Members: | 32 |
| CAFA Notice Required? | No |
| | |
| Opt-In Processing: | Yes |
| Address Searches: | Yes |
| % of returned notices to be forwarded: | 1% |
| % of returned undeliverable notices: | 10% |
| % of successful address searches: | 90% |
| Media Campaign Required: | No |
| English Only: | Yes |
| # of Email Campaigns: | N/A |
| Reminder Mailing: | No |
| | |
| Duration of Opt-In Filing Period: | 8 weeks |
| Business Reply Mail ("BRM" or "pre-paid") postage: | No |
| % of FLSA class members that will file an opt-in: | 30% |
| % of deficient opt-ins filed by postal mail: | 5% |
| | |
| Type of Telephone Support: | Live |
| % of class that will call: | 5% |
| % of callers that will request a Notice Packet: | 5% |
| Duration of Telephone Support: | 6 months |
| | |
| Type of Website Support: | None |

| SUMMARY OF COSTS | |
|---|---|
| Estimated Opt-In Filing Rate: | 30% |
| Estimated # of Opt-Ins Filed: | 37 |
| Notice Procedures | $8,618 |
| Telephone Support | $1,081 |
| Opt-In Administration | $1,626 |
| Disbursements & Tax Reporting | $12,100 |
| Sub-Total Administration Costs | $23,425 |
| Plus Estimated Postage* | $911 |
| Total Estimated Cost** | $24,336 |
| | |
| NOT-TO-EXCEED AMOUNT**** | $28,500 |

| NOTICE PROCEDURES | RESPONSE RATE | QUANTITY | RATE PER UNIT | ESTIMATED COST | TOTAL |
|---|---|---|---|---|---|
| **Data and Forms Set-up** | | | | | |
| - Intake and Process Data, Set up Case Management System | | 20 hrs | $100.00 | $2,000 | |
| - Format Document(s) | | 5 hrs | $100.00 | $500 | |
| - NCOA Updates | | 931 units | | $250 | |
| Sub-total of Data and Forms Set-up | | | | | $2,750 |
| **Print/Mail Notice Packet - FLSA Class Members** | | | | | |
| - 4-page Notice, 1-page Opt-In Form, #10 Window Envelope | | 122 units | $2.55 | $311 | |
| - Print Production Management | | 5 hrs | $100.00 | $500 | |
| - Forwarding of Returned Mail with USPS Forwarding Addresses | 1% | 1 units | $2.55 | $3 | |
| - Data Entry for Re-mails to New Addresses | | 1 units | $0.50 | $1 | |
| - Returned Undeliverable Mail | 10% | 12 units | | | |
| - Handling of Returned Undeliverable Mail | | 1 hrs | $100.00 | $100 | |
| Sub-total of Print/Mail Notice Packet - FLSA Class Members | | | | | $914 |
| **Print/Mail Notice Packet - Rule 23 Class Members** | | | | | |
| - 4-page Notice, #10 Envelope | | 809 units | $1.70 | $1,375 | |
| - Print Production Management | | 5 hrs | $100.00 | $500 | |
| - Forwarding of Returned Mail with USPS Forwarding Addresses | 1% | 8 units | $2.55 | $20 | |
| - Data Entry for Re-mails to New Addresses | | 8 units | $0.50 | $4 | |
| - Returned Undeliverable Mail | 10% | 81 units | | | |
| - Handling of Returned Undeliverable Mail | | 1 hrs | $100.00 | $100 | |
| Sub-total of Print/Mail Notice Packet - Rule 23 Class Members | | | | | $2,000 |
| **Address Searches/Re-mails** | | | | | |
| - Number of Address Searches Performed | | 93 units | $1.50 | $140 | |
| - Number of New Addresses Found | 90% | 84 units | | | |
| - Re-mails to Found Addresses | | 84 units | $2.55 | $214 | |
| - Staff Time for Address Searches/Re-mails | | 1 hrs | $100.00 | $100 | |
| Sub-total of Address Searches/Re-mails | | | | | $454 |
| **Case Management and Declaration of Notice Procedures** | | 25 hrs | $100.00 | $2,500 | |
| Sub-total of Case Management and Declaration of Notice Procedures | | | | | $2,500 |
| **SUB-TOTAL OF NOTICE PROCEDURES** | | | | | $8,618 |

 KCC

**Administration Services Estimate**
*Gbdhlegal Case 2*
November 23, 2015
Patrick Ivie; pivie@kccllc.com; 310.776.7385

| TELEPHONE SUPPORT | RESPONSE RATE | QUANTITY | RATE PER UNIT | ESTIMATED COST | TOTAL |
|---|---|---|---|---|---|
| **Call Center Support** | | | | | |
| - Script Drafting and Management | | 5 hrs | $100.00 | $500 | |
| - Monthly Maintenance Fees | | 6 mos | $50.00 | $300 | |
| - Projected # of Calls (% of Class) | 5% | 47 calls | | | |
| - Average Call Duration (minutes) | | 3 mins | | | |
| - Live Operator Line Charges | | 141 mins | $1.25 /min | $176 | |
| - Long-Form Notice Packet Requests | 5% | 2 units | | | |
| - Fulfill Notice Packet Requests | | 2 units | $2.55 | $5 | |
| - Print Production Management | | 1 hrs | $100.00 | $100 | |
| **SUB-TOTAL OF TELEPHONE SUPPORT** | | | | | **$1,081** |

| OPT-IN ADMINISTRATION | RESPONSE RATE | QUANTITY | RATE PER UNIT | ESTIMATED COST | TOTAL |
|---|---|---|---|---|---|
| **Estimated # of Opt-Ins** | **30%** | **37 opt-ins** | | | |
| - Staff Hours Processing Claims | | 10 hrs | $100.00 | $1,000 | |
| - Open/Image Forms | | 37 opt-ins | $0.60 | $22 | |
| **Deficient Opt-Ins filed by Postal Mail** | 5% | 2 units | | | |
| - Print/Mail Deficiency Letters | | 2 units | $1.25 | $3 | |
| - Staff Hours Processing Deficiencies | | 1 hrs | $100.00 | $100 | |
| - Open/Image Forms | | 2 units | $0.60 | $1 | |
| **Status Reports** | | 5 hrs | $100.00 | $500 | |
| **SUB-TOTAL OF OPT-IN ADMINISTRATION** | | | | | **$1,626** |

| DISBURSEMENTS & TAX REPORTING | RESPONSE RATE | QUANTITY | RATE PER UNIT | ESTIMATED COST | TOTAL |
|---|---|---|---|---|---|
| **Estimated # of Rule Class Members with Approved Opt-In on File** | | 37 units | | | |
| **Estimated # of FLSA Class Members to Receive Payment** | | 809 units | | | |
| **Total Estimated Class Members to Receive Payment** | | **846 units** | | | |
| **Funds Management, Obtain Tax ID** | | 10 hrs | $100.00 | $1,000 | |
| **Distribution Calculations & Prep** | | 15 hrs | $100.00 | $1,500 | |
| **Initial Payroll Set-up Fee (includes 1 state)** | | | | $575 | |
| **Payroll Set-up Fee for Additional States (1 hour/additional state)** | | 31 hrs | $100.00 | $3,100 | |
| **Print/Mail Checks** | | 846 cks | $1.35 | $1,142 | |
| **Distribution Management** | | 10 hrs | $100.00 | $1,000 | |
| **Issue Forms W-2 (postage included)** | | 846 units | $1.35 | $1,142 | |
| **Returned Undeliverable Checks** | 1% | 9 units | | | |
| - Handling of Returned Undeliverable Mail | | 1 hrs | $100.00 | $100 | |
| **Reissue Checks** | 1% | 9 cks | $4.50 | $41 | |
| **Post-Distribution Follow-up & Reports** | | 15 hrs | $100.00 | $1,500 | |
| **Settlement Fund Tax Returns (annual)** | | 1 yrs | $1,000.00 | $1,000 | |
| **SUB-TOTAL OF DISBURSEMENTS & TAX REPORTING** | | | | | **$12,100** |
| **SUB-TOTAL ADMINISTRATION COSTS** | | | | | **$23,425** |
| **Plus Estimated Postage*** | | | | | **$911** |
| **TOTAL ESTIMATED COST**** | | | | | **$24,336** |
| **NOT-TO-EXCEED AMOUNT***** | | | | | **$28,500** |



**Administration Services Estimate**
*Gbdhlegal Case 2*
November 23, 2015
Patrick Ivie; pivie@kccllc.com; 310.776.7385

| OTHER SERVICES AND OUT-OF-POCKET EXPENSES | RESPONSE RATE | QUANTITY | RATE PER UNIT | ESTIMATED COST | TOTAL |
|---|---|---|---|---|---|
| **Other Services and Ad Hoc Reporting, as needed or requested** | | | | (standard hourly rates) | |
| **Other Charges and Out-of-Pocket Costs*** | | | | (actual) | |

   * Estimated Postage and Handling.
   ** Does not include applicable taxes.
   *** Includes, but is not limited to long distance calls, overnight shipping, photocopies, storage, PO Box rentals, broker fees, etc.
   **** Not-to-Exceed Amount is contingent upon no significant change in the scope of work and does not contain taxes.

This Class Action Administration Services Estimate and the attached Cost Summary & Scope of Services (together, the "Proposal") are valid for ninety days from 11/23/2015.  After such period, KCC reserves the right to amend the Proposal (including, without limitation, by increasing fees and costs) or to withdraw the Proposal in its sole discretion.

All services to be provided to the undersigned (the "Client") and all fees and costs set forth in the Proposal are subject to the terms, specifications, assumptions and conditions set forth in the Proposal and the attached Terms and Conditions (the "Terms of Service").

KCC Class Actions Services, LLC

BY: _____     DATE: _____

TITLE: _____



Goldstein, Borgen, Dardarian & Ho

BY: _____     DATE: _____

TITLE: _____



# TERMS AND CONDITIONS

All services to be provided by KCC Class Action Services, LLC (together with its affiliates, "KCC"), including services provided to Client as set forth in the attached Proposal, are subject to the following Terms and Conditions:

**1.   SERVICES.** KCC agrees to provide the services set forth in the Proposal attached hereto (the "Services"). Capitalized terms not otherwise defined herein have the meanings given to such terms in the Proposal.   KCC will often take direction from Client's representatives, employees, agents and/or professionals (collectively, the "Client Parties") with respect to the Services. The parties agree that KCC may rely upon, and Client agrees to be bound by, any requests, advice or information provided by the Client Parties to the same extent as if such requests, advice or information were provided by Client. Client agrees and understands that KCC shall not provide Client or any other party with any legal advice.

**2.   PRICES, CHARGES AND PAYMENT.** KCC agrees to charge and Client agrees to pay, subject to the terms herein, KCC for its fees and expenses as set forth in the Proposal. Client acknowledges that any estimate in the Proposal is based on information provided by Client to KCC and actual fees and expenses may vary depending on the circumstances and length of the case. Notwithstanding the foregoing, where total expenses are expected to exceed $10,000 in any single month, KCC may require advance payment from Client due and payable upon demand and prior to the performance of services. KCC's prices are inclusive of commission and other charges and are generally adjusted periodically to reflect changes in the business and economic environment. KCC reserves the right to reasonably increase its prices, charges and rates annually. If any price increases exceed 10%, KCC will give thirty (30) days written notice to Client. Client agrees to pay the reasonable out of pocket expenses incurred by KCC in connection with Services, including, but not limited to, transportation, lodging, meals. KCC agrees to submit its invoices to Client and Client agrees that the amount invoiced is due and payable upon receipt.

KCC agrees to submit its invoices to Client and Client agrees that the amount invoiced is due and payable upon receipt. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Client further agrees to pay a late charge (the "Finance Charge"), calculated as one and one-half percent (1-1/2%) of the total amount unpaid every thirty (30) days. In the case of a non-routine amount, Client shall give written notice to KCC within twenty (20) days of receipt of the invoice by Client. Client agrees the Finance Charge is applicable to instances where KCC agreed to provide certain pre-settlement work while deferring the billing of said work until the settlement phase.

**3.   FURTHER ASSURANCES.** Client agrees that it will use its best efforts to include provisions reasonably acceptable to KCC in any relevant court order, settlement agreement or similar document that provide for the payment of KCC's fees and expenses hereunder.  No agreement to which KCC is not a party shall reduce or limit the full and prompt payment of KCC's fees and expenses as set forth herein and in the Proposal.

**4.   RIGHTS OF OWNERSHIP.** The parties understand that the software programs and other materials furnished by KCC to Client and/or developed during the course of the performance of Services are the sole property of KCC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. Client agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished to Client. Fees and expenses paid by Client do not vest in Client any rights in such property, it being understood that such property is only being made available for Client's use during and in connection with the Services provided by KCC.

**5.   CONFIDENTIALITY.** Each of KCC and Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information. These provisions shall survive termination of Services.

**6.   BANK ACCOUNTS.** At Client's request, KCC shall be authorized to establish accounts with financial institutions as agent for Client or as otherwise agreed by the parties. All Client accounts established by KCC shall be deposit accounts of commercial banks with capital exceeding $1 billion and an S&P rating of "A" or higher. In some cases, KCC may derive financial benefits from financial institutions resulting from settlement funds and other moneys on deposit or invested with them. These benefits include, for example, discounts provided on certain banking services and service fees.

**7.   TERMINATION.** The Services may be terminated by either party (i) upon thirty (30) days' written notice to the other party or (ii) immediately upon written notice for Cause (defined herein). As used herein, the term "Cause" means (i) gross negligence or willful misconduct of KCC that causes serious and material harm to Client, (ii) the failure of Client to pay KCC invoices for more than sixty (60) days

from the date of invoice, or (iii) the accrual of invoices or unpaid services where KCC reasonably believes it will not be paid. Termination of Services shall not relieve Client of its obligations to pay all fees and expenses incurred prior to such termination.

In the event that the Services are terminated, regardless of the reason for such termination, KCC shall reasonably coordinate with Client to maintain an orderly transfer of data, programs, storage media or other materials furnished by Client to KCC or received by KCC in connection with the Services. Client agrees to pay for such services in accordance with KCC's then existing prices for such services.

**8.   LIMITATIONS OF LIABILITY AND INDEMNIFICATION.** Client shall indemnify and hold KCC, its affiliates, members, directors, officers, employees, consultants, subcontractors and agents (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, judgments, liabilities and expenses (including reasonable counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to KCC's performance of Services. Such indemnification shall exclude Losses resulting from KCC's gross negligence or willful misconduct. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third-parties against any Indemnified Party. Client shall notify KCC in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that Client becomes aware of with respect to the Services provided by KCC.

Except as provided herein, KCC's liability to Client or any person making a claim through or under Client or in connection with Services for any Losses of any kind, even if KCC has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of KCC, shall be limited to the total amount billed or billable for the portion of the particular work which gave rise to the alleged Loss. In no event shall KCC's liability for any Losses, whether direct or indirect, arising out of the Services exceed the total amount billed to Client and actually paid to KCC for the Services. In no event shall KCC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the Services. Except as expressly set forth herein, KCC makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity. The provisions of this Section 8 shall survive termination of Services.

**9.   FORCE MAJEURE.** Whenever performance hereunder is materially prevented or impacted by reason of any act of God, strike, lock-out or other industrial or transportation disturbance, fire, lack of materials, law, regulation or ordinance, war or war condition, or by reason of any other matter beyond the performing party's reasonable control, then such performance shall be excused and shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**10. INDEPENDENT CONTRACTORS.** KCC is and shall be an independent contractor of Client and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of the Services or these Terms and Conditions.

**11. NOTICES.** All notices and requests hereunder shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth in the Proposal or to such other address as the party to receive the notice or request so designates by written notice to the other.

**12. APPLICABLE LAW.** These Terms and Conditions will be governed by and construed in accordance with the laws of the State of California, without giving effect to any choice of law principles.

**13. ENTIRE AGREEMENT; MODIFICATIONS; SEVERABILITY; BINDING EFFECT.** These Terms and Conditions, together with the Proposal delivered pursuant hereto, constitutes the entire agreement and understanding of the parties in respect of the subject matter hereof and supersede all prior understandings, agreements or representations by or among the parties, written or oral, to the extent they relate in any way to the subject matter hereof. If any provision herein shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. These Terms and Conditions may be modified only by a written instrument duly executed by the parties. All of the terms, agreements, covenants, representations, warranties and conditions of these Terms and Conditions are binding upon, and inure to the benefit of and are enforceable by, the parties and their respective successors and permitted assigns.

# EXHIBIT 3

# GBDH Costs Summary for a Matter

costs matter id='746' and not on hold

Matter ID: **746**

Description: **Garcia v PPG Industries (Glidden paint)**

| Description | Cost |
|---|---|
| In-House Copying @ $.10/page | 81.80 |
| Court Fees/Filing Fees/Service Fees | 550.10 |
| Federal Express and UPS | 23.29 |
| Research - Online | 2,664.61 |
| **Total Costs for this Matter and Date** | **$  3,319.80** |

# EXHIBIT 4

**LAURA L. HO**
**GOLDSTEIN, BORGEN, DARDARIAN & HO**
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (fax)
lho@gbdhlegal.com
www.gbdhlegal.com

## LEGAL EXPERIENCE

**Goldstein, Borgen, Dardarian & Ho**, Oakland, CA, Partner, January 2005 – present; Associate, October 1998 – December 2004.  Plaintiffs' federal and state court employment class action litigation.  2009 California Lawyer of the Year Award Winner for employment law.  2006, 2010-2015 Super Lawyer.  Top Attorney In Northern California, San Francisco Magazine August 2011.  Best Lawyer's 2014 Lawyer of the Year for Oakland in Litigation-Labor and Employment.

**The Honorable John C. Coughenour,** Chief Judge of the Federal District Court of the Western District of Washington, Seattle, WA; Judicial Law Clerk, September 1997 – September 1998.

**ACLU Foundation National Immigrants' Rights Project,** San Francisco, CA; Staff Counsel, November 1996 to September 1997.  Federal court litigation on behalf of immigrants.

**Asian Law Caucus, Inc.,** San Francisco, CA; Attorney (NAPIL Equal Justice Fellow), September 1994 to October 1996; Legal Intern, June to August 1993.  Conducted wide-ranging advocacy on behalf of low-wage immigrant workers, including litigation and policy work; established workers' rights clinic for Asian immigrant workers; supervised law students.

## EDUCATION

**Yale Law School**, New Haven, CT; J.D., June 1994
**Honors:**  Connecticut Bar Fellowship, 1993-94; Raphael Lemkin Human Rights Fellowship, 1992-93; Stephen J. Massey Prize, 1992-93
**Activities:**  Lowenstein International Human Rights Project, Director, 1992-93; Pacific Islander, Asian and Native American Law Student Association, Executive Board Member and Coordinator for Minority Recruitment, 1992-93; Yale Journal of International Law, Editor, 1991-92.

**University of Washington**, Seattle, WA; B.A. in History, B.A. in International Studies, June 1991
**Honors:**  *Cum Laude*, yearly High Scholarship all four years.

## BAR ADMISSION

1994; California, U.S. District Court, Northern District of California and U.S. Court of Appeals, Ninth Circuit; 1995, U.S. District Court, Central District of California; 1997, U.S. Court of Appeals, 10th Circuit

**PROFESSIONAL AFFILIATIONS**
Asian Law Caucus, Board Member, 2005 – 2014
San Francisco Bar Association, Labor and Employment Committee, Executive Member 2006-2008
NELA and ABA member

**LITIGATION EXPERIENCE**
(partial listing)

Vasquez v. USM, Inc., C13-05449 WHA (N.D. Cal.) (preliminary approval of California class action on behalf of janitors alleging that USM and Ross Dress for Less underfunded janitorial contracts in violation of California Labor Code § 2810 granted in 2015)

Willner v. Manpower Inc., 11-cv-2846 (final approval of $8.75 million settlement for temporary employees granted in 2015)

Bennett v. SimplexGrinnell, 11-CV-01854-JST (N.D. Cal.) (final approval of $4.9 class settlement on behalf of employees who perform testing and inspection of fire and sprinkler systems for prevailing wages granted in 2015)

Welch v. Genentech, Case No. CIV 524550 (Superior Court, San Mateo County) (final approval of $2.95 million class settlement granted in December 2014)

Lange v. Ricoh, Case No. RG13682710 (Superior Court, Alameda County) (final approval granted in December 2014 of class settlement for 250 account executives for expense reimbursements)

Melliz v. Bellflower, Case No. BC551555 (Superior Court, Los Angeles County) (California Voting Rights Act case brought on behalf of Latino voters settled in January 2015)

Moreno v. Anaheim, Case No. 30-2012-00579998-CU-CR-CXCA (Superior Court, Orange County) (California Voting Rights Act case brought on behalf of Latino voters settled in January 2014)

Rios v. ABC Unified School District, BC505510 (Superior Court, Los Angeles County) (California Voting Rights Act case brought on behalf of Latino voters settled in November 2013)

Macey v. Wells Fargo, JCCP 4654 (Superior Court, San Francisco County) (final approval of $3 million class settlement granted in March 2014)

Morazan v. Aramark, No. 13-CV-00936-YGR (N.D. Cal.) (final approval of $2.75 million class settlement granted in November 2013)

Vemulapati v. Siebel Systems Inc., No. RG 13662755 (Superior Court, Alameda County final approval of class action settlement granted in September 2013)

Zamora v. Countrywide, BC 360026 (Superior Court, Los Angeles County) (class settlement for over 10,000 hourly employees for meal and rest and other claims given final approval in March 2013)

Garcia v. Oracle, RG 07321026 (Superior Court, Alameda County) (certified class action regarding misclassification and related claims for 1,700 computer and technical employees; final approval of $35 million class settlement granted in March 2012)

Galu v. Genentech, Inc., No. CIV505266 (Superior Court, San Mateo County) (lead counsel for $2.1 million settlement for approximately 100 people; final approval granted in 2012)

<u>Myart v. Autozone</u>, Case No. 05CC03219 (Superior Court, Orange County) (Class counsel in certified class action for over 30,000 hourly workers for off the clock claims; final approval granted in November 2011)

<u>Contreras v. Bank of America</u>, Case No. CGC-07-467749 (Superior Court, San Francisco County) ($16.65 million class settlement for California mortgage loan officers finally approved in 2010)

<u>Meyn v. Peet's</u>, No. RG08398070 (Superior Court, Alameda County) ($2.6 million class settlement for California Store Managers finally approved in 2010)

<u>Mousai v. E-Loan, Inc.</u>, No. 06-01993 SI (N.D. Cal.) ($13.6 million settlement in overtime class action for mortgage salespeople approved in May 2007)

<u>Lin v. Siebel Systems, Inc.</u>, No. CIV 435601 (Superior Court, San Mateo County) ($27.5 million class action settlement in overtime case for certified class of over 800 software engineers approved in 2007)

<u>Butler v. Countrywide</u>, No. BC 268250 (Superior Court, Los Angeles County) ($30 million class settlement for certified class of over 450 misclassified account executives approved in 2005)

<u>Sims v. Downey Savings and Loan Assoc.</u>, No. C 05-01293 (Superior Court, Contra Costa County) ($900,000 class action settlement in 2007 for 111 underwriters for claims of unpaid overtime and annual bonus)

<u>Chinese Progressive Association v. Anna Wong, et al.</u>, Case No. A11568 (California Court of Appeal, First Appellate District) (counsel for appellant in appeal of fee award against non-profit community organization for bringing UCL claims on behalf of garment workers who were denied any payment of wages for hours worked)

<u>Tokar v. GEICO</u>, No. GIC 810166 (Superior Court, San Diego County) (class of over 3,000 telephone center workers seeking overtime pay; final approval of $3.3 million settlement granted 2004)

<u>Bullock v. Automobile Club of Southern California</u>, No. SACV01-731GLT (C.D. Cal.) (FLSA collective action certified for over 500 opt-in Sales Agent plaintiffs; $19 million settlement approved in 2004)

<u>Cruz, et al. v. Estados Unidos Mexicanos, et al.</u>, No. C01-00892 CRB (N.D. Cal.) (counsel for settlement class of WWII era braceros for return of "savings fund" wages)

<u>D'Imperio v. Nation's Foodservice, Inc.</u>, No. C-00309 PJH (N.D. Cal.) (overtime class action for 90 restaurant managers; final approval granted in 2001 to $950,000 settlement)

<u>Davis v. The Money Store</u>, No. 99A501716 (Superior Court, Sacramento) ($6 million class settlement approved December 2000)

<u>Otero v. Rent-A-Center</u>, No. BC 217038 (Superior Court, Los Angeles) ($3 million class settlement approved in 2000)

<u>Gentry v. Superior Court (Circuit City Stores)</u>, No. S141502 (Cal. 2007) (counsel for amici curiae in overtime case involving class action waiver in arbitration agreement)

<u>Sav-on Drug Stores, Inc. v. Superior Court</u>, 34 Cal. 4th 319 (2004) (counsel for amici curiae in case involving class certification standards in California)

<u>Morillion v. Royal Packing Co.</u>, 22 Cal. 4th 575 (2000) (counsel for amici curiae in case involving definition of "hours worked" under California Labor Code)

<u>Earley v. Superior Court</u>, 79 Cal. App. 4th 1420 (2000) (counsel for amici curiae in case involving California's one-wage fee shifting statute for overtime wage claims)

<u>Cuadra v Millan</u>, 17 Cal. 4th 855 (1998) (writ proceeding successfully challenging DLSE's practice of calculating back wages from date of hearing rather than date of filing of claim)

<u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450 (C.D. Cal. 1996) (group action for wages and other damages for Thai sweatshop workers held in virtual "slave" sweatshop)

<u>Sale v. HCC</u>, 509 U.S. 155 (1993) (challenge to U.S. policy of interdicting on the high seas Haitians fleeing from Haiti and returning them to Haiti without determining whether those returned are refugees as defined under international law)

<u>HCC v. Sale</u>, 823 F. Supp. 1028 (E.D.N.Y. 1993) (successfully challenging U.S. policy of indefinite detention of Haitian refugees who tested positive for HIV)

## **CONFERENCE PRESENTATIONS AND PUBLICATIONS (partial listing)**

9th Annual ABA Section of Labor and Employment Law Conference, "Revisions to the White Collar Exemptions," Philadelphia, PA (Nov. 2015)

PLI's Cutting Edge Employment Law Issues 2015:  The California Difference, "Navigating a Potpourri of Ethical Challenges," San Francisco, CA (Sept. 2015)

National Employment Lawyers Association, Protecting Pay:  Representing Workers with Wage and Hour Claims, "Facing Arbitration—Arbitration Process & Strategies," Washington, D.C. (April 24-25, 2015)

8th Annual ABA Section of Labor and Employment Law Conference, "Litigating Hybrids Under FRCP 23 and Section 216:  How Do You Certify a Class and a Collective Action?" Los Angeles, CA (Nov. 2014)

27th Annual California Employment Lawyers Association Employment Law Conference, "Wage and Hour Litigation:  Impact of Recent Blockbuster Supreme Court Decisions," San Diego, CA (Oct. 10, 2014)

National Employment Lawyers Association, 2014 Annual Convention, "Keeping the Heat on Employers in FLSA Cases," Boston, MA (June 26, 2014)

7th Annual ABA Section of Labor and Employment Law Conference, "Negotiating an FLSA Settlement Agreement:  Legal and Practical Considerations," New Orleans, LA (Nov. 2013)

The Impact Fund Class Action Institute, Faculty Member, San Francisco, CA (Sept. 2013)

State Bar of California, Third Annual Advanced Wage and Hour Conference, "Recent Developments Update, Including the Most Recent Cases from the United States and the California Supreme Court," San Francisco, CA (July 31, 2013)

California Employment Lawyers Association, Ninth Annual Advanced Wage and Hour Seminar, "Preparing and Taking Your Class Action to Trial – Part 2," Glendale, CA (April 5, 2013)

National Employment Lawyers Association, "Preventing Wage Theft:  A Two-Day Guide to Litigating Cases Involving Wages, Hours & Work," Chicago, IL (Mar. 8-9, 2013)

## PUBLICATIONS
(partial)
Contributing Editor, <u>The Fair Labor Standards Act</u>, Cumulative Supplement, Bureau of National Affairs, Inc.

Chapter and Senior Editor, <u>Wage and Hour Laws, A State-by-State Survey</u>, Main Volume and Supplements, ABA Section of Labor and Employment Law

**Articles:**
*Collective Action Basics*, 10 Emp. Rts. and Emp. Pol'y J. 427 (2006)

*Litigation of Wage and Hour Collective Actions Under the Fair Labor Standards Act*, 7 Emp. Rts. and Emp. Pol'y J. 129 (2003) (with David Borgen)

*(Dis)assembling Rights of Women Workers on the Global Assemblyline:  Human Rights and Garment Industry*, 31 Harv. C.R.-C.L. L. Rev. 383 (1996) (with Cathy Powell and Leti Volpp).

*Worker Protection Compromised:  The Fair Standards Act Meets the Bankruptcy Code, 2* Asian Pac. Am. L.J. 38 (1994) (with Lora Jo Foo and Thomas M. Kim).

*Litigating as Law Students:  An Inside Look at Haitian Centers Council*, 103 Yale L.J. 2337 (1994) (with Victoria Clawson and Elizabeth Detweiler).