UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HECTOR GARCIA, ROBERT CAHIGAL, BRIAN HOLLIDAY, and TINA DIEMER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Case No. 3:15-cv-00319-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Before the Court is the Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. The Court ORDERS as follows:

1. **Preliminary Certification of the Settlement Classes.**

**California Rule 23 Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed California Rule 23 Class, as defined in the Settlement Agreement between the Parties (the "Settlement Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed California Rule 23 Classes:

> Individuals employed by PPG Industries, Inc. and/or any subsidiary (including PPG Architectural Finishes, Inc.) and/or any predecessor (including Akzo Nobel Paints LLC) in California during the period of January 22, 2011, through September 15, 2015, and who were classified as non-exempt, excluding, however, all Opt-in Plaintiffs and FLSA Class Members.

The Covered California Rule 23 Class Members are described in the Settlement Agreement and identified by name in **Exhibit B** of the Settlement Agreement. Not later than fourteen (14) days

after the date of this Order, Defendant will provide the Claims Administrator with an Excel chart listing the names and last known addresses of the Covered California Rule 23 Class Members.

**FLSA Class.**  Pursuant to 29 U.S.C. § 216(b), the Court preliminarily certifies, for settlement purposes only, the following proposed FLSA Class (as set forth in **Exhibit A-2** of the Settlement Agreement):

> Individuals identified by Named Plaintiffs as being entitled to supplemental overtime wages earned in connection with the payment of incentive compensation associated with work performed from 2012 through 2015, excluding, however, all California Rule 23 Class Members and Opt-in Plaintiffs.

Not later than fourteen (14) days after the date of this Order, Defendant will provide the Claims Administrator with an Excel chart listing the names and last known addresses of the FLSA Class Members.

**Opt-in Plaintiffs** are the Named Plaintiffs and those other individuals who filed (and did not withdraw) written consents to join this action pursuant to 29 U.S.C. § 216(b).  Class Counsel and Defense Counsel have agreed upon a list of all Opt-in Plaintiffs, which is attached to the Settlement Agreement as **Exhibit A-1**.

2.  **Nullification.**  This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Settlement Agreement is not finally approved by the Court or if the Settlement Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3.  **Class Representatives.**  With respect to the California Rule 23 Class, the Court grants preliminary approval to Named Plaintiffs Hector Garcia, Robert Cahigal, and Tina Diemer, to serve as the Class Representatives.

4.  **Class Counsel.**  The Court conditionally appoints as Class Counsel for the California Rule 23 Class Laura L. Ho, Byron Goldstein, William C. Jhaveri-Weeks, of the law firm of Goldstein, Borgen, Dardarian & Ho (300 Lakeside Drive, Suite 1000, Oakland, CA 94612) and Bruce Fox and Andrew Horowitz of the law firm of Obermayer Rebmann Maxwell and Hippel LLC (BNY Mellon Center 500 Grant Street Suite 5240 Pittsburgh, PA 15219).

5. **Preliminary Approval of the Settlement Agreement.** The proposed settlement set forth in the Settlement Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Final Approval Hearing, as provided in Paragraph 7 below. It is found that the Notice of the proposed Settlement should be given as provided in the Settlement Agreement and set forth in Paragraph 8 below.

6. **Claims Administrator.** KCC Class Action Services, LLC (the "Claims Administrator"), is approved as administrator of the claims process as set forth in the Settlement Agreement.

7. **Fairness Hearing.** Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on July 20, 2016 at 2:00 p.m. to consider final approval of the Settlement Agreement. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court. Plaintiffs shall file their motion for final approval no later than July 6, 2016.

8. **Notice to the Classes.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") attached as **Exhibit D** to the Settlement Agreement, the Notice of Settlement of Collective Action Lawsuit attached as **Exhibit E**, and the Opt-in Settlement Claim Form and Release of Claims, attached as **Exhibit F** (collectively, the "Notice Materials") are approved, with the alterations specified by the Court at the hearing on Plaintiffs' Motion for Preliminary Approval, as filed by Plaintiffs in redlined form following that hearing. The Court orders that the Claims Administrator mail the Notice Materials as set forth in the Settlement Agreement to the members of the FLSA Class and Covered California Rule 23 Classes who are not already a Named or Opt-in Plaintiff (as listed on **Exhibit A-1** of the Settlement Agreement), as set forth in the Settlement Agreement.

9. **Participation in the Settlement.** Any Member of the FLSA Class, who is not already a Named or Opt-in Plaintiff as listed in **Exhibit A-1**, who wishes to participate in the settlement, must execute and return an Opt-in Settlement Claim Form and Release of Claims

1   (**Exhibit F**) to the Claims Administrator postmarked within sixty days of the initial mailing of the

2   Notice Materials.  Such individuals who timely return and file an executed FLSA Opt-in Settlement

3   Claim Form and Release of Claims shall be deemed to have filed a written consent to join this

4   Collective Action pursuant to 29 U.S.C. § 216(b).  All Members of the Covered California Rule 23

5   Classes who do not request exclusion from the settlement are deemed Participating Claimants in the

6   Lawsuit.

7         10.    **Exclusion from the Settlement.**  Any member of the California Rule 23 Class who is

8   not already a Named or Opt-in Plaintiff as listed on **Exhibit A-1** of the Settlement Agreement, who

9   wishes to not participate in the settlement may request exclusion from the class by submitting a

10  signed request for exclusion to the Claims Administrator.  To be effective, such request for exclusion

11  must include the individual's name and an unequivocal statement that the individual requests to be

12  excluded from the class, and it must be post-marked within sixty (60) days following the date of the

13  initial mailing of the Rule 23 Notice Packet.

14        11.    **Objections.**  Any Covered California Rule 23 Class Members, who are not already a

15  Named or Opt-in Plaintiff as listed on **Exhibit A-1**, who wish to present objections to the proposed

16  settlement at the Fairness Hearing should do so first in writing.  To be considered, such objections

17  should (a) clearly identify the case name and number (*Garcia et al.* v. *PPG Industries, Inc.*, Case

18  Number 3:15-cv-00319-WHO), (b) be submitted to the Court either by mailing them to the Class

19  Action Clerk, United States District Court for the Northern District of California, San Francisco, or

20  by filing them in person at any location of the United States District Court for the Northern District

21  of California, and (c) be filed or postmarked on or before sixty (60) days after the initial mailing of

22  the Notice by the Claims Administrator.

23  An objector who timely submits a written objection may appear at the Fairness Hearing

24  either in person or through counsel hired by the objector.  An objector may withdraw his or her

25  objections at any time.  No California Rule 23 Class Member may appear at the Fairness Hearing or

26  appeal from the Final Approval Order unless he or she has filed a timely objection that complies

27  with the procedures provided herein.  Any California Rule 23 Class Member who requests exclusion

28  from the class may not submit objections to the settlement. The Parties may file with the Court

written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

12. At least 14 days before the deadline to object to or opt out of the Settlement, Class Counsel shall file their motion for attorneys' fees, costs, and class representative enhancements.

13. **Effect of the Settlement Agreement.** All Named and Opt-in Plaintiffs shall be bound by the terms and conditions of the Settlement Agreement (if the Settlement Agreement is finally approved by the Court). All members of the Covered California Rule 23 Class who do not timely and properly exclude themselves from the class and FLSA class members that opt-in will be bound conclusively by all of the terms of the Settlement Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Settlement Agreement.

14. **Voiding the Settlement Agreement.** Pursuant to the Settlement Agreement, if 10% or more of the members of the Covered California Rule 23 Class elect to be excluded from the Covered California Rule 23 Class, Defendant will have the right, in its sole discretion, to void this Settlement Agreement by filing with the Court a notice as set forth in the Settlement Agreement. If Defendant files a timely notice, then this Settlement Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Settlement Agreement.

15. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

16. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, are stayed and suspended until further order of the Court.

17. **Use of Settlement Agreement and Ancillary Items.** Neither the Settlement Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any related or similar action for the purposes of

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

616336.1

establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**So ordered.**
Date:  March 23, 2016
       San Francisco, California

_____
Hon. William H. Orrick
United States District Judge